JOYNFS, J.
This is an action of debt upon a single bill brought by William Churn against John H. Powell, Jackson B. Powell, George S. Powell and A. J. Ward. The bond, as written, purports to be the bond of John H. Powell as principal, and of the other parties and Robert W. Powell as securities. It was not executed by Robert W. Powell, a vacant space and seal being left for his name between those of Jackson B. Powell and George S. Powell. John H. Powell suffered judgment by default. The other defendants craved oyer of the writing in the declaration mentioned, and pleaded jointly three pleas, upon each of which the plaintiffs took issue. The first plea alleges that the said writing was made and signed by the said defendants, and by them delivered as an escrow (not stating to whom it was so delivered) “on the express condition, and none other, that Robert W. Powell, whose name is in the body of the said writing, should sign and seal it as his own act and deed, and should become bound jointly and equally with them, the said J. B. Powell, G. S. Powell and A. J. Ward as securities,” &c., for the sum, &c. ; “and if the said Robert W. Powell should refuse or fail to sign, seal and deliver the said writing as joint co-ob-iigor of the said defendants, the same was not to bind the said defendants, but was to be held null and void and of no effect.” The plea then avers that the said Robert W. Powell did not so sign, seal and deliver the said writing, whereby the same became discharged, annulled and vacated, and so is not the deed of the defendants; concluding *to the country. The second plea is like the first, substantially, except that it alleges that the said writing was delivered by the said defendants to William Churn, the obligee therein, as an escrow, on condition, &c. The third plea is a general plea of non est factum.
On the trial the defendants moved the court to give an instruction to the jury, which was refused; and the defendants excepted. The bill of exceptions certifies that the defendant Ward wrote the bond in the declaration mentioned, at the request of John H. Powell, the principal; “that at the time of writing the said bond, the said Ward executed it upon condition that all the other securities named therein should also execute it, but the plaintiff Churn was not present at the time, nor was it proved that said Churn was informed when the said paper was handed to him, or at any other time, that the said Ward had executed it upon any condition; and the said Churn proved that he never was so informed. It was also proved that the defendant G. S. Powell executed the said paper at a different time and place, and that at the time he did so, he declared that he executed it upon condition that Robert W. Powell, whose name is mentioned ill the body of the bond, should also execute it; but there was no proof that this was ever communicated to the plaintiff Churn, or that he was present when G. S. Powell executed said *794 paper; and it was proved by said Churn that he was not informed of any such condition.” Thereupon the counsel for the defendants moved the court to instruct the jury as follows: “If the jurjr believe from the evidence, that the defendants A. J. Ward and G. S. Powell executed the bond filed with the declaration in this case, upon condition that Robert W. Powell, whose name is inserted in the body of it, should also execute it as surety for John H. Powell, the principal obligor mentioned in said bond, then and in that case the jury are bound to find the issues for the defendants.” *The court said it would give the instruction with the addition, “provided thát the plaintiff was informed that these defendants had executed the bond upon that condition;” to which addition the defendants objected; and the court refused to give the instruction asked otherwise than with that addition; to which refusal to give the instruction as asked the defendants excepted. It does not appear that any instruction was given. The only question, therefore, on this bill of exceptions is, whether the court properly refused to give the instruction asked for.
The law in relation to escrows is thus stated in the Touchstone, p. 57: “The delivery of a deed as an escrow is said to be when one doth make and seal a deed and deliver it unto a stranger, until certain conditions be performed, and then to be delivered to him to whom the deed is made, to take effect as his deed. And so a man may deliver a deed, and such delivery is good. But in this case two cautions must be heeded: 1. That the form of words used in the delivery of a deed in this manner be apt and proper. 2. That the deed be delivered to one that is a stranger to it, and not-to the party himself to whom it is made.” The author then proceeds to explain what are the “apt and proper” words for such a delivery. But at the present day, no particular form of words is necessary, nor is it necessary that the condition should be declared in express words at the time of the delivery. It is only necessary that it should distinctly appear, from all the facts and circumstances attending the execution and delivery, that the instrument was not to take effect as a-deed until a certain condition should be performed. Murray v. Earl of Stair, 2 Barn. & Cres. 82 (9 Eng. C. L. R. 33); Parke, B., in Bowker v. Burdekin, 11 Mees. & Welsb. R. 127; 2 Washb. Real Prop. 585.
In reference to the second “caution,” the author adds: 11 Ror if I seal my deed and deliver it to the party himself *to whom it is made, as an escrow, upon certain conditions, &c., in thi's case, let the form of the words be what it will, the delivery is absolute, and the deed shall take effect as his deed presently, and the .party is not bound to perform the conditions; for in traditionibus chartarum, non quod dictum est, sed quod factum est inspici-tur.” The same law is laid down by Lord Coke in his first Institute, 36a, and more at large in Thorowgood’s Case, 9 Rep. 137, where the contrary decision in Hawksland v. Gatchel, Cro. Eliz. 835, is said to have been made ex improviso. And it has been often, held in this country that a deed cannot be delivered as an escrow to the party to whom it is made, and that such a delivery will enure as an absolute delivery, whatever may have been the intention. Fireman’s Ins. Co. v. McMillan, 29 Alab. R. 147, and cases there cited.
A doctrine which thus overrules and disregards the intention of the parties is strict and technical to the last degree. Preston does not appear to have considered it as the law at his day. Ror, in his edition of the Touchstone, immediately after the passage just quoted from that work, he adds the following: “At this day, the jury would be directed to draw their conclusion from all the circumstances.” The obvious meaning is, that the jury would be directed to ascertain from all the circumstances — words as well as acts- — -whether it was the real intention that the delivery should be absolute or conditional. In Hudson v. Revett, 5 Bingh. R. 368, (15 Eng. C. L. R. 467,) Chief Justice Best, after quoting from Comyn Dig. Raits, A 3, the doctrine which I have quoted from the Touchstone, makes these remarks: “The authorities referred to in the text in support of this position are at least conflicting; but in the next division (A 4) it appears that this position about delivery as an escrow is merely a technical subtlety; for the learned author says: ‘If it be delivered to the *party as an escrow, to be his deed on the performance of a condition, it is not his deed till the condition is performed, though the party happens to have it before the condition is performed.’ This he lays down on his own authority, without referring to any case; and I am warranted in saying, that we cannot have a better authority than that learned writer.”
The doctrine laid down in the Touchstone and by Bord Coke has been said to apply only to deeds conveying title, and not to bonds, (Campbell, J., in People v. Bostwick, 32 N. Y. R. 445,) though I do not remember to have seen it stated elsewhere with that limitation. In Hicks v. Goode, 12 Leigh 479, Judge Cabell made some comments on this doctrine and on the reasons assigned for it, and expressed the opinion that it rests on technical and unsatisfactory grounds. He did not controvert its existence, however, as a rule of law; nor is it necessary for me to do so in the present case. I mean to express no opinion on the subject.
But the court held, in Hicks v. Goode, that this doctrine is applicable only to the case of deeds which are, on their face, complete contracts, requiring nothing but delivery to make them perfect according to the intention of the parties; and that it is not applicable to deeds which, on their face, import that something more is to be done besides delivery to make them complete and perfect contracts according to the in *795 tention of the parties. And accordingly it was held, in that case, that this doctrine was not applicable to a bond which was drawn as the joint bond of two parties named in it, with two seals affixed, but which was executed by only one of them. It does not distinctly appear whether Judge Allen did or did not concur with the other judges on this point. But even if he did not concur, the point was decided by a majority of the whole court, and the decision is, therefore, a binding authority. *And this decision is sustained by numerous cases, which either decide or concede, that where an instrument indicates on its face that others were to execute it besides those who did execute it, it may be shown by evidence that the delivery, though made to the grantee or obligee, was conditional upon the execution of the instrument by the other parties, and not absolute. Cutter v. Whittemore, 10 Mass. R. 442; Chandler v. Temple, 4 Cush. R. 285; Parker v. Bradley, 2 Hill R. N. Y. 584; Brackett v. Barney, 28 N. Y. R. 333; Grim v. School Directors, &c., 51 Penn. R. 219; Fletcher v. Austin, 11 Verm. R. 447. See also Bowker v. Burdekin, supra; Cumberlege v. Lawson, 1 Com. Bench N. S. 709 (87 Eng. C. L. R.); Evans v. Bremridge, 35 Eng. L. & Eq. R. 397.
The question then arises, whether the fact that a deed or bond in the hands of the grantee or obligee indicates, on its face, that it was intended that others should execute it besides those who did execute it, is sufficient of itself to raise a presumption that it was delivered upon a condition that the parties who executed it should not be bound until it should be executed by the other parties named in it. Judge Cabell, in the case of Hicks v. Goode, intimates an opinion that the face of the paper in such a case would be evidence of a conditional delivery, and that the defendants might perhaps avail themselves of the objection by demurrer to the declaration. He waived a decision of the question, however, because it did not arise in the case. I do not think that the opinion thus intimated is well founded. The face of the paper in such a case affords evidence of the most satisfactory character, of an original intention or expectation that it was to be executed by all the parties named in it. The original intention, however, may not have been adhered to. A party who has executed the paper may waive its execution by some or all of the other parties. He may do this, although the instrument was '"'drawn as the joint bond of the parties named in it, and not as their joint and several bond. Where the instrument, fully executed as to one or more of the parties, is found in the hands of the obligee, I think it should be presumed, in the absence of all other evidence on the subject, that it was duly delivered as the deed of those who have executed it. It is a well-settled principle, that where a deed is found in the possession of the party to whom it is made, it will be presumed to have been duly delivered to him. Vanhook v. Barnett, 4 Dev. R. 268; Fireman’s Ins. Co. v. McMillan, supra; and cases cited. Such a presumption is consistent with the face of the paper, even where it imports an original intention that others should execute it. To make this presumption in such a case does no injustice to those who have executed the paper. They may still show how the fact really is. They may also protect themselves against any inconvenience that may arise from such a presumption, in the first instance, by taking care to keep the instrument out of the hands of the grantee or obligee until it is fully consummated according to their intention. The obligee or grantee, on the other hand, has full notice from the face of the paper of the original intention of those who signed it, and he can not complain if they are allowed to prove that this original intention was not relinquished in the delivery. He should either refuse to accept the paper in its existing shape, or be prepared to repel the defence of a conditional delivery. It has accordingly been held, in numerous cases, that where an instrument which shows on its face that it was to be executed by other persons besides those who have executed it, is found in the hands of the party to whom it is made, it will be presumed, in the absence of evidence, to have been duly delivered as the deed of those whose names are signed to it. Cox v. Thomas’ adm’r, 9 Gratt. 312; Bowker v. Burdekin, supra; the cases above cited from *10 Mass. R. 442; 4 Cush. R. 285; 2 Hill R. 584, and 51 Penn. R. 219; Williams v. Springs, 7 Iredell Law R. 384; Governor v. Kellett, 11 Georgia R. 286; in W-hich last case the subject is fully discussed.
It appears, from the bill of exceptions, that the defendants Ward and G. S. Powell, when they respectively signed the bond, declared that they did so upon the condition that they should not be bound unless Robert W. Powell should also sign it. Nothing is said in the bill of exceptions about delivery, but it is fair to infer that each of them, at the time he signed the bond, delivered it upon the condition stated. But it does not appear, nor is there anything from which it can be inferred, to whom either of them delivered the bond, or how it came to the possession of the obligee.
When a bond is delivered as an escrow to a person who is no party to it, to take effect as a bond upon the happening of some event or the performance of some condition, it cannot possibly take effect until such event happens, or such condition is performed. The party to whom the bond is entrusted by such conditional delivery has no authority to make a delivery of it to the obligee, except the event happens or the condition is performed; and when the oblig'ee accepts a delivery from him he must see to it that he pursues his authority. If, therefore, the person to whom a bond is thus entrusted delivers it to the obligee before the event happens or the condition is performed on which he was to deliver it, it *796 will not take effect. And it matters not that the obligee had no knowledge of the condition which the party attached to the delivery of the escrow. The condition is valid, whether known to the obligee or not. It is a question of power in the person who delivers the bond to the obligee, and not a question of good faith in the obligee in accepting the delivery. The condition imposes a limit upon the authority of the person *to whom the bond is entrusted, and a delivery by him to the obligee, in violation of the condition, is a delivery without authority, and has no effect. 2 Wash. Real Prop. 585, § 44; Berry v. Anderson, 22 Indiana R. 36; Black v. Shreve, 2 Beasley R. 455; Smith & ux. v. South Royalton Bank, 32 Verm. R. 341. In the last of these cases the subject is fully discussed, on principle and authority.
But suppose a bond, instead of being delivered by a party who signs it to one who is a stranger to it, as in the case just supposed, is delivered by him to one of his co-obligors — for example, to the principal— upon condition that he shall not be bound except in a certain event,, or upon a certain condition, are the same principles to be applied to such a case as to a case in which a conditional delivery is made to a third person, who is an entire stranger to the instrument; in other-words, can a bond be delivered as an escrow or upon a condition to the principal or any other co-obli-gor? Upon this subject different views have been entertained. In some cases it has been held, that delivery upon a condition may be made to a co-obligor, and that the instrument, though delivered by him, will not take effect until the condition was performed. Pawling v. United States, 4 Cranch R. 218; Lovett v. Adams, 3 Wend. R. 380; Reid v. Bibb, 5 Alab. R. 281; State Bank v. Evans, 3 Green R. 155; Fletcher v. Austin, 11 Verm. R. 447; People v. Bostwick, 32 New York R. 445.
In other cases it has been held, that a paper cannot be delivered upon a condition to one of the co-obligors, and that if a party delivers an instrument to one of his co-obligors to become his bond upon a condition, and the person to whom it is so entrusted delivers it to the obligee before the condition is performed, the party will be bound, unless the obligor had notice of the condition, and that the delivery was unauthorized. Millett v. Parker, 2 Met. *Ky. R. 608; State v. Peck, 53 Maine R. 284; Deardorff v. Foreman, 24 Ind. R. 481.
It is not necessary to consider this question in respect to instruments which are apparently, on their face, complete and perfect, according to the intention of the parties. It is only necessary to consider it in reference to instruments such as that in the present case, which indicate on their face that they are not complete, and that it was intended that other signatures should be affixed. The cases cited from 53 Maine and 24 Indiana confine the principle which they maintain to instruments which, on their face, are apparently complete and perfect, according to the intention of the parties. If the principle of those cases is a sound one in respect to such instruments, as to which I am not called upon to express an opinion, I am of opinion that it cannot be applied to an instrument which, upon its face, indicates that it is not complete, according to the intention of the parties, and that other persons were intended to execute it. Such was the case in Pawling v. United States. The face of such a paper puts the obligee on his guard. He ought to enquire when such a paper is offered to him, and to satisfy himself that the original intention of the parties, as indicated on the face of it, has been relinquished. If he fails to make such enquiry, and accepts the paper from the principal obligor, or from any one of the co-obligors, he has no right to complain if he is met by a plea, from another of the obligors, that he signed and delivered the paper upon the condition indicated on its face. There is all the more reason for such enquiry when the paper is presented by the principal obligor, for he has a manifest interest to-deliver the paper without the other names, which he may not be able to obtain. A contrary rule would put it in the power of a principal obligor, or of one of the obligors who may be disposed to favor him, to commit the grossest frauds upon *the other obligors. It would make it necessary, in every case, to employ a third person to obtain the signatures, or for all the obligors to execute the paper at one and the same time. The principle which is often stated, that when one of two innocent persons must suffer by the act of a third, the one who has put it in the power of such third person to occasion the loss, ought to bear it, has no just application to such a case, because, if there be no other reason, the obligee is put upon his guard by the face of the paper.
When the instrument is delivered directly to the obligee, the delivery cannot be regarded as conditional in respect to the party who makes it, unless the condition is made known to the obligee. Although the face of the paper indicates that it was intended originally that other persons should sign it, the obligee has a right to infer from the unconditional delivery, that the original intention has been relinquished by the party who makes the delivery. If the delivery is upon a condition made known to the obligee, his assent to it will be presumed from the acceptance of the instrument, and he will not be allowed to repudiate the condition thus assented to, and to treat the delivery as absolute and unconditional. In Millett v. Parker, above cited, it was held that the same principle must be applied where the delivery is made by any one of the obligors, because all the obligors together constitute one party, and the obligee the other. But the rights of the obligors are several and distinct, and neither is bound except so far as he has consented to be. Neither is bound without a delivery of the instrument, and *797 one obligor has no right to deliver it for another without his authority. And besides, if an obligee who receives an instrument from one of the obligors, which is apparently complete and perfect, has a right to presume that all the obligors have authorized its delivery, he has not the same right to make that presumption *when the instrument, on its face, is incomplete and imperfect.
It was further said in Millett v. Parker, that a bond cannot be delivered to a co-obligor as an escrow, because, while it remains in the hands of the obligors,_ or any one of them, it imposes no obligation whatever, whereas an escrow is so far binding on the party who has delivered it as such, that he cannot revoke it, and the obligee is entitled to it when the condition is complied with. But this assumes, as a ground of decision, that a bond, while it remains in the hands of either of the obligors, can have no operation whatever; which is the very point of controversy. While the bond remains in the hands of the obli-gors, or any of them, without any delivery, it has and can have no effect. But a bond may be valid though the obligor has never parted with the possession of it, if such be his intention, and he has done that which, in law, amounts to a delivery. Smith on Contracts (Rawle’s EJd.) 11 and cases cited. And the question is, whether one obligor may not deliver a bond to another obligor, on a condition that it shall take effect only in a certain event.
It follows from these principles, that if the court had instructed the jury that if they believed, from the evidence, that the defendants, G. S. Powell and A. J. Ward, delivered the bond to a third person not a party to it, or to one of the other obligors, on condition that it should not take effect as their bond unless executed by Robert W. Powell, such condition would not affect the rights of the plaintiff unless it was known to him when he received the bond, the instruction would have been erroneous. And It would have been equally erroneous to instruct the jury that such a condition would not affect the rights of the plaintiff unless known to him, in case the jury should believe, from the evidence, that the bond was delivered by the said G. S. Powell and A. J. Ward, upon the condition ^mentioned, without saying to whom delivered. Por an instruction in that general form would have been applicable to the case of a conditional delivery to a stranger or to one of the co-obligors.
Such being the principles applicable to the case, I come now to consider the instruction asked by the defendants. It will be observed that the language used is “executed on condition,” and not “delivered on condition.” If the latter expression had been employed, the instruction, so far, at least, as relates to the defendants, Geo. S. Powell and A. J. Ward, would have been in strict conformity to the principles which govern the case. In what sense, then, were the words, “executed on condition,” employed in the instruction? In one sense a bond may be said to be executed when it is signed, while in another sense the execution embraces both signing and delivery. The pleas, as we have seen, allege that the bond was “delivered on condition.” Construing the instruction with reference to the issues made up on these pleas, and to which the instruction was intended to apply, the language of the instruction ought probably to be understood as referring not only to the signing of the paper, but to the delivery, which was a part of the execution. And so it seems to have been understood by the court below, which only proposed to modify the instruction, by adding that the condition, in order to affect the rights of the plaintiff, must have been known to him. But if this was not the obvious meaning of the instruction, the jury, bearing in mind the issues which they were trying, might well have placed that construction upon it, and the refusal to give it was calculated to mislead the jury. And especially was the refusal to give the instruction calculated to mislead the jury, from the explanation which the court gave of the grounds of the refusal, which showed that the court did not consider it objectionable, because it referred only to the signing of *the paper, and not to its delivery. If, therefore, the language of the instruction was equivocal, the court should not have refused it, but should have given it with such an explanation of its meaning as to ensure its being understood by the jury in the proper sense, unless it was liable to objection on the other ground to be hereafter considered. Balt. & Ohio R. R. Co. v. Polly Woods & Co., 14 Gratt. 447; Peshine v. Shepperson, 17 Gratt. 472; Rosenbaums v. Weeden & Co., supra, 785.
But it is contended, that the instruction was properly refused, on the ground that it proposed to say to the jury that, in the case supposed, they must find for 1 ‘the defendants,” meaning all the defendants, whereas, there was no evidence of a conditional delivery by Jackson B. Powell; and, under the statute, the verdict and judgment might be against him, though in favor of the other defendants. This objection cannot be sustained. The bond purports to be the joint bond of all the parties. The presumption from the face of it is, that Jackson B. Powell intended to be bound along with the other parties by whom it was executed, and not severally. There was no evidence, as far as this bill of exceptions shows, to counteract this presumption. In | this state of the case, there was no ground | on which the jury would have been justified I in finding a separate verdict against Jack-j son B. Powell. It is, therefore, unnecessary to consider the construction and effect I of the provisions of the Code (ch. 172, $ 149, and ch. 177, § 19,) referred to by the counsel for the defendant in error. Besides, if it was necessary to take that view, we might be justified in construing the words, I “the defendants,” as referring only to the defendants mentioned in the instruction *798 and in the bill of exceptions, namely, George S. Powell and A. J. Ward.
I am of opinion to reverse the judgment of the District Court.
*The other judges concurred in the opinion of Joynes, J.
The following is the judgment:
The court is of opinion for reasons stated in writing &c., that if the bond in the declaration mentioned was delivered by the plaintiffs in error George S. Powell and A. J.Ward, either to a third person, not a party to the said bond, or to the principal, or any other obligor, upon condition that the same should not take effect as their bond unless the same should be executed by Robert W. Powell, whose name is recited therein as a co-obligor, then the said plaintiffs in error are not bound by the said bond, the said condition not having been complied with; and that it is not necessary to give effect to the said condition that the same should have been known to the defendant in error when the said bond was delivered to him.
And the court is further of opinion, that if the said bond was delivered to the defendant in error on a condition that it should not be binding on-the said plaintiffs in error unless the same should be signed by said Robert W. Powell, and the said condition was known to the said defendant in error, then the said plaintiffs in error are entitled to insist upon the1 benefit of said condition, and the said defendant in error is not entitled to recover on the said bond.
The court is further of opinion, that if the word “executed” in the instruction asked for by the said plaintiffs in error on the trial, was used and understood in the sense of “delivered,” as seems to the court to be probable, then the said instruction should have been given to the jury as asked, and without the addition proposed by the court. But if the meaning of the said instruction in this respect was equivocal, the jury might well have understood that the word “executed” was used in the said instruction in the sense of “delivered,” and the court erred in refusing *the instruction, because such refusal was calculated to mislead the jury, and the court, instead of refusing the said instruction, should have amended it so as to ensure its being understood by the jury in the proper sense, and to have given it to the jury as so amended.
Therefore erroneous and reversed with costs, &c., remanded for new trial in conformity with the principles above declared.
Judgment reversed.
BONDS.
A.Seals.
1. Form.
2. Recognition in the Body of the Instrument.
3. Instruments Sealed by Only Part of the Obli-gors — Effect.
4. Seal — Presumption of Authority.
5. When No Seal Ne'cessary — Effect of Seal.
6. Seals — Judicial Notice.
B. Validity.
1. Bonds — Authority to Execute.
2. Estoppel.
3. Bonds — Signed, Sealed and Delivered.
4. Formal Defects.
5. Material Defects.
6. Consideration.
7. In General.
C. Endorsements.
1. Endorsements of Equal Date with the Bond,
2. Subsequent Endorsements.
D. Escrow.
1. Delivery to Stranger — Deed Perfect.
2. Delivery to Obligee — Deed Perfect.
3. Delivery to Co-obligor — Deed Perfect.
4. Delivery to Obligee — Deed Imperfect.
E. Liability on Bond.
1. In General.
2. Confederate Contracts.
F. Ownership.
1. How Acquired.
2. Evidence of Ownership.
3. Larceny of Bond.
G. Pleading and Practice.
1. Form of Remedy.
2. Who May Maintain Action.
3. Parties.
4. Notice.
5. Allegations.
6. Variance.
H. Pleas.
1. In General.
2. Kinds of Pleas.
a. Fraud.
b. Failure of Consideration.
c. Illegality.
d. Mistake.
e. Alteration.
f. Usury.
g. Statute of Limitations.
h. Payment.
i. Novation.
j. Release and Discharge.
k. Set-Off.
I. Practice.
J. Burden of Proof.
K. Evidence.
1. Competency of Witness.
2. Evidence — Admissibility.
3. Writing Obligatory — Variation by Parol.
4. Evidence — Judges of.
5. Evidence — Failure of.
L. Judgment.
1. Joint Obligation — Joint Judgment.
2. Judgment — Damages.
3. Judgment — Interest.
4. Penal Bond — Recovery in Excess of Penalty.
5. Judgment — Clerical Errors.
6. Judgment — Certainty.
7. Judgment — In General.
M. Relief in Equity.
1. Jurisdiction.
2. Grounds of Equitable Relief.
3. Extent of Equitable Relief.
4. When Equitable Relief Refused.
5. Form of Remedy.
N. Appellate Court.
1. Jurisdiction of Appellate Court.
2. Presumptions in Appellate Court.
3. Proceedings in Appellate Court.
*799 Cross References.
In connection with, this subject, see monographic it otea on the following- subjects:
Bankruptcy, appended to Dillard v. Collins, 25 Gratt. 313.
Bills of Exception, appended to Stoneman v. Com., 25 Gratt. 887.
Consideration.
Costs, appended to .Tones y, Tatum, 19 Gratt. 720.
Estoppel, appended to Bower v. McCormick, 23 Gratt. 310.
Executions, appended to Paine v. Tutwiler, 27 Gratt. 410.
Homestead Exemptions, appended to HatorfE y. Wellford, 27 Gratt. 350.
Insurance, appended to Mutual, etc., Soc. v. Holt, 29 Gratt. 612.
Interest, appended to Fred v. Dixon, 27 Gratt. 541.
Issue Out of Chancery, appended to Lavell v. Gold, 25 Gratt. 473.
Larceny, appended to Johnson v. Com., 24 Gratt. 555.
Usury, appended to Coffman v. Bruffy, 26 Gratt. 698.
Official Bonds, appended to Sangster v. Com., 17 Gratt. 124.
Depositions, appended to Field v. Brown, 24 Gratt. 74.
A. SEALS.
1. Form. — A scroll is of equal validity to constitute a deed, as an impression made by a seal on wax. Jones v. Logwood, 1 Wash. 66 [43].
2. "Recognition in the Body oí' the Instrument. —To constitute a sealed instrument in Virginia the seal, whether a mere scroll or an actual seal, must be recognized in the body of the instrument. Bradley Salt Co. v. Norfolk Imp., etc., Co., 95 Va. 461, 28 S. E. Bep. 567, 3 Va. Law Beg. 722 ; 5 Va. Law Keg. 331.
In Bradley Salt Go. v. Norfolk, etc., Co., 95 Va. 461, citing Dinwiddle County v. Stuart, 28 Gratt. 526, it was held that under the Virginia statute in order to constitute a sealed instrument, the seal (even if an actual seal and not a scroll) must be acknowledged in the body of the instrument.
A writing having a scroll attached to the signature, -which does not mention ‘‘seal’* in the body of the instrument, is not a writing obligatory, but only a simple contract. Gover v. Chamberlain, 83 Va. 286, 5 S. E. Rep. 174.
A scroll annexed to a signature is not sufficient to make a sealed instrument, unless it appear, from some expression in the body of the instrument that it was intended as such. Austin v. Whitlock, 1 Munf. 487; Gover v. Chamberlain, 83 Va. 286, 5S. E. Kep. 174.
A contract in writing has a scroll annexed, opposite the signature, and the word seal is written in the scroll, but in the body of the instrument there is no recognition of the scroll as a seal. Held, the instrument is no deed, but a simple contract only. Cromwell v. Tate. 7 Leigh 301.
An instrument concluding “witness our hands,’1 with a scroll annexed to the signature, and the word “seal” written therein, is only a simple contract. Jenkins v. Hurt, 2 Band. 446.
A writing, by which the party binds himself, his heirs, etc., to pay a sum of money, for value received, as witness his hand (saying nothing of his seal), is not an obligation under seal, but a promissory note; notwithstanding a scroll, purporting to be a sea], be annexed to the signature; and it be proved that the writing in question was “executed” by the plaintiff; it not appearing, explicitly, that he sealed, as well as signed it. See Austin v. Whitlock, 1 Munf. 487; Anderson v. Bullock. 4 Munf. 442.
In an action of debt on an instrument which is in form a promissory note for money, concluding* “witness the hands” of the parties; and in which scrolls by way of seals are set to the signatures of the parties the instrument is rightly described in the declaration as a promissory note. Peasley v. Boatwright, 2 Leigh 212 [196!.
A writing for the payment of money or other purpose. which is not required to be by deed, having a scroll at the foot thereof with the word “seal” written therein, but which is not recognized in the body of the instrument as a seal, is not a sealed instrument. Evidence aliunde is not admissible to prove that a scroll at the foot of a writing was intended as a seal. Clegg v. Lemessurier, 15 Gratt. 308.
A paper which in the body of it says, “as witness my hand and seal,” has the word “seal” affixed to the signature of the maker. It is a sealed instrument within the meaning of the statute. Lewis v. Overby. 28 Gratt. 627; Dinwiddie County v. Stuart, Buchanan & Co., 28 Gratt. 526, and note; Barton’s Law Pr. (2d Ed.) 95; Va. Code 1849, ch. 148, § 2, p. 580; Va. Code 1887, § 2841.
Stamps or Scrolls Used as Seals — Recognition. To a printed form of a bond, there are put printed stamps or scrolls by way of seals; the blanks are filled up; and the instrument executed by the obligors, by signing their names to the printed stamps or scrolls, which are recognized as their seals in the body of the instrument; this is a sealed instrument within the statute. 1 Kev. Code, ch. 128, § 94; Buckner v. Mackay, 2 Leigh 530 [489]; Va. Code 1887, § 2843.
An instrument which stated that “after my death, for value received, I bind my heirs, executors, etc., to pay to my daughter, Frances E. Hood, the just and full sum of five thousand dollars of my Virginia registered state bonds. As witness my hand and seal this 16th day of September, 1871. E. C. Haden, [Seal],” is not a testamentary act but a common-law obligation. Hood v. Haden, 82 Va. 588.
When Recognition in the Instrument Unnecessary. — Though a party may not have originally put his name to the bond, yet if he afterwards acknowledge the signature to be his hand and seal, he is bound at law; or, if he is not so bound at law, it is a legal defence of which he should avail himself upon the mo (don for judgment on the bond, and not resort for relief, on that ground, to a court of equity. Maupin v. Whiting, 1 Call 195 [224]; Meredith v. Johns, 1 H. & M. 585; Turpin v. Thomas, 2 H. & M. 145.
An instrument purporting to convey land, with a scroll attached to the grantor’s name, though the scroll is not recognized in the body of the instrument, will be held to be a deed, where the instrument has been acknowledged in court by the grantor as his deed for the purpose of having it recorded. Ashwell y. Ayres, 4 Gratt. 283.
Where it is stated at the foot of an instrument ot emancipation that it was signed, sealed and acknowledged in the presence of two attesting witnesses, and the instrument is afterwards duly proved by the witnesses in the county or corporation court, it sufficiently appears that the person making the instrument affixed the scroll by way of seal. Parks v. Hewlett, 9 Leigh 511.
3. Instruments Sealed by Only Part ou1 the Obligors — Effect, -a writing which recites that *800 “On demand I promise to pay to David Keller the just and full sum of two hundred dollars for value received of him, as witness my hand and seal, the 1st day of March, 1862. Thomas McHufEman, [Seal]. Security — David M. Riffe,” is a promissory note as to the said Riffe and a single hill obligatory as to the said McHuffman; and in such case an action of debt will lie upon the instrument against them jointly. Keller v. McHuffman, 15 W. Va. 64.'
An instrument binding the parties thereto to pay a sum of money, purports to be under their hand and seals; but it is signed by one of the parties without a seal, and by the other parties with seals, to their names. Held, upon demurrer, that one action of debt may be brought against all the parties. Rankin v. Roler, 8 Gratt. 68.
* 4. Seal — Presumption op Authority. — Where the contract of a corporation purports to be sealed with its corporate seal, and it is proven to be signed by the proper agents of the corporation, the presumption is that the seal was affixed by the proper authority, and such contract will be held valid until the contrary is shown. Fidelity Ins., etc., Co. v. Shenandoah Val. R. Co., 32 W: Va. 244, 9 S. E. Rep. 180.
. 5. When No Seal Necessary — Eeeect op Seal.— A marriage settlement gives the power to a wife to dispose of the settled estate by gift, or devise, under her hand and seal, attested by two or more witnesses. Held, that a testamentary paper signed by the wife with the scroll annexed to her name, and attested by the requisite number of witnesses, though the scroll is not recognized in the body of the instrument, is a valid will under the power. In a testamentary paper no seal is necessary, and a seal affixed has no bearing upon the legal character or operation of the instrument: no solemnity of sealing could make it a specialty; and the act of sealing can amount to nothing inore than the performance of a condition. Pollock v. Glassell, 2 Gratt. 439.
it has been expressly decided in this state that a power of attorney to confess judgment need not be under seal. Coker v. Wynne, 2 Va. Ii. J. 377. And in the absence of proof of non-assent on the part of some of the members of the firm, the power of attorney in the firm name must be held valid when assailed collaterally; and this is true though the power be under seal. The presence of the seal does not invalidate the instrument. Alexander v. Alexander, 85 Va. 365, 7 S. E. Rep. 335; Lancaster v. Wilson, 27 Gratt. 624; Brockenbrough v. Brockenbrough, SI Gratt. .581; Shadrack v. Woolfork, 32 Gratt. 709; Neale v. Utz, 75 Va. 484, and cases cited. •
6. Seals — Judicial Notice. — It is' a rule-of .evidence universally recognized, that the courts of a state take judicial notice of its seals and of the signatures of the heads of departments; nor will it be supposed, without proof, that any particular seal is counterfeit or irregularly impressed. The law assumes that the seal of the state is known to all her judicial officers; and there is nothing in the statute requiring the production of the bonds, in a proceeding like the present, which affects this rule of the common law. Com. v. Dunlop, 89 Va. 431,16 S. E. Rep. 273.
The seal of a court of a foreign country must be proved; the seal of a foreign state or nation proves •itself. varte Povall, 3 Leigh 884 [816].
B. VALIDITY.
1. Bonds — Authority to Execute. — Where in a | case of conviction for gross misdemeanor a surety is required by the court for good behavior, the bond should be a general bond for good behavior, there being no authority to take a special recognizance against the commission of a specific act, not in itself a gross misdemeanor. State v. Gillilan (W. Va.),38 S. E. Rep. 516.
Bonds in Judicial Proceedings — Collateral Attack,— Bonds taken in judicial proceedings bind obligors if the court have jurisdiction, though its action be erroneous, but not void. The action of the court cannot be incidentally questioned by impeaching the bonds. Findley v. Findley, 42 W. Va. 372, 26 S. E. Rep. 433.
Removal of Cause — Bond.—Bond and security, for complying with the requirements of the act of congress, on removing the cause from a state court, to the circuit court of the United States, may be given though the defendant be not personally present. Brown v. Crippin, 4 H. & M. 173.
Bond by Authority of Act of Legislature. — When pursuant to an act of the legislature, approved March 6,1882, the board of directors of the Central Lunatic Asylum made an agreement for the erection of the building for the accommodation of the insane, and this agreement was spread upon the minutes of the board, and the bonds of the contractor, given for the proper performance of his contract; were accepted and approved by the board, this constitutes a valid contract for the breach of which any party aggrieved may have an action for damages. Central Lunatic Asylum v. Flanagan, 80 Va. 110.
The provision in section 57, ch. 54, Code 1891, that if a railroad corporation fail to construct its road according to its charter public subscriptions to aid construction shall be void, does not make the completion of such road a condition precedent to the delivery of bonds under such subscriptions. Neale v. County Court, 43 W. Va. 90, 27 S. E. Rep. 370.
Bonds under Void Ordinance — Validity—The mere fact that a bond has been taken by an officer who was not authorized by law to take such bond does not render it invalid at common law. Such bonds though taken under a void ordinance may still be good as common-law bonds. Porter v. Daniels, 11 W. Va. 250.
Bond — Authority to Execute — Power of Attorney.— Under a power of attorney, authorizing a person to execute an administration bond for the person giving the power, the attorney may be allowed to execute the bond accordingly. M’Candlish v. Hopkins, 6 Call 208.
A special agent with power of attorney to execute a bond for the sum of twenty-five thousand dollars, has.no authority to execute a bond for forty thousand dollars ; and such bond, if executed, is void and not binding on the principal. Stovall v. Com., 84 Va. 246, 4 S. E. Rep. 379.
Bond — Blank for Obligee — Filled in by Agent under Parol Authority. — A paper perfect as a bond, except that there is a blank for the name of the obligee, is signed by P and M, and put into the hands of M for the purpose of borrowing money upon it. It is expected that F will lend the money, but if he does not it may be gotten from some other person. M obtains the money from H, and files the blank in the paper with the name of H and delivers it to him. This is done in the absence of P and without his knowledge. It is not the bond of P. Preston v. Hull, 23 Gratt. 600 ; Rhea v. Preston, 75 Va. 757 ; Nash v. Fugate, 24 Gratt. 202, foot-note; Penn v. Ham-lett, 27 Gratt. 337, 342 ; Keen v. Monroe, 75 Va. 428; *801 Lyttle v. Gozad, 21 W. Va. 200; Ward v. Churn, 18 Gratt. 801.
Bond — Blank for Amount — Filled in without Authority. — A paper intended to be a bond is signed in blank as to the snm by a person as surety ; and the blank is afterwards filled up in bis absence, and without bis knowledge and without authority from him. It is not his bond. Rhea v. Gibson, 10 Gratt. 215.
2. Estoppel. — There seems no exception to the rule that the fair and voluntary execution of a sealed instrument is conclusive against all who seal it of everything admitted in it. Hoke v. Hokes, 3 W. Va. 563; Shaw v. McCullough, 3 W. Va, 260; Goxv. Thomas, 9 Gratt. 312; Gordie v. Burch, 10 Gratt. 480; Cecil v. Early, 10 Gratt. 198.
A bond executed pursuant to an order made in a chancery suit requiring its execution, as a condition precedent to the enjoyment of certain rights, does not derive its efficacy from the order. The liability of the obligors is determined by the bond alone, and not by the order. The obligors are estopped to deny the recitals of the bond, even if they were in conflict with record, and a plea of nul tiel record is inapplicable. Blankenship v. Ely, 98 Va. 359, 36 S. E. Rep. 484.
Jf a bond recite a fact, though the fact recited be a matter, which ought regularly to appear of record, the parties, obligors in the bond, will be estopped from denying the truth of such recital. Thus if the bond recites, that a certain person was sheriff and a certain other person his deputy, though these facts appear of record, yet they need not be proven in a suit on such bond otherwise than by the production of the bond; for the obligors in it are estopped from denying the truth of the recital. Bank v. Fleshman, 22 W. Va. 317; Cox v. Thomas, 9 Gratt. 320.
Where a bond is executed to the obligee “as executor,” the obligor is estopped to deny that the obligee is such ¡executor. Hoke v. Hokes, 3 W. Va. 561.
Bond — Authority to Execute — Estoppel.—One who makes a naked power of attorney to sign his name as surety to a treasurer’s bond containing six sureties is not estopped to deny the validity of a subsequent exercise of the power, when the first bond proves defective, by which his name was attached to a second bond, containing only four sureties. Stuart v. Com., 91 Va. 152, 21 S. E. Rep. 246.
Bond-Consideration — Estoppel.—A recital in a bond that it was given to secure a loan of money does not estop the obligor from pleading and proving that the consideration was confederate treasury notes. Galfeev. Burgess, 3 W. Va. 274.
3. Bonds-Signed, Sealed and Delivered. — a person who signs, seals, and delivers an instrument as his deed, will never be heard to question its validity, upon the ground that it was not acknowledged by him, nor proved at the time of the delivery. It is the sealing and delivery that gives efficacy to the deed; not proof of its execution. And this principle applies to all bonds, whether executed by public officers or private persons, unless there is a statute making the acknowledgment, or proof in court essential to the validity of the instrument. Board of Supervisors v. Dunn, 27 Gratt. 608; State v. Proudfoot, 38 W. Va. 745, 18 S. E. Rep. 952.
In the case of an ordinary bond delivery is absolutely essential to give it any effect either in a court of law or equity. Without such delivery such a bond is an absolute nullity. Van Winkle v. Black-ford, 28 W. Va. 693; Bank v. Goddin, 76 Va. 503.
To constitute a valid bond of the party, the intention to bind himself must appear on the face of the instrument; that the signature and seal form a part thereof, and furnish prima facie evidence that the person so signing and sealing the bond intended to make himself a party thereto, and to be bound by the stipulation thereof; although the name of the party so signing, sealing and delivering the bond, may not be inserted in the penalty or recited in the condition. Beery v. Homan, 8 Gratt. 51; Bell v. Allen, 3 Munf. 118; Bartley v. Yates, 2H. &M. 398; Beale v. Wilson, 4 Munf. 380; Raynolds v. Gore, 4 Leigh 276; Crawford v. Jarrett, 2 Leigh 630; Luster v. Middlecoffc, 8 Gratt. 54; Cox v. Thomas, 9 Gratt. 312.
4. Formal Defects.
a. Conditions, Covenants, ¿¿¿. — Although the condition of the bond is not so extensive, as the statute requires, yet if it contains a material part of the conditions required, the bond is not void, but binds the obligors to the extent of such condition or conditions, and when the bond contains some conditions or provisions, not required by the statute, and some of those which are required, it is valid and binding to the extent of the latter. Holliday v. Myers, 11 W-Va. 276, 294; Gillespie v. Thompson, 5 Gratt. 132; White v. Clay, 7 Leigh 68; Fox & Vowles v. Mount-joy, 6 Munf. 36; Pratt v. Wright, 13 Gratt. 175; Gibson v. Beckham, 16 Gratt. 321; Porter v. Daniels, 11 W. Va. 250, and cases there cited.
There is no solid distinction between bonds and other deeds containing conditions, covenants and grants not malum in se but illegal at the common law. and those containing conditions, covenants or grants illegal by the express prohibition of statutes. In each case the bonds or other deeds are void as to the conditions, covenants or grants that are illegal, and are good as to all others which are legal and unexceptionable in their purport. The only exception is where the statute has avoided the whole instrument to all intents and purposes. Pratt v. Wright, 13 Gratt. 175, 67 Am. Dec. 767; Reed v. Hedges, 16 W. Va. 167.
Where a court or officer has authority or capacity to take a bond, and makes a mistake by omitting some condition prescribed, or inserting a condition not authorized or illegal, unless the statute by express words, or necessary implication, makes it wholly void, the bond is not void; the good shall not be vitiated by the bad; and the bond may be sued on, so far as the conditions are good, as a statutory bond. Gibson v. Beckham, 16 Gratt. 321; Reed v. Hedges. 16 W. Va. 167.
b. Parties to Obligation — A firm being the plaintiffs in the executions, the bond executed by one ,of the firm, in the partnership name, is a good bond of the person so executing it. Davis v. Davis, 2 Gratt. 363.
Though there be a total blank for the name of the surety in the obligatory part of a bond, yet his name being mentioned in the recital of the condition, and he having signed and sealed it, it was held sufficient to charge him. Bartley v. Yates, 2 11. & M. 398.
A blank paper is signed and sealed by a principal and three others who intended to be his sureties, and it is left with the principal to be filled up and delivered by him. He does fill it up and deliver it to the obligee named therein. It is not the bond of the three, and does not bind them. But the principal having filled it up, and delivered it when thus com- *802 píete, It is Ms 'bond, and binds Mm. Penn ,v. Ham-lett, 27 Gratt. 337.
c. Form of Inst?'ument — TJn6.er circumstances, a ■written instrument was declared to be a good bond, witli collateral condition, though the obligor’s name was not signed opposite to the seal, but between the penal part and the condition, and the name of the obligee was signed at . the foot of the condition, with the seal annexed; both signatures being attested by the same witnesses. Argenbright v. Campbell, 3H.& M. 144.
Two Executions — One Bond — Effect.—The fact that one bond was taken on two executions will not render it void especially when it appears that no disadvantage could result to defendant from so making it. Winston v. Com., 2 Call 246 [291]; Davis v. Davis, 2 Gratt. 363.
5. Material Defects.
Bond — Excess of Penalty — Effect.—If an act of assembly directs, that a bond shall be payable to the justices, and that the penalty shall be 1,000£ if the bond be taken payable to the governor and the penalty be 10,000¿8 and a suit thereon is brought by a succeeding governor for the benefit of the party injured, it cannot be sustained. Stuart v. Lee, 3 Call 364 [422].
Removal Bond — Failure to Comply with Statute— Effect. — in a case of removal from the state to the federal court if the bond of party making the motion provides “for his entering in such court — copies of said process against him,” but omits the succeeding clause of the statute “and also for his there appearing,” the bond is fatally defective and insufficient. Bell v. Bell, 3 W. Va. 183.
6. Consideration. — A bond given in October, 1868, for the price of slaves purchased at a judicial sale, is valid and binding; and may be enforced after the war, and after the adoption of the 13th amendment to the constitution. Henderlite v. Thurman, 22 Gratt. 466; Kives v. Farish, 24 Gratt. 125.
The sale and delivery of slaves prior to 1861 passed the property in them to the purchaser, and was a valid consideration for a bond given for the price. The subsequent action of the government which liberated the slaves could not affect the validity of such bond nor bar a suit for the debt evidenced thereby. Matthews v. Dunbar, 3 W. Va. 138.
Bond —Want of Consideration — Effect.—A bond executed without consideration, for the purpose of being sold by the obligee for the benefit of the obli-gor, is of no obligatory force until it passes into the hands of a holder for value. Hamsberger v. Geiger, 3 Gratt: 144.
7. In General.
Bond — Monomania—Effect.—Monomania, in no way connected with the subject of a contract, will not invalidate it. Boyce v. Smith, 9 Gratt. 704.
Pretensed Title — Conveyance—Bonds—Validity.—A conveyance of a pretensed title to land is not void; and the bonds given for the purchase moneyfor the same are valid. Middleton v. Arnolds, 13 Gratt. 489.
Bond for Sale of Office — Effect.—A bond for the sale of an office is void. Ifoel v. Fisher, 3 Call 185 [215]; Morgan v. Hale, 12 W. Va. 713.
Bond of Married Woman — Want of Consideration-Effect. — The debts of a married woman, for which her separate estate is liable, are such as arise out of any transaction, out of which a debt would have arisen, if she were a feme sole, except that her separate estate is not bound by a bond or covenant based on no consideration, such bond or covenant being void at law, and she not being estopped in a court of equity from showing that it was based on no consideration. Hughes v. Hamilton, 19 W. Va. 366.
C. ENDORSEnENTS. .
1. Endorsements of Equal date with the Bond. —Whatever is endorsed upon a bond or contract, bearing equal date therewith, must be taken as part of it, until the contrary be proved. Smith v. Nicholas, 8 Leigh 330, 356; Gordon v. Frazier, 2 Wash. 130.
WHS executes his bond to F S for four thousand dollars, payable four years after date. At the same time and immediately after WHS signs the bond, F S endorses on the back thereof as follows: “Memorandum. If I do not collect the money due on the within note of my nephew WHS during my life, then it is never to be collected; and I give it to him. F S.” The endorsement being equivocal in its character, all the circumstances attending the transaction, the cotemporaneous conduct and declarations of the parties, evidence of their purposes and motives, may be looked to as showing what kind of instrument was within their contemplation and design. And held this endorsement a part of the bond and irrevocable without destroying the bond. Smith v. Spiller, 10 Gratt. 318.
P executes his bond to H for $5,500 payable with interest one year after date. On the bond there is an endorsement, that one twenty-fifth of the principal of the bond with the interest due at the end of the year, and so on from year to year, the credit not exceeding twenty-five years in all. H brings debt upon the bond against P, and declares upon the bond .omitting the endorsement. P craves oyer of the bond and endorsement, and demurs. Held, the words “to be paid” have been obviously omitted from the endorsement by mistake, and they will be supplied. Peyton v. Harman, 22 Gratt. 643.
The clerk having entered up a judgment by nil dicit, in the district court, in debt on a bond for the payment of tobacco, without noticing a memorandum indorsed on the bond, this court considered the mistake to be merely clerical and amendable upon motion, at a subsequent term. But the injured party may if he please, proceed by writ of error coram nobis; although in the latter case, he is not entitled to costs. Gordon v. Frazier, 2 Wash. 130.
2. Subsequent Endorsements. — To make a subsequent agreement, respecting a bond, a part of the bond, so as to necessitate its recognition as such in declaring on the bond, it must be so engrafted upon the bond that the original stock and the matter en-grafted shall together constitute inseparable parts of an entire instrument; such is not the case if the indorsement can be regarded as a distinct and separate promise, covenant, or condition that may be pleaded in defense of the action, or made the ground of a separate action. Carter v. Noland, 86 Va. 570, 10 S. E. Bep. 605.
An endorsement on a bond, made after its execution, and before it passes to a holder for value, is part and parcel of the bond in the hands of such holder; and is supported by the same valuable consideration, on which every other part of the bond rests. Harnsberger v. Geiger, 3 Gratt. 144.
Upon a bond of submission was endorsed an agreement signed by the parties bearing date subsequent to that of the bond which agreement authorized the arbitrators by endorsement upon the bond to appoint an umpire to assist in making up the award. The indorsement is to be considered as incorporated with, and as part of the condition of the bond so as *803 to constitute one entire agreement bearing- date by-relation -with that of the bond. Shermer v. Beale, 1 Wash. 15; Price v. Kyle, 9 Gratt. 247.
In an action of debt on a single bill, the plaintiff declared on the bond, taking no notice of the endorsement thereon in the words and figures following: “March 27,1875. By amount paid for me by the Ducketts. in purchase of farm, at five hundred dollars; by B. P. Noland’s due-bill of this date for five hundred dollars; and it is agreed that no more of this note shall be demanded of the said Noland until the marble quarry is in successful operation and he receives therefrom enough to pay the balance of this note, or he can sell his stock for enough to pay such note, as per receipt given him. B. F. Carter.” Held, this indorsement did not become an integral part of the original instrument, making it a new and different bond from what it was at first, and that bond, therefore, as it appeared on oyer, did not vary materially from that described in the declaration. Garter v. Noland, 86 Va. 568, 10 S. K. Rep. 605.
Penal Bill. — E. by single bill under seal promises to pay P. 207 dollars, and afterwards a writing was indorsed on the bill, signed by obligor and obligee, but not sealed, stating that the parties had settled their accounts, and that there was due on the bill 152 dollars; in debt by E. against P. upon the bill, in which the declaration makes no mention of the writing indorsed, P. craves oyer of the writing obligatory in the declaration mentioned. Held, he did not thereby ask oyer of the indorsement, nor could he have demanded oyer thereof. Rib v. Pindall, 5 ■Leigh 115 [1091.
A writing obligatory is executed by three obligors, whereby they bind themselves to pay to the obligee a sum of money, nine months after date. One of the obligors is in fact a principal, and the other two are sureties. After the obligation is executed, the principal, on the same day, without the knowledge of the sureties, makes a memorandum at the foot thereof, under his hand and seal, stating that the obligation is to bear interest from its date. Held, this memorandum has not the effect of discharging either principal or sureties from their obligation. Tremper v. Hemphill, 8 Leigh 628, 31 Am. Dec. 673.
D. ESCROW.
1.delivery to Stranger— Deed Perfect. — -If a bond is delivered to a third person, not a party to it, to take effect as a bond only upon the happening of some event, or the performance of some condition, and that person delivers it to the obligee before the event happens or the condition is performed on which he was to deliver it, it will not take effect. And it matters not that the obligee had no knowledge of the condition which the party attached to the delivery of the escrow. The condition is valid, whether known to the obligee or not. Newlin v. Beard, 6 W. Va. 110; Ward v. Churn, 18 Gratt. 810.
P. agrees to join H. W. as his surety in a forthcoming bond. and executes and delivers the bond, as an escrow, upon condition that K shall also join in and execute the bond as co-surety; and K. agrees to join as surety in the bond, and executes and delivers the same, as an escrow, upon condition that O. W. also join in and execute the bond as co-surety; but O. W. never unites in the bond. Held, that upon this state of facts, neither P. nor K. are liable for any part of the debt in equity, any more than they would be liable for any part of it at law, where the facts would amount to proof of non eat, factum. King v. Smith, 2 Leigh 171 J1571.
2. Delivery to the Obligee — Deed Perfect.- - A deed, perfect on its face, cannot be delivered as an escrow to the grantee or obligee, upon a condition upon which it is to be a valid deed. In all such cases the condition is void, and the deed is at once operative. Miller v. Fletcher, 27 Gratt. 403: Kyger v. Sipe. 89 Va. 511, 16 S. E. Rep. 627; Lyttle v. Coaad, 21 W. Va. 200; Wendlinger v. Smith. 75 Va. 317; Ward v. Churn, 18 Gratt. 801; Hicks v. Goode, 12 Leigh 479; Preston v. Hull, 23 Gratt. 600; Nash v. Fugate, 24 Gratt. 202; 2 Min. Inst. (4th Ed.) 734; Barton's Law Pr. (2d Ed.) 630, 6 Am. & I4ng. Enc. Law 858; Hum-phreys v. Richmond, etc.. R. Co., 88 Va. 431. 13 S. E, Rep. 985.
Parol evidence is inadmissible, to prove that a deed, perfect on its face, was delivered to the grantee on a condition. Miller v. Fletcher, 27 Gratt. 403-: Watson v. Hurt. 6 Gratt. 633; Towner v. Lucas, 13 Gratt. 705: Woodward v. Foster, 18 Gratt. 200; Sangston v. Gordon, 22 Gratt. 755; Colhoun v. Wilson, 27 Gratt. 646; Southern Mutual Insurance Co. v. Yates. 28 Gratt. 593; Barnett v. Barnett, 83 Va. 509, 2 S. E. Rep. 733; Taitv. Central Lunatic Asylum, 84 Va. 279, 4 S. E. Rep. 697Shenandoah Val. R. Co. v. Dunlop, 86 Va. 352,10 S. 34. Rep. 239: Peyton v. Stuart, 88 Va. 76, 16 S. E. Rep. 160; Barton’s Law Pr. (2d Ed.) 630; Nash v, Fugate, 32 Gratt 595; Hukill v. .Guffey, 37 W. Va. 425, 16 S. E. Rep. 544; Owens v. Boyd Land Co., 95 Va. 562, 28 S. E. Rep. 950.
3. Delivery to Co-obligor— Dekd Perfect.--A bond which is a complete and perfect instrument on its lace at the time of its delivery to the obligee, was executed by persons as sureties, upon the condition that it should not be delivered until executed by other persons, and it was placed in the hands of the principal obligor, and without being so executed it was delivered by the obligor to the obligee, who was not informed of the condition. The bond is the valid bond of the sureties, and they cannot set up the condition against the obligee. Nash v. Fugate, 24 Gratt. 293. See Lyttle v. Cozad, 21 W. Va. 199, and Long v. Campbell, 37 W. Va. 665, 17 S. E. Rep. 197.
A bond signed by a principal obligor and sureties, apparently perfect and complete, may be avoided by parol proof that the obligee, at the time he received it from the principal obligor, had notice that other persons were to sign it, in order to make the instrument effectual as to those who did sign it. But in such a case the evidence ought to be very clear and satisfactory. Nash v. Fugate, 32 Gratt. 595; Newlin v. Beard, 6 W. Va. 110; Solenberger v. Gilbert, 86 Va. 789,11 S. E. Rep. 789; Ward v. Churn, 18 Gratt. 801; Lyttle v. Cozad, 21 W. Va. 200.
In an action of debt on a bond purporting tobe the bond of three obligors, two of the obligors under a plea of non est factum, offer evidence of an understanding between themselves and the other obligor that the bond should not be binding on them until signed by two other designated parties, of which understanding the obligee in the bond had notice at the time of its delivery. Held, the evidence was admissible under the general plea of non est factum, and the court erred in excluding it. Stuart v. Livesay, 4 W. Va. 45.
In the absence of other evidence, the presumption is that all the obligors delivered the bond, and not that it was delivered by the others to one, to be by him delivered when iully completed. If it was delivered by all. it is the binding obligation of all unless at the time of delivery the condition was *804 made know a to the obligee. Tlie presumption from an unconditional delivery is that the intention which appears from the unfinished condition of the instrument is waived. Turnbull v. Mann (Va.), 37 S. E. Rep. 288.
4. Delivery to Obligee — Deed Impereect. — A deed perfect .on its face cannot he delivered to the obligee, as an escrow, to be the deed of the obligor only'upon condition; hut the rule does not apply • to deeds which upon their face import that something more is to be done besides delivering to make them complete and perfect contracts according to the intention of the parties. Wendlinger v. Smith, 75 Va. 309.
The rule of law. that a deed cannot he delivered to a party to whom it is made as an escrow, to be the deed of the obligor only on condition, and that in such case the delivery is absolute and the condition nugatory, is applicable only to the case of deeds which are upon their face complete contracts requiring nothing but delivery to make them perfect according to the intention of the parties; not to deeds which upon their face import that something more is to be done besides delivery to make them complete and perfect contracts according to the intention of the parties. Hicks v. Goode, 12 Leigh 479.
E. LIABILITY ON BOND.
l. in General.

a.Parties Liable.

Liability of Heirs. — The heir of an heir is responsible upon an obligation in which the heirs are bound; provided he have assets by descent from the obligor. Waller v. Ellis, 2 Munf. 88.
In the obligation of a bond, the obligors acknowledge themselves (notnaming their heirs) to be held and firmly bound to the obligee, his heirs, executors, etc., in a penal sum: the condition provides, that if the obligors or either, or any of their heirs, executors or administrators, shall pay a less sum specified, on or before a given day, then the obligation is to be void. Held, the heirs of the obligors are not bound by the instrument. Huston v. Can-tril, 11 Leigh 136.
Guarantors. — Though in general the contract of a guarantor is to pay, if after due diligence the debt cannot be made out of the principal, yet the intention of the parties must govern, and if it was guarantor’s intention to make himself liable on the default of the principal debtor, without the use of the ordinary means to compel payment by him, or proof of his insolvency, he will be held liable accordingly.. Arents v. Com., 18 Gratt. 750.
A son gave a bond secured by a deed of trust, which bond his father indorsed as guarantor. The father as a gift to his son during his lifetime paid the greater part of the bond. After his death his executrix paid the balance and took an assignment of the bond. In a suit by the executrix to enforce the deed of trust it was held that she was entitled to enforce the deed only to the extent of the balance paid by her as executrix. Scott v. Scott, 83 Va. 251, 2 S. E. Rep. 431.
Principal and Surety. — G, B and K were principal obligors in a bond. B and K put money in the hands of G to pay the bond; and he bound himself to pay it, but failed to do so, and became insolvent. A judgment was recovered on the bond against the three, and B paid it. After the judgment G conveyed land to S to secure a debt due to him and another debt due to C'. Upon a bill by B and K against S and C to subject the land conveyed in the deed to S to satisfy the debt B had paid, S stated in his answer that prior to the judgment he held the bond of G, B and K, and that he had delivered it up upon (receiving the bond of G with the deed to secure it; but there was no proof of this. C in his answer, stated that he had before the judgment bought one-half the land from G, and made payments upon it; and had afterwards given it up and taken the bond of G for the amount, and taken the deed of trust to secure it. Held, it was competent for G, B and K to contract that as between themselves, G should be the principal and B and K his sureties; and that this had been done. Buchanan v. Clark, 10 Gratt. 164.
b. Conditions. — The rules and regulations of a corporation made for the government of the conduct of its officers, do not become terms and conditions of the bond of its officers, unless such an intention is expressed on the face of the bond. R. & P. R. Co. v. Kasey, 30 Gratt. 218.
The true function of an Ordinary hire bond is not to stipulate for the mode in which the slave is to be employed, but to bind the bailee for the payment of the hire; and in such bond the words, “to work at boat business” attaches no condition to the payment ofthemoney. Howell v. Cowles, 6 Gratt. 393; Harvey v. Skipwith, 16 Gratt. 410; Broughton v. Coffer, 18 Gratt. 191.
W executed a deed of trust to secure a bond debt to S; the deed provided that upon prompt annual payment of the interest upon the bond W should keep quiet possession of the property for two years. W did not pay the interest. Held, the parties were left in the same situation, and with the same rights and obligations as if the agreement in the deed had not been made. Adams v. Logan, 27 Gratt. 201.
A bond being given, conditioned to be void upon the obligor’s paying all costs and damages, which shall be awarded in consequence of the obligee’s delivering to him anegro slave, a judgmentobtained by a third person against the obligee for the same slave is sufficient to warrant an action on the bond, without proof of satisfaction of the judgment. Mur-rell v. Johnson, 1H. & M. 449.
A bond with condition to convey land of which the obligor had neither title nor possession, passes nothing. Cales v. Miller, 8 Gratt. 6.
The vendor of a slave gave a bond to the buyer, with a condition, reciting that, whereas he had sold him a slave for a certain sum of money, if therefore the buyer should pay the said sum, and another sum annually for hire of the said slave until he should pay the said purchase money, which he might do at any time (when the said hire should cease), then the vendor should convey to him a lawful right and title to the said slave; which title in the meantime should remain in the vendor. The buyer was not entitled, under this bond, to the possession and property of the slave; but the vendor could recover in detinue. Ervine v. Dotton, 6 Munf. 231.
Quaire, whether the proviso in the 24th section of the district court law extends to suits upon joint and several bonds, with collateral conditions to be performed by the principal obligor only, as well as to bonds with collateral conditions to be performed by the obligors jointly or severally? Monroe v. Redman, 2 Munf. 240.
c. Extent of Liability. — A. mortgage is executed by a railroad company on its property to secure bonds to be issued thereunder, which provides that upon the *805 full payment of all said bonds at maturity the trustee shall release the same. Before the maturity of the bonds, they are surrendered to the trustee, upon an agreement that other bonds to be issued under a subsequent mortgage are to be substituted for them. The trustee, without substituting- such other bonds, executed a release of the mortgage, stating- therein that all the bonds “had been surrendered.” The railroad was not in a condition to anticipate the payment of its bonds, and had executed several other mortg-ag-es to take up bonds issued under former mortgage. Held, these facts and circumstances were sufficient to charge a subsequent mortgagee with notice of the terms and conditions upon which the bonds under said released mortgage had been surrendered, and he takes subject to the rights of those entitled to the bonds under said agreement. Fidelity Ins., etc., Co. v. Shenandoah Val. R. Co., 32 W. Va. 244, 9 S. E. Rep. 180.
The C. I. Co. holds first mortgage bonds under a mortgage, dated in 1872, given by the S. V. R. R. Co.; and the two companies make an executory agreement providing that the bonds held by the C. I. Co. shall be cancelled, and in place of them the S. V. R. R. Co. shall issue and deliver to the C. I. Co. second mortgage bonds, which are to be subject to certain first mortgage bonds, specified in the agreement to be issued by the S. V. R. R. Co. to go to other parties, to complete the railroad of the S. V. R. R. Co. Under the agreement, the bonds under the mortgage of 1872 are cancelled, and a release of that mortgage is made by the trustee therein. Then the S. V. R. R. Co., executes three mortgages on its property; the trustee therein having notice of the right of the C. I. Co. under said agreement. It never delivered to the C. I. Co. the second mortgage bonds called for by said agreement. The C. I. Co. is held entitled to equitable compensation under such agreement for the failure of the S. V. R. R. Co. to deliver such second mortgage bonds. Held, that by force of such agreement, notwithstanding the failure to deliver such second mortgage bonds, the equitable compensation for such failure decreed to the C. I. Co. must be subject to the first mortgage bonds to which such agreement made the second mortgage bonds subject; and it cannot be accorded priority over such bonds by reason of the mortgage of 1872. Fidelity, etc., Co. v. Shenandoah Val. R. Co., 33 W. Va. 761, 11 S. E. Rep. 58.
Railroads — Insolvency — Receivers — Preferential Claims. — Where a railroad has been taken possession of by a court of equity, and a receiver to manage the road has been appointed, if at the time the receiver was appointed the railroad company was indebted for services rendered or materials furnished them, these creditors are entitled to be paid out of the net revenues of the road in preference to the mortgage bondholders; and if said net revenues have been applied to pay interest to these bondholders, or to the repair, improvement, or the extending of the road, upon a sale of the road, the proceeds of the sale of the road to the extent of the said net revenues are to be applied to the payment of these creditors. Williamson v. Washington, etc., R. Co., 33 Gratt. 624; Addison v. Lewis, 75 Va. 701; Gilbert v. Washington, etc., R. Co., 33 Gratt. 645.
A bond given to obtain license to sell liquors under section 22, ch. 32, Code 1891, conditioned as therein directed, binds its obligors to pay fines and costs recovered by the state on indictment for acts violating its condition. Such bond is good to answer for any act violating its condition. State v. Nutter, 44 W. Va. 385, 80 S. E. Rep. 67.
If a bond be given, without any consideration, but to be used as an article of traffic to raise money, the bona fide purchaser (though at a large discount) of such bond, without notice of the purpose for which it was executed, is entitled to recover the full amount. Hansbrough v. Baylor, 2 Munf. 36.
A defendant in an action for seduction, anticipating a judgment against him, transfers two bonds which he holds on S and G and also his interest in the real estate of his deceased father, to a brother, for the purpose of evading the payment of the anticipated judgment. A judgment is recovered against him; and he takes the oath of an insolvent debtor, and surrenders nothing. The plaintiff then files a bill against his debtor and his brother, and S and the high sheriff, to set aside said transfers, and to subject the property to satisfy said judgment. Held, the said transfers will be set aside, and the property will be subjected to satisfy the judgment. Greer v. Wright, 6 Gratt. 154.
W being largely indebted in proportion to his property^ made a gift of slaves to his married daughter; and her husband remained in possession of them for eight years. Judgment having been recovered on some of these debts, and also on other debts contracted since the gift, B became the surety of W in the forthcoming bonds; and was compelled to pay the mon ey. He then recovered judgment against W for the amount so paid by him, and all the property of W having then been sold, by the directions of B his executions were levied on the slaves given by W to his daughter and their increase. Held, the slaves were liable to satisfy the debt of B. Wilson v. Buchanan, 7 Gratt. 334.
Two partners having given their joint and several bond to a creditor of the firm, for a partnership debt, the creditor is entitled to share with the separate creditors the separate estate of the deceased partner. Ashby v. Porter, 26 Gratt. 455; Morris v. Morris, 4 Gratt. 293.
Lands devised (without any specific charge by will or deed) ought not to be charged in equity to satisfy a bond debt of the devisor, until the personal estate is exhausted, including a remainder in slaves, expectant upon an estate for the life of the testator’s widow. Foster v. Crenshaw, 3 Munf. 514.
2. Confederate Contracts.
NATURE OF CONTRACT.
Bond — Payment—Kind of Currency— Evidence. — V executes to C a bond, for the purchase of property, dated March 30th, 1864, to be paid, with interest, three years from the date, “in the currency used in the common business of the -country at the date of the maturity.” Parol evidence is admissible to show what was the true understanding of the parties in respect to the kind of currency in which the same was to be performed, or with reference to which, as a standard of value, it was made and entered into. Calbreath v. Va. Porcelain, etc., Co., 22 Gratt. 697; Wrightsman v. Bowyer, 24 Gratt. 435. See also, foot-note to Hilb v. Peyton, 22 Gratt. 550.
Msues the adm’r of W upon a bond dated July 18th, 1863, and payable with interest two years after date, “in current funds. ” The bond states on its face it was given in part of the price of land. Parol evidence is admissible to show that the parties had reference to confederate currency. Sexton v. Win-dell, 23 Gratt. 534, and foot-note ; Tams v. Branna-man, 23 Gratt. 809, and foot-note. See also, Hilb v. Peyton, 22 Gratt. 550, and note.
*806 Though a bond provides on its face, that it “is to be paid in current funds,” S may prove, by parol evidence, that by agreement with F at the time the 'bonds were executed, he had a right to pay'them at any time before they were due in confederate currency; and that he had so paid the other four bonds to the holders thereof, and in January 1865, offered to pay this bond, Meredith v. Salmon, 01 Gratt. 762.
By bond dated July 7th, 1863, B promises to pay to W, three years after date, $2,000 without interest, in funds current in the state of Virginia, being money borrowed. ■,Held, parol evidence is admissible to prove the consideration of thebond and the character of the contract. Wrightsman v. Bowyer, 24 Gratt. 433.
Though upon the face of the paper the court might correctly hold that the contract was a confederate contract, and should be scaled, the facts connected with the transaction may, and do show that itshould not be so treated; and these facts may be received in evidence and the bond construed by the light of them. Omohundro v. Omohundro, 27 Gratt. 824; Wrightsman v. Bowyer, 24 Gratt. 433; Dearing v. Rucker, 18 Gratt. 426.
M sues the administrator of W upon a bond dated July 18th, 1863, and payable with interest two years after date, “in current funds.” The bond states on its face it was given in part of the price of land. Parol evidence is admissible tó show that the parties had reference to confederate currency. Sexton v. Windell, 23 Gratt. 534.
Parol evidence is admissible to show that the money'in which a bond is payable in confederate currency; and this is true of a bond given as a mere renewal of the old bond, without any additional consideration. Jarrett v. Nickell, 9 W. Va. 345; Caldwell v. Craig, 22 Gratt. 340; Bowman v. Mc-Ohesney, 22 Gratt. 609; Omohundro v. Omohundro, 21 Gratt. 626.
A .bond given in the paper money times is not subject to the scale of depreciation, if it can be shown by circumstances, though not appearing on its face, that the debt out of which it grew was originally payable in specie. Nicholas v. Tyler, 1H. & M. 331.
P executes his bond to H for $5,000, dated June 9th, 1863, and payable two years after date, without interest, “in such funds as the banks receive and pay out.” Parol evidence is not admissible under § 2 of the adjustment act, of March 1866, to prove the kind of currency in which the bond was to be paid, or with reference to which, as a standard of value, it was made and entered into. Hilb v. Peyton, 21 Gratt. 386.
On the 23d of June. 1865, R C sells to N C a tract of land, for which N C was to give him another tract and $6,500; $1,000 to be paid in six months from date, $2,500 in one year, $2,000 in two years, and $2,000 in three years; the interest on $2,000 for one year to be remitted. On the same day N G executes his bonds to R O for said sums of money, payable at the times specified in the agreement; thus — Twelve months after date, I bind myself, heirs, etc., to pay R O twenty-five hundred dollars in currency at its specie value, with interest from date. Two judges hold the word “dollars” is tobe construed specie dollars; two that the contract is to pay currency at its then specie value; and one judge holds that it is a contract to pay currency at its specie value at the time of payment. Caldwell v. Craig, 22 Gratt. 340; Caldwell v. Craig, 21 Gratt. 132.
On the 15th of November, 1862, H executed his bond to S, for $600, payable on demand, it being for money borrowed, upon a condition, inserted at the instance of H, that no interest will be required until the money is demanded, and then a reasonable time to be given to pay; interest to run from the demand. The loan was in Confederate money. Held, it was a debt payable in Confederate currency, and therefore not usurious. Stover v. Hamilton, 21 Gratt. 273.
Bonds — Payment—Kind of Honey — Presumption.— Where a bond for purchase of land was executed March 30th, 1863, payable in two 3rears, in the absence of any thing on the face of the bond to indicate the kind of money in which it was to he paid, under the statute there is no presumption of law on the question. The only presumption is a presumption of fact, from the circumstances proved; and is a question for the jury. Efflnger v. Kenney, 24 Gratt. 116; Walker v. Pierce, 21 Gratt. 722; Jarrett v. Nickell, 9 w. Va. 353; Bierne v. Brown, 10 W. Va. 749; Moss v. Moorman, 24 Gratt. 97, and note.
Bonds — Currency—Presumption.—In an action on a bond given in September, 1863, for $1,000, payable in two years, the court instructed the jury, that Confederate States treasury notes were the prevailing currency in circulation at the date of the bond, and that a presumption of fact would arise from that circumstance alone, that the said bond was intended to he payable in such notes; but such presumption may be rebutted by evidence; and the burden of proof rests on the plaintiff to show that the said bond was entered into in reference to Confederate money as a standard of value. Held, the instruction is erroneous, A presumption of fact does not arise that a bond executed when Confederate notes was the prevailing currency, payable at a distant day, is payable in such notes. Whatever presumption there is, if any, was a matter exclusively for the jury. Dyerle v. Stair, 28 Gratt. 800.
Wherever an obligation is given for the payment of so many dollars payable before the ?0th October, 1863, the presumption is (in the absence of all proof as to the kind of currency in which it is to be paid) in favor of payment in a sound currency. Inquiry, of course, may be made as to the intentions of the parties, and very slight proof may change this presumption, but in the absence of all proof, the presumption, when the obligation is payable before the 20th of October, 1863, is in favor of a sound currency. Hansbrough v. Utz, 75 Va. 959.
Where a bond is given which bears interest from a day anterior to its date, it is a fair inference that the bond was executed for a debt existing at the date from which it bears interest; and as that date is January 1st, 1861, though the bond bears date in 1865, the presumption that it was a Confederate debt to be paid in Confederate currency, is repelled by the face of the bond itself. Walker v. Pierce, 21 Gratt. 722.
The words of the bond that is “to be paid in current funds," do not necessarily raise the presumption, that it is to be paid in another and more valuable medium; but their proper interpretation depends upon the time when and the circumstances under which they are used. Meredith v. Salmon, 2i Gratt. 762.
SCALING.
Bonds — Confederate Currency — Scaling.—where a bond hears date on thell4th of May, 1863, and is payable on demand, and the balance found due to the administrator at that date is almost wholly made up of his commissions on receipts and disbursements prior to the 15th of November, 1862, the bond *807 having "been, given with reference to Confederate States treasury notes as a standard of value, is to be scaled as of its date. James v. Johnston. 22 Gratt. 461.
R executes to M his bond for $3,000 bearing date the 11th of July, 1802. and payable on demand. In a deed of trust given at the same time by R, to secure the debt, it is provided that if R will pay punctually the interest on the debt semiannually, the debt shall not be collected for five years. S pays the interest until July 1861. field, the bond being payable on demand, the provision in the deed for time does not change its character in that respect, and it must be scaled as of its date. Moon v. Richardson, 24 Gratt. 219; Smyth v. Sutton, 24 Gratt. 191, and not ex Jarrett v. Nickel!, 9 W. Va. 353.
In December, 1862, H sold to W two hundred and sixty acres of land, more or less, known as Knob Fork, purchased by H of B. and bounded by the deed of B, for $3,250, of which W paid $2,000, and gave his bond for $1,250. On a survey of the land by W, it was found there -was but one hundred and ninety-nine acres, and twenty-seven acres of this was recovered by V upon a superior title, field, the contract having been a Confederate contract, the amount of the bond is, under the circumstances of this case, to be scaled according to the value of the Confederate money at the time of the contract. Walsh v. Hale, 25 Gratt. 314.
An agreement is entered into on the 1st of .June, 1863, ior the purchase by M of E of one hundred head of cattle, for which M was to pay E $75 per head in current funds, to be paid to E when he demands the same; but the same is not to draw interest until after ratification of peace between the United States and Confederate States governments. The proof is that Confederate States treasury notes was intended by both parties to be the medium of payment, whether the payment was made before or alter the peace. Nothing was said as to the mode of payment if there was no such currency. This was a contract to pay in pmsenti. and the debt should be scaled, and the amount fixed as of that date. McOlung v. Ervin, 22 Gratt. 519. See Bailey v. Stroud, 26 W. Va. , 614, and Bierne v. Brown, 10 W. Va. 748.
In June, 1863, F borrows of H $5,000 of Confederate treasury notes, for which P gives his bond payable two years after date without interest, in such funds as the banks receive and pay out. In action by H against P on this bond, the jury scale the debt as of the date of the bond, and render a verdict for that amount with interest from that day; and this verdict is approved by the court. The appellate court 'will not disturb it. Hilb v. Peyton, 22 Gratt. 550.
In March. 1862, K sold personal property at auction, on nine months’ credit, amounting to about $2,000. F purchased some of it, and gave his bond for $501.57, with R as his surety. On the 10th of April, 1863. K sold all the bonds to R, including that of F, for Confederate money. After the bond of F fell due, he tendered payment in this money, field, R can only recover the value of the Confederate money he paid K for the bond, with interest from the date of the purchase. Kendrick v. Forney, 22 Gratt. 748.
A bond is dated 1st of February. 1780, payable on or before the 17th of December. 1781, and to carry interest from the 16th of February, 1779. These latter words, with other circumstances, will fix the period, at which the scale of depreciation ought to be applied, to February, 1779. Pleasants v. Bibb, 1 Wash. 10 LB]; Dearing v. Rucker, 18 Gratt. 469.
In the case of Bennett v. Claiborne, 23 Gratt. 366, it was held that B a guardian having received the amount of the ante-war bond, and paid the ante-war expenses of C as awarded, incurred during the guardianship of D, that these payments to the 1 amount of the said bond should not be scaled ; but all other disbursements of B should be scaled.
M held the bond of G for $700 executed before the war. In September, 1862. G proposed to pay M in Confederate money which she refused to receive, saying she would receive the interest, but not the principal of the money. His brother (5 said he wanted money, and G said ii she would lei Chave the money, and give up his bond, he would go C’s security. M then let C have $100 of Confederate money, and C and G executed their bond to M for $800, and she gave up G's bond. Nothing was said about the bond being paid in Confederate money; aud G paid to C $700 in that currency. Held, this was not a novation of the debt, but it retained its original character ; and as to $700 it was to be paid in full, and as to $100 it was to be scaled. Barnetts v. Miller, 23 Gratt. 551.
J lent to G $5,000, and took his bond for the amount, dated April 17,1862, payable five years after date, with interest, and a deed of trust on land to secure the debt. The money loaned had been deposited in bank in January 1861, to J’s credit, and she gave G a check upon the bank for the amount in the usual form. This was not a Confederate contract, and is not liable to be scaled. Michie v. Jeffries, 21 Gratt. 334.
Judicial Sale of Land — Bonds—Payable in United States Currency — In May 1863 there is a decree for the sale of land, and in August 1863 there is a sale by the commissioners, who announce publicly the terms of sale to be, on a credit of one. two and four years; the purchase money to be paid in the currency which may be in use when the respective payments fall due; but with the privilege to the purchaser to pay one-half of the purchase money upon the confirmation of the sale by the court. The land, which was worth in gold eight dollars per acre, sold for one hundred and forty-two dollars per acre ; and. the sale being confirmed, the purchasers paid one-half of the purchase money with Confederate currency, executing their bonds for the other half, which fell due in August 1865 and 1867. They must pay off these bonds in the currency of the United States ; that being the currency in use when they fell due. Teel v. Yancey, 23 Gratt. 691.
Ante=War Bond — Scaling—intention of Parties. — If it appear that the bond sued on was given for a bond due before the war. and was intended both by the obligee and the principal obligor, to be paid in legal money, and was in fact taken for the accommodation of the principal obligor, the sureties will be bound to pay it in legal money, though they may not have known what was the consideration of it. Walker v. Pierce. 21 Gratt. 722.
N gives his bond to B, dated January 29th, 1863, by which, on demand, three months after notice to pay, he promises to pay to B five thousand dollars, without interest, in current funds; the money to be punctually paid at the end of three months after demand, and if not, to bear interest from demand; B not to be required to receive the money except at his pleasure. The bond Ls given for five thousand dollars Confederate notes, then delivered by B to N, which were then in gold but one-third of the amount. Held, the contract is valid, and B is entitled to recover five thousand dollars in the *808 currency of the day when the money is demanded. Boulware v. Newton, 18 Gratt. 708.
Bonds — Confederate Currency — Time of the Essence of the Contract. — la September 1868, B sold to S one-half of the Virginia hotel, in Staunton, part in cash, and the balance in six, twelve, and eighteen months, for which S gave his bonds, payable in such funds as should be current or receivable in payment of Virginia State taxes when they fell due; with the privilege of S to pay them at any time before they fell due&Held, where payment is to be made in Confederate currency for land purchased, time is of the essence of the contract; though it is not generally, unless injustice is thereby done to the vendor. Booten v. Scheffer, 21 Gratt. 474.
Payment — Authority of Agent to Receive. — The authority of'an agent to collect debts evidenced by bonds is not suspended because it is illegal to remit the amount so received to his principal; in such case it is the duty of the agent to receive payment and the duty of the obligor to pay. Hale v. Wall, 22 Gratt. 424.
Receipt of Confederate Currency — Duress.—An obli-gee, who was induced to accept Confederate money in payment of a bond by a statement made to him by the obligor, that he would be liable for refusing to take Confederate money, to be considered disloyal, and to be put in prison, and kept there during the war, is not acting under such duress as will invalidate the payment. Simmons v. Trumbo, 9 W. Va. 358.
Confederate Bonds — Agreement to Receiver. — S has a judgment docketed for an ante-war debt, against C, the principal, and E and P his sureties, well secured by the judgment lien upon the lands of the debtors. If S, to enable C to sell his land for Confederate money, and make a good title to the purchaser, agrees, in May 1863, to accent payment of the judgment in Confederate notes or bonds, and if, in pursuance of this agreement, C immediately advertises and sells his land and receives payment of the purchaser in such money or bonds and conveys to him the land, S cannot afterwards revoke his agreement to accept such payment, but his promise is binding upon S, not only in behalf of C, but of his sureties also, and the purchaser. Poague v. Spriggs, 21 Gratt. 220.
Sale — Investment in Confederate Bonds — Purchasers. —An ante-war creditor refuses to receive from a purchaser of property sold for payment of debts in 1863, Confederate currency in payment, and the purchaser obtains an order of the court to invest the amount in Confederate bonds. It is the purchaser’s money which is invested, and he must bear the loss. Crockett v. Sexton, 29 Gratt. 46.
A bill was filed during the late war for a partition of real estate among co-parceners, some of whom were nonresidents. A decree for sale was made and the sale made under it at which the commissioner was the real purchaser. The sale was confirmed, and the shares of the nonresident parties were by direction of the court invested in their names in bonds of Floyd county issued during the war. On a bill filed by the nonresidents impeaching the original sale and asking a resale it was held that the investment in the bonds of Floyd county were at the risk of the purchaser and that the bonds should be surrendered to him as his property, the obligees being required, if desired, to assign them to him without recourse. Howery y. Helms, 20 Gratt. 1.
Sale of Land — Confederate Money — Purchaser—Measure of Liability. — Where a sale of land is made with reference to Confederate securities as the standard of value and part of the purchase money has been paid, the purchaser should be allowed his option to take the land at its value in good money, to be credited with the true value of the money he has paid; or to surrender the land and account for the rents and profits, and be credited for the value of the money paid. Poague v. Greenlee, 22 Gratt. 724; Sexton v. Windell, 23 Gratt. 539.
In October 1862, R< sold and conveyed to O land.- and took his bonds payable in one, two, three and four years, secured by deed of trust on the land. It was a Confederate contract, and in October 1863, C paid R $1,000 upon the first bond; and he paid no more. In 1867 the trustee advertised the land for sale, and C enjoined the sale, and asked that his bonds should be paid on such terms as to the court might seem proper. Held, G may have his election to give up the land, and receive back the value of the $1,000 of Confederate notes he paid, as at the time of payment, and account for the rents and profits; or retain the land and pay a reasonable price therefor, to be ascertained by a commissioner; subject to a credit of the proportion which the amount he has paid bears to the amount he agreed to pay; with interest on the balance from the date of the contract. Carter v. Ragland, 21 Gratt. 574.
Sale of Land — Bonds—Payable in “Bankable Currency.” — In October 1862, B sold to T land, for $2,800, about what he had given for it in 1854; cash $1,000 and the balance in one, two and three years. The article of agreement says nothing of the kind of money to be paid, but the bonds, which were written by T and sent to B, are made payable “in bankable currency.” B expecting to use the $1,000 in another purchase, at his instance, T gives him his bond for it, payable on demand, and bolds the money ready to pay it at any time; but no demand is made until after the war, and in 1865 and 1866, T makes two payments to B, each of $300. T says his understanding of the contract was that he was to pay in Confederate money. B says his understanding was it was to be paid in good money. B was a plain farmer. Held, there is no evidence to show that this was a contract according to the true understanding and agreement of the parties, to be performed in Confederate money or with reference to Confederate money as the standard of value, and as the price was not more than the land was worth in good money, it was not a Confederate contract. If it is a Confederate contract, the value of the land at the time of the contract is the most just measure of recovery. Tams v. Brannaman, 23 Gratt. 809.
F. OWNERSHIP.
1. How Acquired.
a. Gift. — The owner of a bond which was in suit and for which the owner held an attorney’s receipt, told the plaintiff that he might have the bond, and delivered to him the attorney’s receipt for it, instead of delivering the bond itself, which was then filed in the suit in court; no consideration was given by the plaintiff for the bond. Held, this was a valid gift of the bond to the plaintiff, and he is entitled to* recover the money collected upon it. Elam v. Keen, 4 Leigh 358 [334]. See monographic note on "Gifts.”
5. Gift Moi'tis Causa. — A bond may be the subject of a donatio mortis causa, whether it be the bond of a stranger or the donee; and in this case the donation *809 was held valid. Tee v. Boak, 11 Gratt. 183; Yancey v. Field. 85 Va. 756, 8 S. E. Rep. 731.
c. Marriage— C advances money, arising from the sale of his wife's interest in real estate, to T P, and takes T P’s "bond therefor, payable to C C, his wife. Held, the bond is a chose in action belonging- to the wife, and subject to be reduced into possession by the husband in his lifetime. Perkins v. Clements, 1 P. & H. 141.
A guardian and administratrix, who has executed official bonds, makes a settlement with the husband of her ward and the distributee, and executes her bond to the husband for the amount found due on the settlement. The husband afterwards dies, his wife surviving him, and the bond remaining unpaid. Qu<ere: If this is a reduction of the chose in action of the wife into possession by the husband, so that his administrator will be entitled to the debt; or whether it survives to the wife. The court, consisting of four judges, is equally divided upon the question. Yerby v. Lynch, 3 Gratt. 460.
3. Evidence op Ownership.
a. Presumptions. — In a contest between the creditors of a husband and the wife all presumptions are in favor of the creditors. In such case the mere holding of a bond is not sufficient evidence that at the time the bond purports to have been given it was recognized as a debt, and that both husband and wife intended to occupy the relation to each other of debtor and creditor. The burden is upon the wife to show that the original transaction represented a loan by her to the husband, and a contemporaneous promise on his part to pay the debt. Spence v. Repass, 94 Va. 716. 37 S. E. Rep. 583; Darden v. Ferguson (Va.), 37 S. E. Rep. 485; Flynn v. Jackson, 93 Va. 341, 35 S.E. Rep. 1.
b. Possession as Evidence. — The mere possession of a bond is not such evidence of property as will justify a payment to the holder, without authority express or implied, for the owner to collect the same. Lloyd v. Erwin, 39 Gratt. 598; Thornton v. Fairfax, 39 Gratt. 683; Donahue v. Fackler, 31 W. Va. 130; Flesher v. Hassler, 29 W. Va. 405, 1 S. E. Rep. 581.
The mere possession of a bond is not such an evidence of property as will justify a payment to the holder, without authority, express or implied, from the owner to collect the same. Brown v. Taylor, 32 Gratt. 135; Tate v. Tate, 85 Va. 205, 7 S. E. Rep. 352; Ilodnett v. Pace, 84 Va. 873, 6 S. E. Rep. 317.
When the interest of two obligees is shown by the face of the bond to be joint, the possession of the bond by one of them could not mislead a purchaser from him; and though each might sell his own interest, neither could dispose of the interest of the other without his consent. Brown v. Dickenson, 27 Gratt. 690.
3. Larceny of Bond. — The obligor in a bond may be guilty of the larceny thereof. Vaughn v. Com., 10 Gratt. 758. See monographic note on “Larceny” appended to Johnson v. Com., 24 Gratt. 555.
G. PLEADING AND PRACTICE,
l. Form op Remedy.
а. Assumpsit— Neither at common law nor under the 10th section of the Code of 1868, will an action of assumpsit lie on a writing obligatory which is not a money bond. State v. Harmon, 15 W. Va. 115; Beirne v. Dunlap, 8 Leigh 514.
б. Action of Debt. — Whether the bond be declared on as the single bill without noticing the condition or, as allowed by statute, the condition be set out and the declaration and breaches be assigned therein, the form of action in either case is debt; and save in the case of official bonds, the defendant must demand the penalty of the bond and allege its non-payment as in all other cases of actions of debt. Reynolds v. Hurst, 18 W. Va. 648; Allison v. Bank, 6Rand. 227; Ward v. Fairfax Justices, 4Munf. 494; Nadenbush v. Lane, 4 Rand. 413; Green v. Bailey, 5 Munf. 246; Braxton v. Lipscomb, 2 Munf. 283; Greén v. Dulany, 2 Munf. 518; Norvellv. Hudg-ins, 4 Munf. 496; Hill v. Harvey, 2 Munf. 525; Buckner v. Blair, 2 Munf. 336; Nicholson v. Dixon, 5 Munf. 198; Cobbs v. Fountaine, 3 Rand. 484; Strange v. Floyd, 9 Gratt. 474; Douglass v. Central Land Co., 13 W. Va. 510, 511; State v. McClane, 3 Blackf. 193; State v. Phares, 24 W. Va. 657, 4 Rob. (New) Pr. 109; 1 Rey. Code 1819, p. 509, sec. 82; Va. Code 1849, ch. 172; Va. Code 1860, ch. 172; Va. Code*1887, ch. 160; W. Va. Code 1899, ch. 126. The case of Vandiver v. Hyre, 5 W. Va. 414, is overruled. Rigg v. Parsons, 29 W. Va. 533, 2 S. E. Rep. 81.
On the 14th September, 1862, H binds himself by bond to pay to D. twelve months after date, $800 for the purchase money of land, describing it, “payable in the currency of Virginia and North Carolina money.” This is a promise to pay this suin in the currency named; and an action of debt cannot be maintained upon it. Dungan v. Henderlite, 21 Gratt. 149.
By a writing obligatory, the obligors promise, on or before a specilied day, to pay the obligee $813.79 in notes of the United States“bank or either of the Virginia banks, and debt is brought on this writing. Held, the action cannot be maintained. Beirne v. Dunlap, 8 Leigh 514.
By a bond dated the 27th of March, 1840, the obligor bound himself to pay to the obligee or order, on or before the 25th of March, 1842, a certain sum of money, with interest; “which sumNmay be discharged in notes or bonds due on good solvent men residing in the county of R.” This is a bond for the payment of money, for which debt will lie; and it Is. not necessary to notice the provision as to the mode of payment in the declaration. Butcher v. Carlile, 12 Gratt. 520; Aaron Burr y. Brown, 5 W. Va. 241; Minnick v. Williams, 77 Va. 758; Crawford v. Daigh, 2 Va. Cas. 521.
T executes his bond to S by which on demand he promises to pay to S in gold and silver or the equivalent thereof, $2,400. This is a promise to pay $2.400 in gold or silver coin or the equivalent thereof; and debt may be maintained upon it. Turpin v. Sledd, 23 Gratt. 238.
The heir may maintain an action of debt on a bond to his ancestor, conditioned for quiet eujoyment of lands, where the breach has happened since the death of the ancestor. Eppes v. Demo-ville, 2 Call 22.
A statute gives a penalty, to be recovered by bill, plaint or information. Held, the penalty may be recovered by action of debt. Sims v. Alderson, 8 Leigh 479.
' c. Motion — TJnHer the statute concerning sheriffs, 1 Rev. Code, ch. 78, § 37, giving remedy to sureties of sheriffs against their principals, a summary motion does not lie for such sureties against their principals to recover judgment for the money paid; but only to obtain execution against the lands. Bacchus v. Gee. 2 Leigh 73 [68].
d. Hule to Show Cause. — A judicial sale of land is partly on a credit, and the purchaser pays the cash payment, and executes his bonds with security for the deferred payments; and the sale is confirmed *810 toy ttoe court. When ttoe bonds become due the purchaser fails to pay them. He may be proceeded against by a rule made upon him to show cause why ttoe land shall not toe sold for ttoe payment of the purchase money; and upon that proceeding a decree may toe made for a sale of ttoe land. Clark-son y. Read, 15 Gratt. 888.
e. Mandamus — To President of County Court — Exercise of Discretion — By an order of ttoe county court, duly authorized toy a popular Tote, a county subscribes $250,000 in its bonds to ttoe capital stock of a railroad company, to be expended on that portion of ttoe road located within ttoe county, and appoints three citizens of the county a committee to take charge of ttoe bonds, and deliver the same to the company in such amounts as in their judgment will toe at ttoe time a fair compensation to the company for the work then done in ttoe construction of that part of the road located within ttoe county. Ttoe company completes ttoe road through the county, and during its construction all ■ ttoe bonds except $8,100 are delivered to it ; but before ttoe completion of ttoe 'road ttoe county court makes another order, requiring the bonds still undelivered to be countersigned toy ttoe president of the county court, and tois concurrence and approval before the bonds are delivered. In response to a demand made by ttoe company upon the committee for the residue of ttoe bonds, they report that they are satisfied the company is entitled to ttoe said bonds, and that they will toe delivered upon ttoe signing of their report toy the president of ttoe county court; and ttoe latter refuses to sign the report, because, in his judgment, the company has not done ttoe amount of work in ttoe county to entitle it to the bonds. Held, mandamus will not lie in such case to compel ttoe president of the county court to countersign and deliver said-bonds either to the committee or ttoe company. Satterlee v. Strider, 31W. Va. 781, 8 S. E. Rep. 552.
2. Who Mat Maintain Action.
Commissioner. — Commissioners appointed toy a court of equity to sell lands, make ttoe sale and take bonds for ttoe purchase money, made payable to themselves; and before ttoe money is paid ttoe commissioners are removed and others are appointed. The last commissioners are entitled to sue at law on ttoe bonds, in ttoe names of ttoe first to whom ttoe bonds were made payable." Clarksons v. Doddridge, 14 Gratt. 42; Lewis v. Glenn, 84 Va. 977, 6 S. Er'Rep. 866; Triplett v. Goff, 83 Va. 785, 3 S. E. Rep. 525; Sang-ston v. Gordon, 22 Gratt. 764.
Executor. — If one of two executors take a bond to himself as executor of the- testator (without mentioning ttoe other), tois executor may sue upon it, notwithstanding the other executor survived him, and acted as such, and gave no assent to ttoe institution of the suit. Pulliam v. Johnson, 4 Munf. 71.
An administrator may declare in the debet and detinet on a bond executed to himself as such, and tois executor, or administrator, has a right to bring an action upon it. Bowden v. Taggart, B Munf. 518.
Corporation — Corporate Name. — A bond executed to the “President and Managers of ttoe Culpeper Agricultural and Manufacturing Society,” maybe sued upon toy the “Culpeper Agricultural and Manufacturing Society,” that being the legal style of ttoe corporation. Culpeper Agricultural & Mfg. Soc. v. Digges, 6 Rand. 164.
Joint Bond— Action Must Be Joint. — All the obligees in a joint bond must join in an action thereon, or some sufficient excuse for not joining them must be stated in the declaration, or the objection is fatal on general demurrer. Strange v. Floyd, 9 Gratt. 474.
Joint and Several Bond. — When a bond is joint and sevéral, and ttoe obligee is one of the obligors, he may maintain an action at law in tois own name against one of the other obligors, tout such suitcould not toe maintained at law, if the bond was a joint bond and not a joint and several bond. Booth v. Kinsey, 8 Gratt. 563; VanWinkle v. Blackford, 28 W. Va. 671.
Assignee. — A bond dated ttoe 4th June 1774, and signed the 17th November 1791, will toe governed toy the act of October 1786, ch. 29, and if such bond be one with a collateral condition and not for the payment of money or tobacco, no action can toe maintained thereon under ttoe statute in ttoe name of the assignee. Henderson v- Hepburn, 2 Call 195 [233].
Presumption as to Character of Obligation. — Neither the scire facias nor any other part of the record, showing what was the character of the obligation or other liability upon which ttoe original judgment was rendered, and ttoe defendant’s plea not averring that it was such a statutory bond as required that there should be a relator in any action brought upon it,, and that the relator should be the party, having the legal right to sue, it must toe regarded as a common-law bond or liability subject to toe sued on in the names of ttoe payees without a relator, or for the benefit of the holder or any party entitled to the benefit of it. Richardson v. Prince, H Gratt. 190.
3. Pabtdes.
Joint Obligations — Joint Suit. — In debt on a bond against ttoe heirs of the obligor, if ttoe writ (toeing made part of ttoe record toy oyer) be against four persons as heirs of said obligor, but, by the declaration, three only be charged as such, the declaration is too defective for a judgment tobe entered thereupon for the plaintiff; and such defect is not cured toy verdict. Watson v. Lynch, 4 Munf. 94.
Debt upon a bond — defendant, without taking oyer, pleads payment, with leave to give special matter in evidence. Ttoe bond given in evidence had the name and seal of another obligor. It not appearing in the appellate court toy a bill of exceptions, or otherwise, that the obligor not sued was ttoe survivor, and ttoe jury having found a verdict for ttoe plaintiff, that court cannot say that the judgment rendered upon ttoe verdict was erroneous. Bently v. Harmanson, 1 Wash. 352 [273].
In an action of debt against one obligor only, if ttoe declaration describe the bond as joint, and do not state the other obligor to toe dead, it is a fatal error, though not pleaded in abatement, and is not cured toy verdict. Newman v. Graham, 3 Munf. 187.
Where a joint bond was given before the act of 1786, and after that act went into operation one of the obligors died, living ttoe other, ttoe obligation survived, and ttoe executors of the deceased were exonerated. Elliott v. Lyell, 3 Call 234 [269]; Watkins v. Tate, 3 Call 451 [521] ; Richardson v. Johnson, 2 Call 445 [528]; Chandler v. Hill, 2 H. & M. 124; Stevens v. Taliaferro, 1 Wash. 194 [155],
Of Writing Binding Persons Jointly. — The representative of one bound with another, either jointly or as a partner, by judgment, bond, note, or otherwise, for ttoe payment of a debt, or the performance or forbearance of an act, or for any other thing, and dying in the lifetime of the latter, may toe charged in the same manner as such representative might have been charged, if those bound jointly or as partners, toad been bound severally as well as j ointly, *811 otherwise than as partners. Va. Code 1887, sec. 2855, p. 68 Í.
In a joint bond all the subscribers thereto are presumptively principals except those which have the word “security” before their names. Harper v. McVeigh. 82 Va. 751,1S. E. Rep. 193.
A sealed instrument in the singular number, but signed and sealed by two persons, is joint and several. Holman v. Gilliam, 6 Rand. 38.
The executors of two deceased obligors cannot be joined in the same action. Watkins v. Tate, 3 Call 451 [521].
A single bill, under seal, is not a note, but a specialty ; and therefore, the drawer and endorsers of such anote, made negotiable and payable at the farmers' bank, cannot be sued jointly. Mann v. Sutton, 4 Rand. 253.
Assignee. — In a suit to declare void a bond alleged to have been executed with fraudulent intent, it appeared that the bond had been assigned to the wife of the obligor. Held, the assignee should have been made party to the suit and the failure to do so may be taken advantage of in the appellate court. Thornton v. Gaar, 87 Va. 315, 12 S. E. Rep. 753 ; Jame-son v. Deshields, 3 Gratt 4; Lynchburg Iron Co. v. Taylor, 79 Va. 671; Welch v. Solenberger, 85 Va. 441, 8 S. E. Rep. 91; James Riv. & Kanawha Co. v. Littlejohn, 18 Gratt 82.
Derivative Purchaser. — if a derivative purchaser, by assignment of a title bond, file his bill against the vendor for a specific conveyance, the first purchaser or his representatives ought to be made parties. Hoover v. Donally, 3 H. & M. 316.
Devisees and Legatees. — In a suit upon a bond against a principal and his sureties, if one of the sureties die, his personal representative and his widow who is his sole devisee and legatee, should be made parties to the suit. Wytheville, etc., Co. v. Erick Co., 96 Va. 141, 30 S. E. Rep. 491.
Personal Representatives of Plaintiff.— The principal and surety to a bond obtain an injunction to a judgment against them. The surety dies pending the suit in chancery. After referring the cause to a commissioner, exceptions to the report on account of set-offs disallowed (some of which were claimed by the surety himself), and the court rejecting them, because not filed in time, the injunction is in part dissolved, and in part perpetuated, without making the representatives of the deceased plaintiff, a party. This proceeding is erroneous. A rule should have been given him, at the instance of the defendant, that unless he revived the suit by an appointed time, the injunction should stand dissolved. «Jackson v. Arnold, 4Rand. 195.
Personal Representatives of Obligor. — Where two of three obligors in a bond are dead and insolvent, and there is no personal representative of either of them, the obligee coming into equity to enforce the payment of the debt against the personal representative of the other obligor, is not bound to have personal representatives of the deceased insolvent obligors appointed, and make them parties. And this especially where the defendant has not. by his answer or in other mode of pleading, objected to the failure to make them parties. Montague v. Turpin, 8 Gratt. 453.
Foreign Insurance Company — Recovery of Premiums • -Parties. — A Joreign insurance company has deposited bonds with the treasurer of the state in pursuance of the statute and fails. A policy holder may sue the company in the circuit court of the city of Richmond, and make the treasurer a party defendant to subject the bonds in his possession to satisfy the premiums he has paid upon the policy. See act of April 4, 1877, amending § 32. ch. 36, Code of 1873, p. 368; Universal Life Ins. Co. v. Oogbill, 30 Gratt. 72.
4. Notice. — If, in a motion on a bond, the notice apprise the defendant of the grounds of the motion, it is sufficient. The security is entitled to judgment against the principal, for the same specific thing which he has been adjudged to pay himself. Graves v. Webb, 1 Gall 385 [443].
In a motion on a bond the rule governing notices is that they are presumed to be the act of the parties, and not of lawyers, and are viewed with great indulgence by the court. If the notice be such that the defendant cannot mistake its object, it will be sufficient. Board of Supervisors v. Dunn, 27 Gratt. 608; Blanton v. Com.. 91 Va. 11, 20 S. E. Rep. 884; Monteith v. Com., 15 Gratt. 172; Drew v. Anderson, 1 Call 51; Graves v. Webb, 1 Call [443] 385; Segouine v. Auditor, 4 Munf. 398; Lemoigne v. Montgomery. 5 Call 528; Booth v. Kinsey, 8 Gratt, 560; Hendricks v. Shoemaker, 3 Gratt. 197; White v. Sydenstricker, 6 W. Va. 46; Board v. Parsons, 22 W. Va. 311; Shepherd v. Brown, 30 W. Va. IB, 3 S. E. Rep. 190; County Ct. v. Miller, 34 W. Va. 791, 12 S. E. Rep. 1078; Carr v. Meade, 77 Va. 142.
5. Allegations.
Suit by Commissioner — Allegation of Authority.— When the commissioner sues on bonds given for the purchaser money of land sold by him he must aver in his bill his authority to sue, or at least, to collect the money, and exhibit therewith the decree conferring the authority. Blair v. Core, 20 W. Va. 265.
A special commissioner appointed to make sale of land by a decree, who makes the sale and takes bonds payable to himself as commissioner, has no authority to collect or sue on said bonds unless specially appointed, or directed, by the court to do so. And when he is so authorized and brings a suit to enforce the payment of snch bonds he must aver in his bill that he has been so appointed and authorized to sue and collect said bonds. If he fails to make such averment and show such right to sue. his bill will be dismissed. Blair v. Core, 20 W. Va. 265; Clarke v. Shanklin, 24 W. Va. 32 ; Whitehead v. Whitehead, 23 Gratt. 376, and monographic note appended thereto.
Bond of Partners — Execution by One — Allegation of Authority. — A declaration in debt against two partners in trade, charging that one of them executed the bond for himself and another (without any other averment), is too defective to support a judgment against such other partner, though he pleaded payment, and a verdict was found against him. Garland v. Davidson, 3 Munf. 189.
Declaration against Remote Heir — Descent Traced.In declaring against a remote heir, he should be charged as heir of the heir of the obligor, or as heir of the obligor, with a videlicet, setting forth the intervening descent; but it is not necessary to state how he is heir. Waller v. Ellis, 2 Munf. 88.
Declaration against Partners — Allegation of Author» ity. — A declaration in debt against two partners in trade, charging that one of them executed the bond for himself and another (without any other averment), is too defective to support a judgment against such other partner, though he pleaded payment, and a verdict was found against him. Garland v. Davidson, 3 Munf. 189.
In an action of debt, the declaration being against A. and B. merchants and partners, and charging *812 that A. for himself, and B. hy his certain hill penal hound himself and his heirs, etc. (the hill penal being in that form), -without containing any further averments, was adjudged to he insufficient in law to maintain the action. Shelton v. Pollock, 1H.& M. 422.
Form of Declaration-Common Law. — It is never necessary hy the common law for the plaintiff in his declaration to state, or in any manner to take notice of, any condition subsequent annexed to the right which he asserts; for the office of such a condition is not to create the right on which the plaintiff founds his demand, hut to qualify or defeat it. The condition, therefore, if performed or complied with, furnishes matter of defense which is for the defendant to plead. .Carter v. Noland, 86 Va. 568,10 S. E. Rep. 605.
In a debt on a bond with collateral condition, if the condition he not set out in the declaration, nor 'made part thereof by oyer, it should he distinctly stated in a replication. Graham v. Graham, 4 Munf. 205.
In a debt on a bond, with condition to perform an award to he made by certain arbitrators, the condition being made a part of the record hy oyer, and the defendant having pleaded “Conditions performed,” the plaintiff may set forth the award and aver a breach of the condition, hy a special replication, not having done so in his declaration; but if he neglect to do this, and reply generally, judgment ought to he arrested, after a verdict in his favor. Green v. Bailey, 5 Munf. 246.
The rule at common law was for the plaintiff to count upon the bond, and for the obligor in the bond, if the condition amounted to a defeasance or a covenant not to put the bond in force, at any time to plead the covenant to the action on the bond as a release or in bar; but if the covenant was not to put the bond in force for a limited time, the obligor was compelled to resort to an action on the covenant. Carter v. Noland, 86 Va. 568,10 S. E. Rep. 605.
Form of Declaration — Statute.—Under the statute of 8 & 9 W. III., ch. 11, § 8; 1 R. C. 1819, p. 509, § 82;. Va-Code 1860, ch. 177, § 17; W. Va. Code ch. 131, § 17, p. 627, there are two .ways of declaring on a bond with collateral conditions. One is simply to declare on the obligation without setting forth the conditions. If this is done, the declaration will be good, till the defendant takes oyer of the obligation and thereby makes the conditions a part of the declaration. If after such oyer the defendant pleads ‘ conditions performed, as in this case, the plaintiff ought not to reply generally. But to sustain his declaration, the plaintiff must in such case by a replication allege a breach of the conditions. The better mode however of pleading in such a case is to set out in the declaration the conditions of the obligation, and assign the breaches of it. Allison v. Bank, 6 Rand. 227; B. & O. R. Co. v. Bitner, 15 W. Va. 455; Green v. Bailey, 5 Munf. 246.
Whether the bond be declared on as the single bill without noticing the condition, or, as allowed by statute, the condition be set out and the declaration and breaches be assigned therein, the form of action in either case is debt; and save in the case of official bonds, the defendant must demand the penalty of the bond and allege its non-payment as in all other cases of action of debt. Reynolds v. Hurst, 18 W. Va. 648; Allison v. Bank, 6 Rand. 227; Ward v. Fairfax Justices, 4 Munf. 494; Nadenbush v. Lane, 4 Rand. 418; Green v. Bailey, 5 Munf. 246; Braxton v. Lipscomb, 2 Munf. 282; Green v. Dulany, 2Munf. 518; Norvell v. Hudgins, 4 Munf. 496; Hill v-Harvey, 2 Munf. 525; Buckner v. Blair, 2 Munf. 336; Nicholson v. Dixon, 5 Munf. 198; Cobbs v. Foun-taine, 3 Rand. 484; Strange v. Floyd, 9 Graft. 474; Douglass v. Central Land Co., 12 W. Va. 510, 511; State v. McClane, 2Blackf. 192; State v. Phares, 24 W. Va. 657, 4 Rob. (New) Pr. 109; 1 Rev. Code 1819, P. 509, sec. 82; Va. Code 1849, ch. 172; Va. Code 1860» ch. 172; Va. Code 1887, ch. 160; W. Va. Code 1899, ch. 126. The case of Vandiver v. Hyre, 5 W. Va. 414, is overruled. Rigg v. Parsons, 29 W. Va. 522, 2 S. E. Rep. 8Í.
Assignment of Breach — Form.—in debt on a bond with collateral condition, if the breach be assigned in the very words of the condition, it is sufficient. Craghill v. Page, 2 Hen. & M. 446.
In an action on a bond with collateral condition, if the breach be assigned in as general terms as those of the condition, it is sufficient. Winslow v. Com., 2 Hen. & M. 459.
Where the condition of the bond provides for a single act to be done, the breach is well assigned if it be in the words of the condition, or words which import the same thing. . But where the condition of the bond requires many things, the omission of any one of which would constitute a breach, a particular breach should be specified in the assignment. Com. v. Fry, 4 W. Va. 721.
In debt on bond with collateral condition, an assignment of a breach commencing “and whereas,, etc., and continuing byway of recital, to the end, without any direct averment, is not sufficient and such error is fatal on general demurrer. Syme v. Griffin, 4 Hen. & M. 277.
In an action on a bond it is not necessary for the declaration, after the assignment of breaches, to allege that the plaintiffs have been injured by the breaches; but, it is sufficient if it is stated that an action has accrued to the plaintiffs to demand and have the penalty of the bond. Allison v. Bank, 6 Rand. 203.
A. T. executes his bond as follows: March 12th» 1863. I hereby bind myself, my heirs, etc., to pay-the amount of principal and interest due from W. A. J. on the tract of land purchased by him of G. W. J. and wife. Witness my hand and seal the day and date above. And he delivers it to W. A. J. Held, W. A. J. may recover npon the bond against A. T. if A. T. has not paid the debt, though it is not averred or proved that W. A. J. has paid it, or has been otherwise injured by the failure of A. T. to pay it. Jones v. Thomas, 21 Gratt. 96.
Breach — What Constitutes. — In an action of covenant, on a covenant whereby defendant acknowledges that he has received from plaintiff two bonds for collection, which when collected are to be credited on a bond of a third person held by defendant, one countin the declaration assigns the breach, that though defendant collected the two debts, he did not give credit for the amount — another count assigns the breach, that defendant did not and would not collect the debts, or make any endeavor to collect them, and failed in any manner to account for the same — and a third count alleges, that by the covenant defendant promised to endeavor to collect the debts, and assigns for breach that he did not endeavor to collect them; defendant takes oyer of the covenant, and demurs generally to the declaration. Held, each and all of the counts are good. Jarrett v. Jarrett, 7 Leigh 93.
Covenant (as well as debt) lies on a bond with collateral condition. If there be no stipulation, by *813 articles, or in the condition itself, that it shall he performed, the breach assigned should he the failing to pay the penalty: hut. where such stipulation is either expressed or implied, the failing to perform the condition may he assigned as the breach, ward T. Johnston, 1 Munf. 45.
Assignments of Breach — Number.—m a declaration on a bond with collateral condition, if there be two assignments of breaches, and either assignment he good, and the whole declaration is demurred to, the demurrer ought to be overruled. Martin v. Sturm, 5 Rand. 693.
When a declaration or abond, although it contains but a single count, assigns several breaches, as was done in this case, it is proper to demur to the entire declaration and to each assignment of breaches; for, if the demurrer is merely to the declaration and it contains matter sufficient to maintain the action, the demurrer must he overruled, even when the breaches assigned are defective or insufficient, and this will 1)0 so notwithstanding the general demurrer states as special causes therefor such defects and insufficiencies of the breaches assigned. Henderson v. Stringer, 6 Gratt. 130; Wright v. Michie, 6 Gratt. 354; Wheeling v. Black, 25 W. Va. 273.
.DEMAND OK PENALTY.
Penal Bond — Amount Demanded in Declaration. — In debt on a judgment for the penalty of abond, “tobe discharged by a smaller sum with interest,’’the declaration ought not to demand the smaller sum with interest till paid, but, “the penalty to be discharged thereby.” And error in this respect is fatal, even after verdict. Anderson v. Price, 4 Munf. 307.
Aliegation of Nonpayment. — In an action on a bond to more than one obligee nonpayment of the debt to all of the obligees must be averred in substance in the declaration; or the objection will be fatal on general demurrer. Strange v. Eloyd, 9 Gratt. 474.
In an action on a bond oyer was prayed and granted and demurrer was entered. It appearing that the declaration failed to aver the nonpayment of the debt by the co-obligors, it was held that the declaration was fatally defective and the demurrer should have been sustained. Vandiver v. Hyre, 5 W. Va. 414.
Formal Defects in Declaration. — In an action on a bond the declaration does not, in its commencement, aver that A. T. covenanted with the plaintiff to pay the debt; but it does so in a subsequent part of it. This is substantially sufficient. Jones v. Thomas, 21 Gratt. 96.
In an action by the administrator of a special commissioner on bonds taken for the price of lands sold by him, it is no ground for demurrer that the declaration states that the suit is for the use of the successor of such commissioner. Trip-lett v. Goff, 83 Va. 784, 3 S. E. Rep. 525.
In considering a demurrer to a declaration, w'here oyer is craved of the bond sued upon, the court can only look at the declaration and bond, and if words in the bond without the addition of extraneous facts, are insensible, they will be treated as surplusage. Smith v. Lloyd, 16 Gratt. 295.
6. Vaiuangi:.
Material Variance. — Where there is a plain variance between a declaration and the bond offered in evidence thereunder, the bond should be rejected. Harris v. Lewis, 5 W. Va. 575.
Variance between the declaration and the evidence, and between the judgment and the declaration, is error. Cook v. Berkley, 3 Call 328 [3791.
In debt on a bond, if the declaration describe it as a writing obligatory fora sum of money; and the defendant, without praying oyer of the bond, plead payment, and also several other pleas, alleging performance of a condition, according to which the bond was to be discharged, hy the delivery of a certain quantity of iron; and, issue being joined thereupon, the parties go to trial; and it appears, by bills of exceptions, that the evidence before the jury did not apply to the plea of payment, but to the other pleas only; a verdict for the defendant ought to be set aside, and a new trial awarded, with leave to him to take oyer of the condition of the bond, and plead denovo; all his pleas, except that of payment, being irrelevant to the claim set out in the declaration, and, therefore, the issues joined upon them being immaterial. And this is the case, notwithstanding a copy of a bond, corresponding with that described in the pleas, be inserted in the transcript of the record, and certified hy the clerk to be the bond on which the declaration was filed. Beatty v. Smith, 5 Munf. 39.
Plaintiff counts on a bond dated in 1811; upon oyer craved, a bond is shown dated In 1810; and after-wards plaintiff demurs to a plea of defendant. Held, the variance between the bond alleged in the declaration, and the bond shown on oyer, is fatal. Bennett v. Giles, 6 Leigh 316.
It is fatal variance to offer in evidence a bond executed to A. surviving partner of A. B. & Co., on a declaration making profert of a bond to A. Moore v. Fenwick, Gilmer 214.
A writing beginning, “Know all men, etc., thatl. H. R., of the County, etc., am held and firmly bound,” etc., and running throughout in the name of H. R. alone, is not to be received as evidence in support of a declaration against H. R. and H. B., charging that they both acknowledged themselves to be indebted, etc., notwithstanding the name of H. B. was signed under that of H. R. and issue was not joined on the plea of non est factum or nil debet, but of ‘ ‘payment by H. 13. ” Bell v. Allen, 3 Munf. 118.
Immaterial Variance: — It is not a material variance to omit to state in the declaration the words “Of the County of Essex," the place of the obligor’s residence, which is stated in the bond. Evans v. Smith, 1 wash. 94 [73],
Declaration upon a bond given to the plaintiff of the county of S., on account of Messrs. P. & G., merchants in Glasgow. The omission in the declaration to state the county, or for whose use the debt was contracted, is not a material variance. Peter v. Samuel, 1 Wash. 331 [257],
Variance between the date of the "bond declared on, and that recited in the award, is not fatal, if they agree in every other particular; that is to say, if the "bond declared on, have the month blank, and the award recites the month, it will not be fatal if the bonds agree in other respects. Ross y. Overton. 3 Call 268 [309].
If the bond be described in the declaration as bearing date on the 4th of January, 1773, and the date of the bond produced to the jury he the 4th of January, 1775, a general verdict for the defendant ought to be sustained. Gordon v. Browne, 3 H. & M. 219.
If a bond be payable to James whitlow, jun. and the declaration describe it as payable to the plaintiff, after naming him as “James Whitlow, jun. alias James whitlockthis is not such a variance as should prevent it from being received as evidence, *814 in support of the declaration, on the plea of payment. Whitlock v. Ramsey, 2 Munf. 510.
When a hill to enforce the lien of a judgment, the hill sets out only the judgment, and not the "bond as evidence of the debt, if defendants hy their answer extend their defense to the debt itself, as if no judgment existed, and the court can see that full defense was allowed and made as if there had been no judgment, it will treat the case as if the bond instead of judgment, had been set out as evidence of the debt and will render judgment accordingly. Brewis v. Lawson, 76 Va. 36.
Declaration — Defects—Waiver of Objection. — In debt upon a bond payable at a future day., if the declaration describes the penalty as payable on that day, and the defendant pleads payment, he cannot object to the variance at the trial of the cause. Browne v. Ross, 4 Call 221.
In covenant, defendant takes oyer of the covenant, and afterwards pleads “covenants performed.” Held, that defendant by oyer has made the covenant itself a part of the record, and cannot at* trial of the issue, object to the covenant as evidence, on the ground of variance between it and the covenant set forth in the declaration. Armstrong v.'Arm-strongs, 1 Leigh 491 [539].
In debt on a bond, if the defendant crave oyer, and then plead “conditions performed,” he cannot take advantage of a variance between the declaration and bond; and though the plaintiff declare against one of several obligors, without stating that they were severally bound, yet, if the bond appear to be joint and several, it is sufficient. Meredith v. Duval, 1 Munf. 76.
Bond, with condition, that the defendant would faithfully collect certain debts due to the obligee, and would pay the amount so collected, and return an account of his collection, and surrender all bonds not fully paid, when required, -except such as might be lodged with clerks, or lawyers, to bring suit on, the obligor agreeing to perform the duty of a collector, and, in all things relative to the business, to act for the benefit of the obligee, to the best of his skill. The declaration on this bond lays the breach on the defendant’s neglecting to bring suits for the recovery of the debts, etc. The variance is not material, particularly after verdict — if it was material, the defendant might have demurred. Hawkins v. Berkley, 1 Wash. 260.
H. PLEAS.
l. In General.
Demurrer-^Oyer. — To take advantage by demurrer of a variance between the declaration and the bond declared on, the defendant must crave oyer of the bond. Sterrett v. Teaford, 4 Gratt, 84.
In an action of debt upon a bond, plaintiff to excuse the nonproduction of the bond, in answer to oyer craved by the defendant, says the bond is filed in another court; that he applied to that court for it, that his application was opposed by the defendant, and was refused by the court. This is a sufficient excuse for not producing the original bond. Smith v. Lloyd, 16 Gratt. 295.
Failure to Insert Penalty — Objection by Plea. — Debt on a bill penal for $100, conditioned to pay $47. The defendant moved the court to stay proceedings, because the penalty was inserted for the purpose of givingthe court a jurisdiction which the law withheld. Decided, that the superior court ought not to sustain the motion, but declined deciding whether the fact alleged would avail, if pleaded.- Heath v. Blaker, 2 Va. Cas. 215.
Pleas in Abatement — When Plied. — The plea setting up the fact that the plaintiffs, commissioners of the court appointed in a chancery suit, and in a proceeding at law to recover on a bond executed to them as such commissioners, had not executed the bond required by statute, and were therefore not entitled to maintain such action, is a plea in abatement, and, under the statute, must be filed at rules, and cannot be received in court. Flesher v. Hassler, 29 W. Va. 404, 1S. E. Rep. 580.
Special Pleas Provable tinder General Issue. — where the general issue has been pleaded, special pleas that set up matter of defence which can be proved under the general issue should be rejected. Blankenship v. Ely, 98 Va. 359, 36 S. E. Rep. 484 ; Campbell Co. v. Angus, 91 Va. 438, 22 S. E. Rep. 167 ; Richmond R. Co. v. N. Y., etc., R. Co., 95 Va. 386, 28 S. B. Rep. 573.
Sufficiency of Plea. — The condition of a bond being “whereas the obligor did lend to J. W. $2,500 of the obligee’s money, and the said J. W. having failed, but before he failed paid $500, and whereas the said obligor hath instituted a suit against said J. W. for the recovery of said money ; now, if the said obligor shall pay the whole sum so lent, if it can be recovered from the said J. W. or, in case it cannot be wholly recovered, will lose the one-half of that sum which cannot be recovered, then the above obligation shall be void, otherwise to remain in full force and virtue a plea stating “that he, the said obligor could not recover of J. W. or his endorser, the sum of money in the said condition mentioned, or any part thereof, and that he paid to the obligee one-half of the sum which could not be so recovered, and the further sum of five hundred dollars,” is a good and sufficient plea in bar to an action upon the bond ; without any further averment that the said obligor had used due diligence in prosecuting the suit against J. W.; and without stating what measures he had taken to recover the money, or who the endorser was. Cooke v. Graham, 5 Munf. 172.
If there be two bonds, one payable at the death of the intestate, and the other not, the administrator may delay the creditor in the first with dilatory pleas nntil the second becomes payable; and then confess judgment upon the latter pending the prior suit upon the first, and plead it in bar of the first action. For among creditors of equal dignity, the administrator may prefer either; and the second bond was débitum in praisenU, though payable at a future day. Mayo v. Bentley, 4 Gall 528.
In a contest between the creditors of a husband and the wife to set aside a conveyance as fraudulent it is immaterial that the bond which furnished a consideration of the conveyance was not given in for taxation. That question can only he raised hy the government; as to the creditor, it is none of his business. Spence v. Repass, 94 Va. 716, 27 S. B. Rep. 583.
“Conditions Performed.” — A plea of “conditions performed” in an action on a bond with collateral condition controverts and calls for proof by the plaintiff of all the facts alleged by him essential to sustain his action, except that it admits the bond. Altizer v. Buskirk, 44 W. Va. 256, 28 S. E. Rep. 789.
The plea, of conditions performed, to an action of debt for money, is equivalent to the plea of payment. Hammitt v. Bullett, 1 Call 492 [567],
where, in an action of debt on a bond, with collateral condition, the only plea filed was “conditions performed," the defendant is not under these *815 pleading’s, entitled to prove a set-off. Botetourt County v. Burger, 86 Va. 530. 10 S. E. Rep. 264.
In debt on a bond conditioned that the obligor shall make a title to a part of land, when thereunto lawfully required; if the defendant plead covenant performed, and issue be joined thereupon, the plaintiff is not bound to prove on his part any demand of a deed. Pate v. Spotts, 6 Munf. 394.
Title bond executed by S. W. with condition that S. should convey good title to W., not to him and his assigns, in 200 acres of land; this bond is assigned by W. to M. and by M. to B. and while the bond is held by M. the first assignee, S. and his wife make a conveyance of the title to M. who refuses to accept the same: in action by W. for benefit of B. the last assignee, and upon pleas of conditions performed, and of conveyance to M., held, that the condition of the bond requires that the title shall be made to W. and, if there was proof of a conveyance of title to M. that would not sustain the plea of conditions performed, and the second plea of a conveyance to M. is nought. Wallace v. Shaffer, 12 Leigh 640 1623].
“Non Damnificatus.” — The plea of11 non damnificat/us” is a good plea, only where the condition is to indemnify and save harmless. The plea should go to the right of action, not to the question of damages. Archer v. Archer, 8 Gratt. 539.
Wherever the plea of “non damnificatus” is a good plea, it is equivalent to the plea of “conditions per-formedAnd if this last-mentioned plea has been filed in a cause, it is no error to refuse the application at a subsequent term, to file the former. Archer v. Archer, 8 Gratt. 539; Elam v. Bank, 86 Ya. 92, 9 S. E. Rep. 498.
“Non Est Factum.” — In an action of debt founded on a bond or other deed, the defendant may put in issue the execution of the instrument by pleading non est factumgenerally and in the common form. But if he wishes to separate the law from the facts, so that the court may pass upon the sufficiency of any special ground why it is not his deed, then he must allege such facts specially, concluding with an “et sic nonest factum,'" “and so is not his act.” American, etc., Co. v. Burlack, 35 W. Ya. 647, 14 S. E. Rep. 319.
A plea of non est factum ought in general to be received by the court, notwithstanding the defendant has previously pleaded payment; especially, if it be offered under circumstances showing it is not intended for the purpose of delay. Jackson v. Webster, 6 Munf. 462.
A special plea of non est factum which admits the execution and delivery of the bonds sued on, but avers that they were to be redelivered to defendant when he should request it. is not a good plea. Harris v. Harris, 23 Gratt. 739.
Where there are two defendants in a suit on a joint obligation and one appears and answers and disproves the plaintiff’s case, the plaintiff cannot have a decree against the other who has made default and against whom the bill has been taken pro confesso. Ashby v. Bell, 80 Va. 811; 2 Barton’s Ch. Pr. (2d Ed.) sec. 240.
Though a bond or covenant executed by one partner of a mercantile house, in the name of the firm, for a debt of the partnership, is not binding on his co-partner who did not seal the instrument, yet if the debt be originally a debt of the concern, both partners are liable for it to the creditor. Sale y. DivShrnan, 3 Leigh 593 [548]; Weaver v. Tapscott, 9 Leigh 424; Brooke v. Washington, 8 Gratt. 248; Ward y. Motter, 2 Rob. 536;' Galt v. Calland, 7 Leigh 594; Parker v. Cousins, 2Gratt. 372; Williams v. Donaghe, 1 Rand. 300; Jordan v. Miller, 75 Va. 442; Niday v. Harvey, 9 Gratt. 454; Morris v. Morris, 4 Gratt. 327.
2. KINDS ON PIjEAS.
a. Fraud. — In a court of common law, fraud may be given in evidence to vacate a deed on the plea of non est factum, if such fraud relates to the execution of the instrument, as, for example, the essential element of delivery. American, etc., Co. v. Burlack, 35 W. Ya. 647, 14 S. E. Rep. 319. See Ya. Code 1887, & 3299.
A bond may be sold for much less than its nominal amount, and such sale will be enforced in a court of equity, as well as in a court of law, if no fraud or usury appear in the transaction. Kenner y. Hord, 2 Hen. & M. 14.
If a bond be made joint, without fraud or mistake, equity will not charge the executor of the surety, who was discharged, at law, by his death, in the lifetime of the principal. AUter, if the lending had been to both. Harrison v. Field, 2 Wash. 175 [136i. ,
In a debt on a bond, a plea, that the bond was obtained by fraud, covin, etc., without saying . whether the fraud was in the consideration of the bond, or in its execution, is immaterial. Tomlinson v. Mason, 6 Rand. 169; Wychey. Macklin, 2 Rand. 426.
Plaintiff brings action of debt on a bond for $100. Defendant pleads generally breach of warranty of soundness of the chattel sold, field, evidence of fraud in the procurement of the warranty was ; properly admitted on behalf of the plaintiff. Morrow y. Bailey, 2 W. Ya. 326; Code of 1860, ch. 172, sec. 5 and 9.
A bond executed by a debtor in fraud of his creditors, though void as to them, is nevertheless valid between the parties; the debtor will not be permitted to set up his own fraud in avoidance of the bond. Burtners v. Keran, 24 Gratt. 70; Harris v. Harris, 23 Gratt. 737; Martin v. Lewis, 30 Gratt. 687.

b. Failure of Consideration.

Bond-Action — Failure of Consideration. — it was not permitted at common law, in an action upon contracts under seal, to prove a failure in the consideration of the contract, or fraud in its procurement, and breach of warranty of the title or soundness of personal property, but defendant had to revert to his independent action for relief. These defences are allowed only by virtue of statute. Tyson v. Williamson, 96 Ya. 636, 32 S. E. Rep. 42; Wyche v. Macklin, 2 Rand. 426; Association v. Rockey, 93 Ya. 678, 25 S. E. Rep. 1009; 4 Min. Inst. (3d Ed.) 792; Ya. Code-1887, § 3299.
Since the statute allowing the defence or failure of consideration to be made in an action on a sealed instrument, defendant may set up this defence either at law or in equity; and it is not necessary in order to give the court of equity jurisdiction in such . case that defendant should offer any excuse for not making such defence in a court of law. Ludington v. Tiffany, 6 W. Ya. 11.
Illegality of consideration in a sealed document may be shown at law, but not want of consideration, or failure of consideration, according to common-law principles. The statute (§ 5, ch. 126, Code), changes the rule by allowing failure of consideration to be pleaded at law, but, not mentioning want of consideration, leaves that as at common law; so neither at common law nor under § 5, ch. 126, Code, can want of consideration be pleaded or shown at law. Williamson v. Cline, 40 W. Ya. 205, 20 S. E. Rep. 921; Harris v. Harris, 23 Gratt. 737.
A. and B. execute a joint bond to C. part of the *816 consideration of -which is the price of a parcel of corn sold hy C. to A. deliverable at a day subsequent to the date of the bond; the corn is not delivered according to contract; in debt on the bond by C. against A. and B. the defendants cannot set-off the value or price of the corn. Christian v. Miller, 3 Leigh 78.
In an action on a bond for five hundred dollars, given for the last payment of the purchase money of land, a plea that the plaintiff was to make defendant a good title to the land upon the payment of ■ the bond, and that defendant had offered to pay it upon the making of the title, and the plaintiff had failed and refused to make the title, by reason whereof the consideration had failed to the extent of two hundred and fifty dollars, is not a good plea in substance. Watkins v. Hopkins, 13 Gratt. 743.
In an action of debt upon a bond, defendant pleads that the bond was given for the price of goods which he bought of plaintiff, who represented that they were sound and marketable, when in fact they were unsound and damaged, and by means thereof unsaleable ; but the plea does not aver a warranty of the quality of the goods ; or that the plaintiff knew that the said representations made by him were untrue ; or that he used any fraud or art to disguise or conceal their true condition or quality. The plea is defective ; and properly rejected when tendered. Cunningham v. Smith, 10 Gratt. 255, 60 Am. Dec. 333.
where the purchaser of land gives bonds for the purchase money, payable at different times ; and the agreement is, that if the title to any part of the land prove defective a deduction from the purchase money shall be made, in proportion to the value of the land lost; a court of equity will not protect the purchaser, against an assignee of one of the bonds, on the ground of a defect in the title to part of the land; if it appear that the bonds not assigned, and remaining unsatisfied, are' sufficient to indemnify him against such loss. Foreman v. Newkirk, 3 Munf. 275.
c. Illegality. — In an action of debt on a bond a plea that the obligors of the bond and the obligee, being all parties to the paper, were officers in the service of the so called Confederate States of America, engaged in unlawful war against the United States of America, and that the sole consideration of said writing obligatory was certain notes which were issued to maintain said unlawful war, -constitutes no valid defence to the action. Payne v. Bowlin, 6 W. Va. 273.
d. Mistake— In an action of debt on a bond when defendant sets up equitable plea in defence, an instruction that, “no ignorance, or mistake of law can be considered as a defence in this case, because the suit is in a court of law,” is erroneous. Brown v. Rice, 76 Va. 629.
e. Alteration — A. material alteration of abond after its execution, when intentionally made by one having an interest in it, and without the consent of the party bound by it, invalidates the instrument as to such party, such alteration destroys the identity of the contract; and, therefore, if a party to the contract who has not consented to the alteration were to be held bound thereby, it would be, in effect, imposing upon him against his will a new contract, to whose terms he never agreed. Dobyns v. Rawley, 76 Va. 537; Newell v. Mayberry, 3 Leigh250; Yeager v. Musgrave, 28 W. Va. 90, 111.
A material alteration of a bond or note after its execution, when intentionally made by one having an interest in it, and without the consent of the party bound by it, invalidates the instrument as to such party. Batchelder v. white, 80 Va. 103.
Alteration by Stranger. — If bond, deed or other agreement be altered in an immaterial part by a stranger without the privity or knowledge of the obligor it will not avoid the instrument. Yeager v. Musgrave, 28 W. Va. 90.
Consent. — A consent given by an obligor to the alteration of a bond, given after the alteration is made, will not repel the plea non est factum; but, a consent given before, or at the time of, the alteration, will be considered as a re-execution. Oleaton v. Chambliss, 6 Rand. 86.
Question of Alteration — Court — Jury.—whether alterations were made or not, after the signing, sealing and delivery of the instrument, without the knowledge or consent of the obligor, is a question of fact, which may properly be submitted to the jury; but whether such alterations were material or not, is a question of law to be decided by the court. Keen v. Monroe, 75 Va. 424.
Upon the question of an alteration in the bond sued on, if the case agreed does not state the alteration was made after the execution of the bond, the court, in pronouncing the conclusion of law upon the facts, cannot assume that such was the fact. Ramsey v. McCue, 21 Gratt. 349.
Alteration by Clerk. — When the court has designated certain persons, and approved them as sureties no alteration can be made by leaving off a name or substituting another therefor. The bond must be prepared and executed, in conformity to the judgment of approval, else it is not the bond approved and accepted by the court, and every alteration by the clerk, either in omitting a designated party or substituting another is wholly unauthorized, and his attestation to such a bond is not valid. Blanton v. Com., 91 Va. 1, 20 S. E. Rep. 884.
Memorandum Added — When Not Material. — A writing obligatory is executed by three obligors, whereby they bind themselves to pay to the obligee a sum of money, nine months after date. One of the obligors is in fact a principal, and the other two are sureties. After the obligation is executed, the principal, on the same day, without the knowledge of the sureties, makes a memorandum at the foot thereof, under his hand and seal, stating that the obligation is to bear interest from its date. Held, this memorandum has not the effect of discharging either principal or sureties from their obligation. Tremper v. Hemphill, 8 Leigh 623.
Same — Obligor Added. — A joint and several bond is executed by several persons, and delivered to the obligee; and afterwards, with the consent of the obligee, but without the knowledge of the obligors, another person executes it. As to those who first signed it, it is joint as between themselves, and several as to the person last executing it. Nash v. Fugate, 24 Gratt. 202. See Tremper v. Hemphill, 8 Leigh 623; Harrison v. Lane, 5 Leigh 414. But see Baber v. Cook, 11 Leigh 606; Steptoev. Read, 19 Gratt. 9; Beazley v. Sims, 81 Va. 647; Bush V. Campbell, 26 Gratt. 403, and note-, Moffett V. Bickle, 21 Gratt. 280.
Burden ot Proof. — If, on production of the instrument, it appears to have been altered, it is incumbent on the party offering it in evidence to explain this appearance. Every alteration on the face of a written instrument detracts from its credit, and renders it suspicious; and this suspicion the party claiming under it is ordinarily held bound to remove. But if the instrument in question was not produced *817 "by the plaintiff, hut "by another witness, upon the demand of the defendants, and if the plaintiff was not party to and was not claiming- under such instrument, it is not encumbent on him to explain any appearance of alteration on its face. Priest y. Whit-acre, 78 Va. 151; Hodnett v. Pace, 84 Va. 873, 6S.E. Rep. 217.
Evidence. — it is not error to permit a mutilated instrument to be read to the jury, as evidence, without first requiring- the plaintiff to explain the alteration apparent on its face. The question as to whether the instrument has been mutilated, is for the jury, and not for the court. Connor y. Flesh-man, 4 W. Va. 693.

f. Usury.

Contracts — Usury—What Law Governs. — A contract by writing; obligatory entered into in another state, in violation of the usury law of that state, cannot be considered as made with reference to the law of the place of contract, but the rights of the contracting- parties, if litig-ated in this state, must be determined by our own law. Turpin v. Povall, 8 Leigh 93.
Where a bond dated in Texas, signed by the principal obligor, a resident of Texas, and by two sureties, residents of Virginia, payable to a resident of Virginia, where the drafts, which were the consideration of the bond, were sent to and received in Texas and the money borrowed used in Texas by the principal obligor, held, to be a contract governed by the laws of Texas, and not affected by the laws of usury in Virginia. Backhouse v. Selden, 29 •Gratt. 581.
Change in Statute — Where Higher Rate Lawfully Contracted for. — Where a person entered into a contract. which was legal at the time, to pay a certain rate of interest on a bond, he must pay such interest not only up to the maturity of the bond but after maturity till paid, notwithstanding a subsequent law providing for a lower rate. Cecil v. Hicks, 29 Gratt. 1, 26 Am. Pep. 391. The court will compel the payment of interest at such agreed rate, though the debtor’s lands are placed in a receiver’s hands at the creditor’s instance. Strayer v. Long, 83 Va. 715, 5 S. E. Rep. 372. The same rule holds where the ■contract for a higher rate is lawful because not within the terms of the statute which declares’what transactions shall be deemed usurious. Evans v. Rice, 96 Va. 50,30 S. E. Rep. 463. A debt to be usurious must be so in the beginning. It cannot be made so, by subsequent events. Ward v. Cornett, 91 Va. 678, 22 S. E. Rep. 494.
Such higher or conventional rate continues, therefore, after maturity till payment, where the excess over the legal rate is in the nature of a penalty from which the debtor may relieve himself by punctual payment of the debt. Pollard v. Baylors, CMtinf. 433; Campbell v. Shields, 6 Leigh 517; Ward v. Cornett, 91 Va. 676, 22 S. E. Rep. 494. So where the •excess constitutes part of the contract price or purchase money, or for any other reason does not fall -within the statute of usury, see Kraker v. Shields, 20 Gratt. 377; Grseme v. Adams, 23 Gratt. 225, 14 Am. Rep. 130; Evans v. Rice, 96 Va. 50, 30 S. E. Rep. 463.
Bona Fide Sales. — “An actual sale of stocks, goods, bonds, notes, bills, or any other property, at more •or less than its value, or its face amount, is not usurious.” 2 Min. Inst. (4th Ed.) 347.
Where the transaction is a fair sale and not a device to cover a usurious loan of money, it is well settled that stock and bonds may be sold on credit at par where the market price is as much as twenty per cent, below par. Greenhow v. Harris, 6 Munf. 472, 8 Am. Dec. 751; Selby v. Morgan; 8 Leigh 577; Brockenbrough v. Spindle, 17 Gratt. 21; Town of Danville v. Sutherlin, 20 Gratt. 571.
PenaJ Bond — When Not Usurious. — A bond was given in 1782, in the penalty of £50,000 conditioned for the payment of £1,000 “or such further sum as shall be equal to the said £1,000 in 1774, that is to say, to purchase as much land and as many negroes, as it might have done at that time.” This was held not to be an usurious contract. Faulcon v. Harriss, 2 H. & M. 550.
Confederate Currency — Usury. — On the 15th of November, 1862, H executed his bond to S, for $600, payable on demand, it being for money borrowed, upon a condition, inserted at the instance of H, that no interest will be required until the money is demanded, and then a reasonable time to be given to pay ; interest to run from the demand. The loan was in Confederate money. Held: l.H had the right to pay the debt at any time, though S made no demand. 2. It was a debt payable in Confederate currency, and therefore not usurious. Stover v. Hamilton, 21 Gratt. 273.
It is not usurious, upon a settlement of accounts, to take a bond or note for the balance due, including interest, and to receive interest on such bond or note. Brown v. Brent, 1 H. & M. 3.
Interest in Advance. — Interest paid on a bond in advance for three years, this being stated in the bond, but paid in land at a price fixed in reference to the annual interest for three years, is not usurious, and the plaintiff may prove the facts at the trial. Porterfield v. Coiner, 4 Gratt. 55.
Interest in Advance.--Nor is it usurious, upon a settlement of accounts, to take a bond or note for the balance due, including interest, and to receive interest on such bond or note. Brown v. Brent, 1 H. & M. 4.
After Maturity. — A bond is not void for usury where it provides for usurious interest only after maturity. Ward v. Cornett, 93 Va. 676, 22 S. E. Rep. 494.
Debt Secured by Usurious Deed of Trust. — in December, 1842, C assigned toB a bond on E, who was in doubtful circumstances, for $529.06, due on 26th October, 1838, and subject to a credit of $15 paid 1st October, 1842; for which B gave him $494.25; and C at the same time, executed a deed of trust on property with condition that if the bond with its interest was not paid in twelve months, the trustee should sell and pay the amount to B. This was usurious. ' Bell v. Calhoun, 8 Gratt. 22.
Usurious Judgments. — G took the oath of insolvency at the suit of P and surrendered a bond on H. The sheriff brought a suit on this bond against H who pleaded as off-sets two judgments which he had recovered against G, upon bonds which had been assigned to him. He had sued G upon these before G took the oath of insolvency, but the judgments were not recovered until alter the oath was taken, but before the suit brought against him by the sheriff. The plaintiff replied in the form of the statute, Sess. Acts 1844, p. 54, that the judgments were usurious; and the defendant demurred. Held* the statute though in terms applicable only to plea, is properly applicable to a replication to a plea of set-off. Hope v. Smith, 10 Gratt. 221.
Usury- — Administrator.—An administrator stands in the place of his intestate; and if a contract made with the intestate be tainted with usury, a bond I taken by the administrator for a debt arising in that *818 transaction is likewise tainted. Raynolds y. Carter, 12 Leigh 170 [166].
Usury Purged by Change of Parties. — A, B and G execute a bond for one thousand dollars to P for a loan of money at usurious interest. Subsequently O, J and W, with B. who signs himself security, execute their bond to P for the amount, principal and interest, of the first bond, and another small bond of A, in lieu of these bonds. The usury is purged by the change of the parties, and the last bond executed is valid. Drake v. Chandler, 18 Gratt. 909.
Application of Payments. — Where payments have been made upon usurious contract, which are merely credited on the bond, and not applied specially, the borrower is entitled to have such payments deducted from the principal sum loaned or forborne. Turner v. Turner, 80 Va. 379 ; Reger v. O’Neal, 33 W. Va. 159, 10 S. E. Rep. 375; Norvell v. Hedrick, 21W. Va. 523.
g. Statute of Limitations. — Prior to July 1st, 1850, there was no positive limitation of time as to the right of action upon bonds secured by deed of trust. Even then, however, the common-law presumption of payment arose after the lapse of twenty years, which presumption might be rebutted by showing payment made during that period. After the passage of our statute the limitation was fixed to twenty years, excluding the period of the stay law and subject to a further exception in the case of an order of an account of debts which stops the operation ■ of the statute as to those creditors who come in under the decree, or otherwise become parties to the suit. Bell v. Wood, 94 Va. 677, 27 S. E. Rep. 504; Callaway v. Webster, 7 Va. Law Reg. 40 (May 1901); Norvell v. Little, 79 Va. 141; Updike v. Lane, 78 Va. 132.
Statute of Limitations — Plea by Administrator — Form of Plea. — In a suit to recover money advanced to pay a bond debt, the administrator of the party sought to be charged, may set up a bar of the statute of limitations, either by plea, by answer, or by exception to the. commissioner’s report. Leith v. Carter, 83 Va. 889, 5 S. E. Rep. 584.
A bond which falls within the purview of sec. 16, ch. 57, and sec. 3 of ch. 59 of the Code of 1873, and which has no limit as to duration is clearly a continuing obligation. Elam v. Commercial- Bank, 86 Va. 92,9 S. E. Rep. 498.
Failure to Sue — Excuse.—Creditor filed a petition in a creditor’s suit against a decedent as surety on a bond. Though the debt had been due for twenty-five years no binding contract for delay existed and no notice to proceed against the principal had been given. It appeared that the debt was not barred by the statute of limitation, and the petition explained the delay in bringing the suit. Held, creditor was entitled to recover. Coleman v. Stone, 85 Va. 386, 7 S. E. Rep. 341.
Where a party presents his claim against a county to the board of supervisors, within the time limited by the statute, and they decline to take it up, and adjourn, and no entry is made of it until a subsequent meeting of the board, after the time of limitation, the statute will not be allowed to bar the claim. Dinwiddie County v. Stuart, 28 Gratt. 526.
When bonds are deposited as collateral security for a debt, the creditor may resort to them for satisfaction though the debt so secured be barred by the statute of limitations. Roots v. Salt Co., 27 W. Va. 483.
Nullum Tempus Occurrit Regi. — The act of limitations will not bar a motion, in behalf of the commonwealth, against a person who has received public money and is accountable for it. Kemp v. Com., 1 H. & M. 854; Nimmo v. Com., 4 H. & M. 65; Leyasser v. Washburn, 11 Gratt. 572.
h. Payment — La. debt on a bond, if the defendant, after craving oyer, plead “payment,” and it appear, from the condition of the bond, that only a part of the debt had become due at the time of institution of the suit, the plea extends to that part only, and not to'sums which might become due thereafter. Thatcher v.[Taylor, 3 Munf. 249.
Payment — Burden of Proof. — The burden of proof, that a payment made to another than the owner or holder of the evidence of the debt is a lawful payment, is upon the party who makes such payment. If the debtor makes the payment to a party who does not have in hand the obligation, he takes the risk of his authority to make the collection. Wooding v. Bradley, 76 Va. 614.
Payment — Evidence.—In debt on a specialty, payment being pleaded, the defendant gives in evidence, as affording ground on which payment might be presumed, a specialty of later date, executed by the plaintiff to the defendant. Held, evidence may be received from the plaintiff to prove condition for which the latter specialty was given, and the circumstances under which it was executed. Johnson v. White, 8 Leigh 214.
In a suit in equity to enforce payment of a bond debt twenty-eight years after the right to demand it accrued, there being no remedy under the circumstances of the case but in equity, the bill, to rebut the presumption of satisfaction arising from lapse of time, calls on the defendant to answer, whether the debt has been paid or not- Held, the defendant was properly compelled to answer to that point. Baker v. Morris, 10 Leigh 284.
The bond was subscribed J. Clack, S. Stegar; and the declaration was in conformity to it. Upon the plea of payment, Stegar had a right to prove that the obligee had acknowledged payment of part of the money by J. Clarke. Stegar v. Eggleston, 5 Call 449.
Bonds — Presumption of Payment. — The common-law rule of presumption of payment of bonds arising from the lapse of time has not been affected by the statutory provisions adopted at the revisal of 1849, prescribing the limitation of such instruments. Booker v. Booker, 29 Gratt. 605; Jameson v. Rixey, 94 Va. 346, 26 S. E. Rep. 861; Lightfoot v. Green, 91 Va. 514, 22 S. E. Rep. 242; Bowman v. Hicks, 80 Va. 810; Norvell v. Little, 79 Va. 143; Tunstallv. Withers, 85 Va. 892,11 S. E. Rep. 565; Updike v. Lane, 78 Va. 136; Brewis v. Lawson, 76 Va. 45. See also, Barton’s Ch. Pr. (2d Ed.) 86; 4 Min. Inst. (3d Ed.) 603.
It has been insisted that since the passage of a statute of limitations to suits on bonds, that no presumption of payment of a bond from lapse of time can arise. This position does not seem to be sound. Though doubtless the presumption of payment had its origin in the absence of any statute of limitation, nevertheless it is held that though a party does not plead the statute of limitations, he may rely on the presumption of payment from lapse of time. The presumption of payment from lapse of time is in no manner affected by the passage of an act of limitation to suits upon bonds. This conclusion is consonant to reason and supported by the English authorities. Hale v. Pack, 10 W. Va. 145.
There is a recognized distinction between the statute of limitations, and the presumption of payment from the lapse of time, the condition of the *819 parties, their relations to each other, etc. In the one case the bar is absolute, in the other it is denominated natural presumption oí' payment, and maybe rebutted. Lightfooty. Green. 91 Va. 509, 2.3 8. E. Rep. 243; Perkins v. Hawkins, 9 Gratt. 056; Mutsonpiller y. Stover, 12 Gratt. 588; Updike v. Lane, 78 Va. 136; Booker v. Booker, 29 Gratt. 605; Hale v. Pack, 10 W. Va. 145.
There is a recognized distinction between the statute of limitations, and the presumption of payment from lapse of time, the condition of the parties, their relations towards each other, etc. In the former case the bar is absolute: in the latter it is a rule of evidence, not of pleading, and simply raises a presumption of payment. It is founded upon the idea that, in the ordinary course of human affairs, it is not usual for men to allow real and well-founded claims to lie dormant an unreasonable length of time. Olendenning v. Thompson, 91 Va. 518, 23 S. E. Rep. 233.
A bond dated more than twenty years before it was exhibited for payment, shall be taken prima facie, as paid. Tinsley v. Anderson, 3 Gall 285 [329 i.
While the mere lapse of twenty years without explanatory circumstances affords a presumption of law. that the debt is paid, even though it be due by specialty, still payment may be inferred by the j ury from circumstances with the lapse of a shorter period of time than twenty years. When an action is brought on a bond or covenant for the payment of money, if twenty years elapse between the time of its becoming due and of the institution of the action or proceeding, the defendant may without pleading the statute of limitations rely upon presumption of payment; and upon issue joined on plea of payment payment may be inferred by the court or jury, from circumstances, coupled with a lapse of a shorter period than twenty years. Calwell v. Prindle, 19 W. Va. 604, 610; Sadler v. Kennedy, 11 W. Va. 187; Hale v. Pack, 10 W. Va. 145; Perkins v. Hawkins, 9 Gratt. 656.
The presumption of payment is not a legal presumption absolutely conclusive, but it is a presumption of fact, which, though not conclusive, is yet prima facie proof of payment. If less than twenty years, though nearly that time, have elapsed, all the circumstances are considered, including lapse of time, and their natural weight as evidence is to be given to each circumstance, including lapse of time; but if twenty years have elapsed a legal presumption arises, which must be accepted as proof, unless the contrary appears by evidence. But this presumption may be rebutted by proof which is satisfactory that the debt has not been paid, such as the proof of payment of interest within the twenty years, the continued absence from the country of the obligee, the continued insolvency of the defendant or obligor, or other strong circumstances showing nonpayment, or showing good causes for longer forbearance. Hale v. Pack, 10 W. Va. 152; Eustace v. Gaskins, 1 Wash. 188.
The common-law rule of presumption of payment only applies to cases where twenty years have elapsed after the right of action accrued. Updike v. Lane, 78 Va. 132.
A legal presumption of payment of a bond or covenant given for the payment of money does not arise from mere lapse of time, where the bond or covenant has not been due for twenty years before commencement of suit or proceedings for the recovery of the amount thereby due and payable. If a shorter period, even a single day less twenty years, has elapsed, the presumption of satisfaction from mere lapse of time does not arise. Calwell v. Prin-die. 19 W. Va. 604, 640.
The mere lapse of fourteen years since the debt became due in this case, unconnected with pertinent circumstances proved, from which an inference of payment of the debt may be reasonably drawn, does not authorize a presumption of payment by a court or jury. Calwell v. Prindle, 11 W. Va. 307, 329.
In August, 1844, C conveys land to his son D to enable D to pay C’s debts. On the same day D conveys the land to B in trust to secure a debt of $5.000. payable in ñve years, with interest, to S. I) dies in 1862, and 15 in 1866. In August 1867, D flies his bill against C, D’s administrator and heirs, to subject the land to pay his debt, but he cannot produce the bond, field, under the pleadings, proceedings and evidence in the cause, that no presumption of payment arises. Coffman v. Shafer, 29 Gratt. 173.
Presumption of Payment — How Rebutted. — When more than twenty years have elapsed between the date of payment of a bond and the institution of suit thereon, it affords a presumption of payment, which the obligee may rebut by satisfactory evidence ; and whether the evidence is sufficient for that purpose, is a question for the jury, and not Cor the court. Booker v. Booker. 29 Gratt. 605.
An endorsement of credit oil a bond, made by the obligee within the period that raises the legal presumption of payment, is evidence for the pur-poseof repelling that presumption. Dabney v. Dab-ney, 2 Rob. 622.
An endorsement on a bond for payment on account of the principal or interest, written by the obligee, without the privity of the debtor, will not be sufficient evidence of an acknowledgment that the bond was then due, so as to repel tbe presumption of payment, unless it be proved by other evidence than the endorsement itself, that the same was written at a time, when its operation was against the interest of the party making it; that is to say before the presumption of payment attached. Sad-ler v. Kennedy, 11 W. Va. Í87; Dabney v. Dabney, 2 Rob. 622.
Payment — Authority to Receive. — Attorneys at law employed to collect a debt may receive paym ent thereof in money, but they have no authority to accept notes or bonds either in satisfaction or as collateral for the debt without express authority from their client. Kent, Paine & Co. v. Chapman, 18 W. Va. 501. See Wiley v. Mahood, 10 W. Va. 206.
Payment to an attorney at law is good, on the custom of the country, particularly if he have possession of the evidence of the debt; and evidence may be given of payments made after suit brought at any time before trial, but so as to deprive the plaintiff of costs if the payments were made after suit brought. Hudson v. Johnson, 1 Wash. 13 (10]; Branch v. Burnley, 1 Call 127 [147] ; Smith v. Lam-berts, 7 Gratt. 138; Wilkinson v. Holloway, 7 Leigh 277. '
Payment by Princspal-Eifect — it is a well-settled principle that payment by one who is primarily liable to one entitled to collect the debt is an extin-guishment of the debt and all liability thereunder; and however held or however transferred or assigned, it is ever afterwards a mere nullity. Smith v. Waugh, 84 Va. 806. 6 S. E. Rep. 132.
It is well settled, that where a surety pays a debt of his principal, which is evidenced by bond, the surety is not substituted to the rights of the creditor *820 so far as to make Rim a bond-creditor. The payment completely discharges and destroys the Rond and leaves the surety to his remedy on his account for money paid for the use of his principal. The only contract available to the surety after such discharge of the bond, is an implied promise that the debtor will repay him the amount so paid for his use. Conrad v. Buck, 21 W. Va. 410; Powell v. white,. 11 Leigh 309; Kendrick v. Forney, 22 Gratt. 748.
Application of Payments. — Creditor having one security for three bonds, and another security for one of them, may apply the proceeds if the first security to the two bonds is not secured by the last security. Vance v. Monroe, 4 Gratt. 52.
A debtor by four bonds payable at successive periods, makes payments to his creditor, which upon a settlement after the death of the debtor, are ascertained to amount to more than is sufficient to discharge the first bond. The creditor will not be permitted to apply the amount remaining after discharging the first bond as a credit upon the fourth; but the court will apply it to the second bond in a relief of a party bound as surety for the amount of the second bond. Ross v. M’Lauchlan, 7 Gratt. 87.

i. 'Novation.

Novations — Bond Given for Debt on Account — At Law — In Equity. — M and D, as his surety, execute a bond to G, upon a settlement of an account for articles furnished by G to M. Though at law the account is merged in the bond, in equity the debt on the account will be held as still subsisting if necessary to do justice between the parties. Meade v. Grigsby," 26 Gratt. 612; Gibert v. W. C., V. M„ etc., R. Co., 33 Gratt. 586, and note; also, Coles v. Withers, 33 Gratt. 186, and note.
Debts — Novation.—B is the guardian of J, and upon J’s coming of age B has a settlement with J of his account as guardian, and being found indebted on the account in the sum of $3,000, he executes to J his four bonds, each for $750, payable in one, two, three and.four years, with interest. B pays the interest during his life, and a part of the principal, and was up to the war able to pay the whole. Held, the giving and taking these bonds was not a novation of the debt but the debt due from B to J continued to be a fiduciary debt, and entitled to rank as such in the administration of B’s estate. Smith v. Blackwell, 31 Gratt. 291; Gibert v. W. C., etc., R. Co., 33 Gratt. 686, and note-, Coles v. withers, 33 Gratt. 186, and note-, 1 Min. Inst. (4th Ed.) 471.
Bonds — Novation.—M held the bond of G for $700 executed before the war. In September, 1862, G proposed to pay M in Confederate money, which she refused to receive, saying she would receive the interest, but not the principal of the money. His brother C said he wanted money, and G said if she would let C have the money, and give up his bond, he would go C's security. M then let C have $100 of Confederate money, and C and G executed their bond to M for $800, and she gave up G’s bond. Nothing was said about the bond being paid in Confederate money; and GE Paid to C $700 in that currency. Held, this was not a novation of the debt, but it retained its original character; and as to $700 it was to be paid in full, and as to $100 it was to be scaled. Barnetts v. Miller, 23 Gratt. 551.

j. Release and Discharge.

(a) Act of Parties. — Whether a bond and deed of trust to secure it, given by a partner after the dissolution of the partnership, for a simple contract debt of the partnership, releases the other partner in equity depends upon the intention of the parties in giving and taking them; and this intention may be ascertained from the attendant circumstances. Niday v. Harvey, 9 Gratt. 454; Baylor v. Dejarnette, 13 Gratt. 172; Cooper v. Daugherty, 85 Va. 350, 7 S. E. Rep. 387.
Where there is an express agreement between the creditor and his partnership or joint debtor whereby the creditor agrees to take and accept the individual note or obligation, of the partner or joint debtor, in discharge of the partnership or joint debt, such agreement is founded upon a valid consideration, and will have the effect to discharge the joint or partnership debt. Bowyer v. Knapp, 15 W. Va. 277; Bantz v. Basnett, 12 W. Va. 772.
Mercantile business being carried on in a single name, the merchant in whose name the business is conducted buys goods, and executes a specialty for the price thereof. The party who sells the goods and takes the specialty is ignorant at the time that the merchant has a dormant partner. Discovering this fact after the death of the merchant who gave the specialty, he then brings an action of assumpsit for the price of the goods against the dormant partner. Held, the creditor has no legal remedy on the simple contract, the same being extinguished by the specialty. Ward v. Motter, 2 Rob. 536.
The obligee in a bond delivers it to a third party to be surrendered to the obligor, with the understanding on the part of the obligee that the bond was to be delivered to the obligor, and that the third party was then to become the payor of the debt; there being no allegation or proof of fraud, the bond was held cancelled by the aforesaid transaction. Piercy v. Piercy, 5 W. Va. 199.
A vendor of land, by executing a conveyance and taking bond and security for the purchase money, discharges the land from his equitable lien; even while it continues the property of the purchaser. Wilson v. Graham, 5 Munf. 297.
A makes a promissory note to B who indorses it to a bank, which discounts it for accommodation of themaker; the note notbeing duly paid, theindorser B gives bond with surety to the bank for the debt Held, this bond, not being yet paid, does not extinguish A’s simple contract debt to the bank. Taylor v. Bank, 5 Leigh 512 [471],
A party does not lose his right to collect a debt by simply declaring that he does not intend to collect it. He may change his mind and collect it, unless he has actually released it, or his agreement to release is based upon a valuable consideration. Triplett v. Woodward, 98 Va. 193, 35 S. E. Rep. 455.
under our code a creditor may compound or compromise with any joint contractor or co-obligor, and release him from any liability on his contract or obligation, without impairing the contract obligation as to other j oint contractors or co-obligors; and when this is done 'the contract must be credited with the full share of the party released, except in the case of surety or co-surety, when the credit shall be the amount paid; but this shall not affect or impair the right of contribution between joint contractors and co-obligors. Code Va. sec. 2856, 2857, 2859; Penn V. Bahnson, 89 Va. 253, 15 S. E. Rep. 586.
(j) Act of Law. — G., a citizen of Maryland, gave his bond, in Virginia, to B., a citizen of Virginia, and, afterwards, in Maryland, became a bankrupt, by the laws of Maryland, under which he was duly discharged, by the competent tribunal of Maryland, under a general direction, with respect to his credit *821 ors. This did not discharge him, in a suit afterwards brought upon the bond, in Virginia. Banks v. Greenleaf, 6 Call 271.
One country will not execute the penal laws of another. But if a person be discharged from a debt by a tender and refusal made in a foreign country, by force of the laws of that country he may defend himself in our courts by relying upon such tender and refusal, and the laws under which he was discharged. Warder v. Arell, 2 Wash. 359 [282], 1 Am. Dec. 488.

h Set-Off.

Statute — 'Set=Off.—S as principal, and H as his surety, executed their bond to E. E owes S and N, partners, an account, and N assigns it to S. E becomes bankrupt and S proves the account before the register in bankruptcy, and he afterwards became bankrupt. The assignee in bankruptcy of E sues H on the bond, and H pleads the account as a set-off. Field, under the Virginia statute of set-off, Code of 1873, ch. 168, § 4, the account is a valid set-off for H in the action against him on the bond. Edmunds v. Harper, 31 Gratt. 637.
Set=Off Statute. — Y brings an action of debt upon a bond against W and two others, W being the principal in the bond. The defendants seek to set off a •judgment reco-vered by P against Y, which had been assigned to W. Held, under the statute, Code, ch. 172, sec. 4, the judgment is a good set-off to the bond, though the debt sued for is against W and two others, and the judgment is assigned to W; and though the plaintiffs’ claim is legal and the claim of W is equitable. Wartman v. Yost, 22 Gratt. 595.
Penal Bond — Action—Set=Off.—In an action on a penal bond whose condition recites that if the obli-gor shall fully recompense a railroad company for any loss incurred by reason of their employment of the defendant as agent lor the railroad company, then the said obligation to be void, otherwise, to remain in full force and effect, the defendant may set off his services as agent to reduce the amount of the recovery. B. & O. R. Co. v. Jameson, 13 W. Va. 833.
Hire-Bonds-Set-Off. — Upon an action on a bond given for the hire of two slaves, one of whom was never delivered to the hirer, the obligor is entitled, under a special plea died under the act of April 16th, 1831, Sup. Rev. Code, p. 157, to a credit to the amount of the kire.of the slave not delivered. Isbell v. Nor-vell, 4 Gratt. 176.
Equitable Set-Off — R. C. having sued N. C. at law on bonds given for the purchase money of land, and N. C. having set tip the defence of equitable set-off. the rules governing in an equitable forum must apply and the plaintiff be permitted to rebut the claim by any evidence which would be considered appropriate to his defence, had the defendant elected to proceed by bill in equity. Caldwell v. Craig, 21 Gratt. 132.
Action on Bond — Set=Off—Simple Contract Claims.—
A bill is filed to have an account taken. The items of the account are simple contract claims, except one, of a bond executed by the defendant to the plaintiff, and of which the defendant had taken possession without the consent of the plaintiff. The defendant, in his answer, sets up simple contract claims against the plaintiff, of the same date with the plaintiff’s; and also pleads the statute of limitations in bar of the plaintiff’s claims. The bar of the statute being allowed as to the simple contract claims of the plaintiff, the defendant is not entitled to set off his simple contract claims against his bond. White v. Turner, 2 Gratt. 502.
I. PRACTICE.
Docketing- of Cause. — In. debt on bond, if the common order and the common order confirmed have been regularly entered at rules, the cause is properly on the office judgment docket at the next term of the court; though no endorsement of the proceedings may have been made upon the papers in the cause. Wall v. Atwell, 21 Gratt. 401.
If the bond or deed sued on is not filed with the declaration, and the defendant appears at rules and craves oyer of it, which the plaintiff does not give, and the defendant will not plead without oyer, the clerk may properly take the rules without regard to the craving of oyer, so that the case may be ready to be disposed of at the next term of the court. Smith v. "Lloyd, 16 Gratt. 295.
Joinder in Demurrer. — In debt on bond by B against G and S issue is joined on the plea of payment; defendants to prove payment, adduce evidence that G put money into hands of a third person to pay the debt, who informed B that he had the money to pay ’off the bond; but B declined to receive it, saying he owed S the other obligor more money, without saying that the debt between him and S had been settled; plaintiff demurs to this evidence of payment, but the court refuses to compel defendants to join in the demurrer; and then there is verdict and judgment for the defendants. Held: 1. it is error to refuse to compel a joinder in demurrer to evidence, where the evidence is not plainly against the demurrant; 2. the evidence offered for the defendant, was not proof of payment: and 3. judgment given for defendant, being for this cause reversed, judgment for the debt demanded was rightly given for the plaintiff. Green v. Buckner, 6 Leigh 82.
Joint Hearing of Causes. — M sues O in equity, to set aside her bond, as having been fraudulently obtained. O files cross bill in the cause, to attach a debt due by S to M for payment of his claim of M. The cases may properly be heard together. Magill v. Manson, 20 Gratt. 527.
When Issue Directed. — Upon the question whether the bond of M was obtained by the misrepresentations of O, the evidence being conflicting, an issue should be directed. Magill v. Manson, 20 Gratt. 527.
When Account Not Allowed. — Where a jury have found a verdict for the plaintiff in an action of debt on a bond, an account of transactions, which (although partly subsequent to the date of the bond) are old and stale, ought not to be allowed, for the purpose of obtaining a discount against it. Randolph v. Randolph, 1 H. & M. 180.
Conclusion of Argument. — In an action on a bond where the only pleas entered are those of payment and usury, the defendant is entitled to open and conclude the argument to the jury, and a denial of this right constitutes error for which the judgment will be refused. Sammons v. Hawvers, 25 W. Va. 678 ; B. &¡ O. R. Co. v. P. W. & Ky. R. Co., 17 W. Va. 848; Steptoe v. Harvey, 7 Leigh 501 ; Young v. Highland, 9 Gratt. 16.
J. BURDEN OF PROOF.
It is the established rule, that the burden of proof of the formal execution of a deed, when put in issue under the plea non est factum, rests upon the party claiming under it; and that proof must show that the deed was signed, sealed and delivered by the obligor as his deed. Newlin v. Beard, 6 W. Va. 110.
*822 Onus Probandi in Equity. — G having- agreed to sell W certain escape-warrants upon w’s giving bond and good security for the purchase money, W executes a bond, with a blank for the name of the surety, to be filled up at a certain time and place, when and where the escape-warrants are to be assigned and delivered by G; if W fail to give the surety, a court of equity will not permit G to take advantage of the bond, without proof of his assigning and delivering, or tendering the escape-warrants, within a reasonable time, and before commencing suituponit; asto which, the onus probandi, in equity, lies on him. Page v. Winston, 2 Munf. 298.
K. EVIDENCE.
1. Competency op Witness, — A witness was received to prove, that he paid a sum of money for the defendant to the agent of the plaintiff’s assignors, in discharge of the obligation upon which the suit was brought. Meade v. Tate, 2 Call 193.
Test oí Competency — Time of Test. — one not a party to a bond who has received the money necessary to pay off the bond and has bound himself to pay it, is a competent witness, in a suit upon the bond, to prove payment by himself in accordance with his agreement. The test of incompetency is the cause of action in issue on trial, and not the fact to which a party is called to testify. Wager v. Barbour, 81 Va. 119, 1 S. E. Rep. 812; Code of 1873, ch. 172, §21; Acts 1877-’78, ch. 256, § 1; Code 1887, §§ 3316, 3319.
Commissioner in Chancery — Competency as Witness. —Pour commissioners under decree in chancery for sale of land, are named obligees in bond for the purchase money; and suit is brought on the bond, against the obligor, in the name of the four obligees, for the benefit of another person claiming the beneficiary interest in the debt: one of the obligees and plaintiffs, is a competent witness for defendant on a plea of non est -factum. Hicks v. Goode, 12 Leigh 193.
Obligor Not a Competent Witness. — If the liability of one obligor in a bond is defeated on a- ground not personal to himself (as infancy, bankruptcy or death), the liability of all the obligors is at an end; and therefore one obligor is an incompetent witness for his co-obligor in an action on the bond. Brown v. Johnson, 13 Gratt. 611.
In an action against one of two obligors in a bond, the interest of the other arising from his liability to the defendant for contribution is more direct and immediate than his liability as obligor in the bonds to the obligee; and he is therefore an incompetent witness for the defendant. Brown v. Johnson, 13 Gratt. 611.
In an action on a joint bond against the personal representative of a deceased obligor, a surviving obligor is an incompetent witness for the defendant. Brown v. Johnson, 13 Gratt. 611.
The principal obligor in a bond cannot be a witness for his surety jointly bound with him, because the latter would have recourse against the former for the whole recovery against him, including all subsequent costs expended by him. Jones v. Raine, 4 Rand. 386.
Obligor — Discharge in Bankruptcy — Effect on Competency as Witness. — R’s executor brought an action of debt upon a bond against the executor of C. C was one of four obligors on the bond, all of whom were dead but T, and T was a discharged bankrupt. The only issue in the case was on the plea of payment. Helü, that T having been released from the payment by his discharge in bankruptcy, was a competent witness at common law for the defendant, to prove payment of the debt. Reynolds v. Callaway, 31 Gratt. 136. See Radford v. Fowlkes, 85 Va. 820, 8 S. E. Rep. 817; Tunstall v. Withers, 86 Va. 892,11 S. E. Rep. 565; 1 Min. Inst. (2d Ed.) 764-769. See also. Mutual Life Ins. Co. v. Oliver, 95 Va. 450, 28 S. E. Rep. 591; Knick v. Knick, 75 Va. 12; Borst v. Nalle, 28 Gratt. 434.
Bond — Surety—When a Competent Witness. — One of two sureties in a joint and several obligation for the payment of money, having received from the creditor a covenant that he shall never be sued thereon, is a competent witness for such creditor, in a suit brought by him as mortgagee of the debtor’s land, to set aside a sale and conveyance of the land to third persons, under a prior deed of trust executed by the debtor. Waggener v. Dyer, 11 Leigh 384.
Bond — Partner—Competency as Witness. — In an action of debt on a bond executed by Isaac Campbell & Co. and Andrew Campbell, it appearing that'the firm name had been signed by one partner without the authority of the co-partner, it was held that the co-partner was a competent witness since in the case at bar his interest in the cause hung equally between the parties. Black v. Campbell, 6 W. Va. 61; Baring v. Reeder, 1 IT. & M. 154.
Bond — Action—Collateral Transaction — Competency of Witness. — Wbrings debton a bond against H, and H pleads payment and set-off, on which there is issue. He files with his plea a statement of the payment, which was the amount of a bond of W and J to L, and that W agreed with H, if H would pay the bond due to L, H should have credit for the amount as a payment on the bond sued on. Held, H is a competent witness to prove what passed between himself and J in relation to the arrangement between him and J, for the procurement by H of the bond of L, though J is dead. Huffmans v. Walker, 26 Gratt. 314.
2. Evidence — Admissibility.—If in debt on bond, with a profert, the defendant crave oyer, which is given, but the bond shown is a copy, and the defendant plead payment, he waives the necessity of producing the original, and a copy may be given in evidence at the trial, upon due proof of the loss or destruction of the original. Taylor v. Peyton, 1 Wash. 321 [252].
Depositions as Evidence. — In an action of debt on a joint and several bond against two defendants if proper notice to take depositions is served on only one of them, the depositions should be admitted in evidence Only against the one duly served. Bowyer v. Knapp, 15 W. Va. 277.
Joint Obligation — Accounts—Admissibility as Evidence. — In debt on a joint obligation, to which the defendants plead payment, they cannot give in evidence a covenant between one of the plaintiffs and one of the defendants, with parol testimony that the plaintiff settled with that defendant, who was the. principal debtor, and in such settlement kept their accounts separately, and that each was entitled to one moiety of the debt; that the defendants gave notice that a discount would be claimed by them on account of said covenant; and that the plaintiff who was party to the covenant, said that the same was not settled, and that he intended to allow a credit for it. Arnolds v. Jacksons, 6 Munf. 106.
Declarations of Obligor — Admissibility as to Surety.— The acts, admissions and declarations of the principal obligor in a bond, done and made at the time of its delivery, are evidence against his sureties on the *823 bond, though he is dead, and therefore not a party to the suit. Walker v. Pierce, 21 Gratt. 722.
In the case of Hodnett v. Pace. 81 Va. 873, 6 S. E. Pep. 217, in an action on a bond against the adminis-tratrix of a surety, the alleged admissions of the principal obligor in the bond, made, if at all, in the absence of the surety, were held to be mere hearsay and inadmissible in evidence.
Opinion of Attorney — Evidence.—The written opinion oí an attorney of a party, or the recitals in a bond, though the papers are filed with the answer of a defendant, and are not excepted to as evidence, are not competent proof of the facts recited in them against other parties. James River, etc., Co. v. Lit-tlejohn, 18 Gratt. 53.
Record in Chancery Suit — Admissibility as Evidence. - — Debt on bond, with condition, that defendant should pay plaintiff $195, in case plaintiff should be made liable as partner of D. S. and two others, for that or any less sum more than his just proportion, and in case D. S. should be found indebted to the partnership to that or any less amount, after full settlement of the partnership accounts, and application of all effects of the partnership to payment of demands against it; breach assigned, that plaintiff had been made liable for a greater sum more than his just proportion, and D. S. had been found indebted to the partnership in a greater sum. as would appear by the decree in a suit in chancery for the settlement of the partnership transactions; issue on the plea of covenants performed. Held. the record of the suit in chancery, to which all the partners or their representatives were parties, declaring that the plaintiff had paid 499 dollars more than his proportion, was competent evidence for plaintiff, though defendant was not a party to the suit. Beeson v. Stephenson, 7 Leigh 107.
Usurious Bond — Evidence of Amount Advanced. — A bond is given to close a series of transactions between the obligee and obligor, consisting of loans on the one side and payments from time to time on the other, and when the bond is executed, all the written evidences of the previous transactions are surrendered to the obligor; after the death of the obligee, the obligor files a bill in equity against his administrator, alleging usury in the bond, and setting forth the rate of interest reserved, but not the amount of money advanced, of which a discovery Is called for from the administrator, who answers that he has no information enabling him to make such discovery: this court is o f opinion that the transactions were in fact usurious, and that the bond, given for money loaned on usury, is within the statute and void as a security for money. Held, nevertheless, under the circumstances of this case, the bond should be received as evidence of the amount advanced. Campbells v. Patterson, 11 Leigh 114.
Bonds —Action—Conveyance—Evidence of Payment. —The bond sued upon was executed in 1813; and the intestate of the plaintiff having died in 1816, his brother qualified as one of his administrators. In order to sustain the presumption of payment from lapse of time and other circumstances, the defendant offered in evidence a deed by which he conveyed to the brother, whilst he acted as administrator, a lot of ground for the price of $3.205. Held. that it was competent evidence. Perkins v. Hawkins. 9 Gratt. 650.
Bonds — Action—Evidence of Ability to Loan. — In an action of debt upon a bond for two thousand dollars, purporting to be for money loaned by the plaintiff to defendant deceased, evidence tending to show that the plaintiff had not the pecuniary ability to make the loan of the amount and character evidenced by the bond in controversy is competent and relevant and should have been admitted, McDowell v. Crawford, 11 Gratt. 377.
Joint Bond — Admissibility as Evidence — Proof of Execution Necessary. — In an action of debt on a bond payable on demand, against three obligors, a plea of non est factmn was entered. The plaintiffs after proving the signature of one of the obligors to the said bond, bat without having proved the signature of the other two obligors, offered the bond in evidence to the jury, to which the defendant objected. Held, the objection was proper andshouldhavebeen sustained. Kuykendall v. Ruckman, 2 W. Va. 332.
Bonds — Action—Immaterial Evidence. — In an action of debt on a bond the plaintiff, at the trial, offered the bond in evidence, which was objected to by the defendant as not having been stamped according to the act of congress, defendant offering to prove that bond was not stamped at the time of its execution, but since its execution, a stamp had been placed upon it without his knowledge or authority. It was held that such evidence on behalf of defendant was properly excluded. Myers v. McGraw, 5 W. Va. 30.
3. Writing Obligatory — Variation by Parol — A valid obligation created by an instrument under seal, and not performed, can only be discharged at common law by a sealed instrument. Ln certain cases the statutes hare allowed sealed obligations to be discharged by other matter, and in these particular cases such matter may be pleaded and proved at law. But it is sound princijfie that in an action on an instrument under seal, no parol agreement can be pleaded in bar, unless the statute gives the defence. Steptoe v. Harvey, 7 Leigh 501.
Loose verbal declarations of a parent that he meant an existing debt by bond to be considered as an advancement, are not sufficient to cancel Hie debt or defeat the recovery of it by the parent’s executor. Such intent, to be of avail, must be evidenced by writing or by such acts as are sufficient to cancel the debt. Arnold v. Barrow, 21?. & If. 1.
An obligor cannot be permitted under the law to set up and prove, in avoidance of his solemn obligation, a parol promise by the obligee that he would never require payment of the said bond but would surrender and give the same to the said obligor as her portion of his estate. Chapman v. Persinger, 87Va. 581,13 S. E. Rep. 549; Towner v. Lucas, 13Gratt. 705, 722; Harris v. Harris, 23 Gratt. 766.
Parol evidence is not admissible to prove, in behalf of one of three sureties in a bond, that he was induced to sign the bond upon the express promise of the obligee that he should not be required to pay any part of it, and that said obligee would give the said surety a written indemnity to save him harmless. Towner v. Lucas, 13 Gratt. 705.
In the absence of frand, parol evidence is not admissible lo show that the obligee contemporaneously with the execution of a bond promised not to enforce it as against one of the parties who executed it. Barnett v. Barnett 83 Va. 508, 2 S. E. Rep. 733; Watson v. Hurt, 6 Gratt. 633; Towner v. Lucas, 13 Gratt. 705.
Parol evidence is not admissible to prove that bonds and a deed of trust were not to be paid and executed according to their terms, but were only to be paid out of the profits of the property for the price of which they were given. Sangslon v. Gor *824 don, 22 Gratt. 755; Peyton v. Stuart, 88 Va. 78,16 S. E. Re.p. 160. See also, Colhoim v. wilson, 27 Gratt. 689.
Joint Obligation — Proof of Suretyship. — Parol evidence is admissible to show tie fact tb at one of two joint obligors in a bond was the surety of the other. To allow such evidence is not inconsistent with either the terms or legal effect of the obligation. The binding force of the bond remains unaltered as to both of the obligors, and they are still jointly and severally bound for its payment, williams v. Macatee, 86 Va. 681, 10 S. E. Rep. 1061.
4. Evidence — Judges oe. — If the pleas put in issue the loss of the bond, then that issue must be tried by the jury; and if there was evidence introduced before the jury bearing on the auestion of the loss of’the bond, it was for the jury to decide upon the sufficiency of the evidence to establish the loss; and it was error in the court to exclude it. Colley v. Sheppard, 31 Gratt. 312.
5. Evidence — Failure oe. — In the case of Lindsay V. McCormick, 82 Va. 479, on exception to the allowance of credit for alleged payment of money due on a bond, it was held, that after disregarding all incompetent evidence, sufficient proof had been produced to establish payment of said bond.
In the case of Accidentlns. Co. v. Baker, 34 W. Va. 667,12 S. E. Rep. 834, various pleas mentioned were held bad, and it was held thatthe verdict of the jury should have been set aside and new trial awarded, because no facts were proved to warrant the finding of the j-ury, nor any evidence tending to prove any of defendant’s pleas, and judgment was given for the defendant Brown, a debtor under his hand and seal, who, though summoned, entered no appearance and made no defense, and on grounds, if any, personal to his sureties.
L. JUDGMENT.
1. Joint Obligation — Joint Judgment. — At common law in a joint action against several parties, there can he hut one final judgment, and it must he for or against all the .defendants ; and the rule is the same, whether the contract sued on Is joint or joint and several, or whether the action is founded on several and distinct contracts, as the maker and endorsers of a negotiable note. Steptoe v. Read, 19 Gratt. 2.
upon a scire facias to revive a judgment against two persons jointly, and in all joint actions against two persons on a contract, It is error to enter final judgment against one, until the plaintiff has matured the case against the other also, so that a joint judgment maybe entered against both, or has proceeded against the other as far as the law authorizes or enables him to proceed. Early v. Clarkson, 7 Leigh 83.
where the principal and'sureties are sued jointly, and the judgment is erroneous as to the sureties, it must he reversed as to all; although the judgment would have been good against the principal, if he had been sued alone. Munford v. Overseers of the Poor, 2 Rand. 313.
In debt on bond for money payable twelve months after date against four obligors, declaration counts against them as joint obligors; but it appears, by defendants’ pleas and plaintiff’s replications, as well as by evidence of the trial, that in fact the bond was first sealed and delivered by three of the obligors, of whom one was principal and the other two sureties; and that the fourth obligor sealed and delivered it some time after the debt fell due, with a view in so doing to substitute himself as surety in place, of one of the original sureties; and this was done with the assent of the obligee, of the principal obligor, and of the surety for whom the fourth obligor was to be substituted, but without the consent or -knowledge of the other original surety. Held, the original obligation was the joint contract of the three obligors, but the obligation of the fourth obligor was bis several contract, and therefore plaintiff cannot recover joint judgment against the obligors. Baber v. Cook, 11 Leigh 606.
Joint Action — Judgment under Statute in Virginia.— At common law a judgment recovered against one of two or more persons on their joint contract was a bar to an action against the other. This rule is changed in Virginia by the statute which declares, in effect, that there shall be no merger of the original cause of action until there has been a judgment against every person liable to a recovery upon it. Under this statute, In a proceeding by motion against an ex-treasurer and his sureties, a confession of judgment by the principal does not affect the plaintiff’s right of action against the sureties. Cahoon v. McCulloch, 92 Va. 177, 23 S. E. Rep. 225.
In an action of debt upon a bond against five persons, upon one of whom the process is not served by direction of the plaintiff, the four plead usury in the bond, and three of them plead severally non est factum. On the trial the jury find in favor of the three defendants, on the plea of non est factum; but cannot agree on the plea of usury. There Is a judgment in favor of the three, and the case is continued as to the fourth. Afterwards there is a verdict against the fourth; and he moves in arrest of judgment. Held, under the statute, Code 1849, ch. 177, § 19, there may be a judgment In favor of the three at one timé, and a judgment in favor of the plaintiff against the fourth defendant at another time. Bush v. Campbell, 26 Gratt. 403; Beazley v. Sims, 81 Va. 646; Muse v. Farmers’ Bank, 27 Gratt. 254; Moffett v. Bickle, 21 Gratt. 280; Steptoe v. Read, 19 Gratt. 2; Cahoon v. McCulloch, 93 Va. 177, 23 S. E. Rep. 225; Choen v. Guthrie, 15 W. Va. 107; Enos y. Stansbury, 18 W- Va. 480; Hoffman v. Bircher, 22 W-Va. 552. See Barton’s LawPr. (2d Ed.) 428 ; 4Min-Inst. (3d Ed.) 689; Gibson y. Beveridge, 90 Va. 696, 19-S. E. Rep. 785.
Va. Code 1887, § 3396, provides, that, “where, in any action against two or more defendants, the process is served on part of them, the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others, or, from time to time, as the ■process is served as to such others, proceed to judgmentasto them, until judgments be obtained against all." under this statute judgment maybe had on a forthcoming bond against sureties who have been served by process though the principal has not been served with notice of the motion. Newberry v. Sheffey, 89 Va. 286, 15 S. E. Rep. 548.
Joint Action — Judgment under Statute in West Virginia. — At common law where a joint action is brought upon a joint, or upon a joint and several contract, and all the defendants are alive and have been served with process, only one judgment can be rendered therein, and that judgment must be jointly against all of the defendants, or none of them, save only in a case where some of the defendants are discharged upon matters of defence personal to themselves, which do not go to the whole ground of the action. This rule is relaxed by West Virginia statute so as to permit a plaintiff who brings his joint action against all the joint contract *825 ors, to recover against one or more of them, although the action may he harreil as to others, where the plaintiffs declaration shows that he could have recovered against any of them separately, if he had sued them only, and where he proves at the trial the contract as alleged in his declaration. The cases of Bush v. Campbell, 26 Gratt. 428, and Muse v. The Hank, 27 Gratt. 254, are disapproved by the west Virginia court. Hoffman v. Bircher, 22 W. Va. 537; Choen v. Guthrie, 15 W. Va. Ill; Steptoe v. Reed, 19 Gratt. 1, and foot-note,', Moffett v. Bickle, 21 Gratt. 280.
Joint Bond — Separate Judgments. — It is not erroneous to take separate judgments, during the same term, upon a joint bond. White v. Tally, 5 Call 98.
In an action oi aebt against two, one dies, and the suit is revived against his administratrix; and then she and the other defendant give separate confessions of judgments, and a separate judgment is entered against each. This is not error. Richardson v. Jones, 12 Gratt. 53.
2. Judgment — Damages.—In a debt on a bond, damages need not be laid in the declaration or found by the jury. Taylor y. M’Clean, 3 Call 481 [557].
In an action on a bond with collateral condition, the plaintiff may recover more damages than he has laid in the declaration. Winslow v. Com., 2 Hen. & M. 459.
On a bond with a collateral condition, the jury may find more damages than are laid in the declaration. Johnstons v. Meriwether, 3 Call 454 [523].
It has been long well settled, that in debt upon a bond, with collateral condition, damages may be assessed beyond those laid in the declaration, if the penalty is sufficient to cover them. Payne v. Ellzey, 2 Wash. 143; Johnstons v. Meriwether, 3 Call 523; Peerce v. Athey, 4 W. Va. 22. See Woodson v. Johns, 3 Munf. 230.
3. .Judgment — Interest.—The court, in an action upon a bond, may instruct the jury with regard to the interest. Pine v. Cockshut, 6 Call 18.
By Va. Code 887, sec. 3390, “the jury, in any action founded on contract, may allow interest on the principal due, or any part thereof, and fix the period at which such interest shall commence.”
When Interest Allowed. — Upon a bond to pay the purchase money of land, but with a provision that upon the vendee's failure to get the legal title from a third party, the contract of sale shall be void; the vendee having been let into possession and continuing to hold, and himself neglecting to get in the title; he shall pay interest. Bailey v. James, 11 Gratt. 408.
The penalty and condition of a bond for the payment of money, is in the same sum. It is proper to treat it as a single bill, and to give judgment for the amount of the bond with interest from the time of payment. Fleming v. Toler. 7 Gratt. 310.
In debt on a bill penal, a judgment, entered upon nil dicit or non sum informatus, ought not to be reversed on the ground that the declaration, though describing the bill penal correctly as to the principal, penalty, and date, omits to mention that the debt is payable “with interest from a day prior to the date”; and that the judgment, in conformity with the bill penal, is entered, for the penalty, to be discharged by the principal, with such interest, and costs. Harper v. Smith, 6 Munf. 389.
Although the obligation sned on purports to be a penal bill, yet if the sum named in the penalty and condition correspond, there is no error in treating it as a simple obligation and rendering a verdict and judgment for the amount, with continuing interest from the time the same falls due. Fleming v. Toler, 7 Gratt. 310.
In an action of debt on a single bill, under Va. Statute 1805, interest was allowed, a ithough not mentioned in the bill or demanded in the declaration. Baird v. Peter, 4 Munf. 76: Wallace v. Baker, 2 Munf. 334.
Bonds — Interest—War—Effect.—A bond on Its face bears interest, and is secured by deed of trust, on land, and obligor and obligee live near each other, and within the Confederate States during the war; and sums about equal to the interest upon the bond are paid upon it annually until after the war. The bond is properly chargeable with interest during the war. Crenshaw v. Seigfried, 24 Gratt. 272; Fred y. Dixon, 27 Gratt. 541.
Absence of Plaintiff — Effect as to Interest. Evidence, in order to extinguish the interest, may be given to the jury on the plea of payment to a bond, that the plaintiff was absent in foreign parts beyond the seas, and had not any known agent or attorney within the commonwealth. McCall v. Turner, 1 Call 133.
Time from Which Bond Bears Interest. — 11 is the settled rule that when no day is named in a bond or note given for the payment of a precedent debt it is dne and payable on the day of its date, and bears interest from date, though no interest be reserved. The interest follows the principal as the shadow the substance. McVeigh v. Howard, 87 Va. 599, 1» S. E. Rep. 31 ; Jones y. Williams, 2 Call 106 ; Hatcher v. Lewis, 4 Rand. 157.
Where no time is fixed for the payment of the principal of a bond, it becomes due immediately, and Interest wlil be allowed from the date of its execution. Kent v. Kent, 28 Gratt. 840 ; McVeigh v. Howard, 87 Va. 599,13 S. E. Rep. 31.
“The words ‘on demand’ have plain, distinct, clearly defined, legal and popular significations, well known to the courts and to the people. When an obligation for money or its equivalent is executed containing this provision, the parties perfectly understood that the debt is payable presently; that it is dne immediately and bears interest from its date.” Staples, J., in Omohundro v. Omohundro, 21 Gratt. 626; approved in McVeigh V. Howard, 87 Va. 599, 13 S. E. Rep. 81.
A bond being given to make a title to a particular tract of land, “to contain a certain number of acres,” but not binding the obligors to convey any other specific lands to make good a deficiency; the only remedy for such deficiency is a proportionable compensation in money, according to the price agreed on for the whole tract, with lawful interest from the time the same was payable. Chinn v. lleale, 1 Munf. 63.
upon a sale of a house and lot, upon credits extending through several years, separate bonds are taken for the interest. They will bear interest from the time they Cell due. Graeme v. Cullen, 23 Gratt. 266.
Coupons for interest bear interest from the time the3’ are payable. Gibert v. W. C., etc., R. Co., 33 Gratt. 586.
Continuing Interest. — C and P executed their single bill, dated October 18th, 1871, whereby they promised, “six months after date to pay to H or order the sum of seven thousand dollars, with Interest at the rate of 12 per centum per annum from date.” Held: 1. The contract for interest at the rate of 12 per cent, per annum was legal under the constitutional provision in force at the time of the contract, and Is not alfected by the subsequent *826 abolition of that provision. 2. The obligors in the bond are bound to pay interest at the rate of 12 per cent, per annum, not only up to the maturity of the bond, but after maturity and until the payment thereof. Cecily. Hicks, 29 Gratt. 1; Strayerv. Long, 83 Va. 715, 3 S. E. Rep. 372; McVeigh v. Howard, 87 Va. 605, 13 S. E. Rep. 81; Roberts v. Cocke, 28 Gratt. 207, and note; Shipman v. Bailey, 20 W. Va. 117; Barbour v. Tompkins, 31 W. Va. 410, 7 S. E. Rep. 1; Martin v. Thayer, 37 W. Va. 38,16 S. E. Rep. 489.
where a bond provided for the payment of a sum of money three years after date, with interest at 10 per cent, per annum from date, and the claim was audited by the commissioner at 10 per cent, to the time the report was completed, it should bear interest, on the aggregate amount of principal and interest, from that date, at the contract rate of 10 per cent, per annum until paid. Barb.our v. Tompkins, 31W. Va. 410, 7 S. E. Rep. 1.
If a bond by its terms bears interest at three per cent, from date, a decree for the payment thereof should be for the aggregate sum due, the interest being computed at three per cent, to the date of the decree, and. then the decree ought to provide for the payment of interest thereon at the rate of three per cent, until paid. A decree providing for interest on such aggregate sum as six per cent, is erroneous. Pickens v. McCoy, 24 W. Va. 344; Brooke v. Roane, 1 Call 205; Bent v. Patten, 1 Rand. 25.
A contract of sale, dated Aug. 26, 1873, says the bonds for the purchase money are “to bear interest from this date." The trust deed describes the bonds as “dated Sept. 10, .1873, with 6 per cent, interest from August 26, 1873.” The bonds say, “with 6 per cent, interest from date above," when there is no "date above,” except the date of maturity of the bond. Held, the bonds bear interest from the date of the contract, Aug. 26, 1873, till paid, ware v. Starkey, 80 Va. 181.
4. Penal Bond — Recovery in Excess oe Penalty. — The American rule to be deduced from all the cases seems to be, that against a surety in debt on bond, nothing shall be recovered beyond the penalty ; that against the principal in that form of action, interest may be recovered beyond the penalty, while in England the penalty appears in all cases, except perhaps in equity, to be the absolute limit. But in neither country can damages in gross be recovered, against either principal or surety, beyond the penalty. Supervisors v. Leonard, 16 W. Va. 470.
Where the principal and interest, due on a bond, amount to more than the penalty, and damages are found by a verdict, judgment ought not to be entered for the penalty and costs, to be discharged by the principal and interest, with the damages so assessed and the costs; but for the penalty and damages, if not exceeding those laid in the writ. Tennant v. Gray, 5 Munf. 494; Atwell v. Towles, 1 Munf. 175; Wilson v. Spencer, 11 Leigh 261; Pate v. Spotts, 6 Munf. 394.
Interest on a bond or judgment for a penalty may be recovered at law or in equity, although the principal and interest exceed the penalty. Tennant v. Gray, 5 Munf. 494; Roane v. Drummond, 6 Rand. 182; Baker v. Morris, 10 Leigh 204; Tazewell v. Saunders, 13 Gratt. 354.
Recovery against a principal and surety in a bond for the payment of money is not limited to the penalty but may exceed it, so far as necessary to include interest from the time of the breach. Perry v. Horn, 22 W. Va. 381.
It seems, that in an action of debt on a bond at law, the surplus interest beyond the penalty may be given in the form of damages. Baker v. Morris, 10 Leigh 284.
5. Judgment — Clerical Errors. — Judgment upon nil dicitia. county court, entered on the minute book, “for specialty and costs,” and then entered at large, by the clerk, in the order book for debt with interest from 1st March 1818, the date of the specialty, though the day of payment appointed in the condition was the 1st March 1818 ; the clerk, in his entry in the order book, following, not the condition of the bond, but a memorandum thereon indorsed, that the debt if not punctually paid should bear interest from the date of the bond. Held: 1. It was error to give interest from the date of the bond, instead of the day of payment; and 2, this error was a clerical mistake, amendable by the court, at a subsequent term. Eubank v. Ralls, 4 Leigh 330 [308].
In debton a decree for money, a conditional judgment is entered in the office, without awarding a writ of inquiry of damages, and the judgment not being set aside becomes final at the next term, an execution is sued out on the judgment; but at the ensuing term, the court set aside the judgment as irregularly entered, and gave defendants leave to plead to the action. Held, it was error to enter j udgment in the office without awarding an inquiry of damages and this1 was a clerical error, which the court properly corrected at a subsequent term. Shelton v. Welsh, 7 Leigh 175.
A judgment is rendered by default in the general court, upon motion, on a bond due the Commonwealth ; but the clerk, in entering the judgment, only allows interest from a date posterior to that, from which, by the terms of the bond, interest was to run. This error may be amended, upon motion to the general court, at a succeeding term. 1 Rev. Code, 512, sec. 108; Com. v. Winstons, 5 Rand. 546.
When an action is brought on a note, which was executed at the time when 5 per centum was the legal rate of interest, upon which the defendant acknowledged the action for the principal with interest from the date of the note ; on which acknowledgment a judgment was rendered for the principal with interest at the rate of six per centum per annum ; this is not a mere clerical error, but one which can only be rectified by an appellate court. Bent v. Patten, 1 Rand. 25.
An action of debt is brought upon a bond for 188 dollars; the bond is declared on as a bond for 108 dollars, but is in fact for 188 dollars; the defendant confesses judgment for the debt in the declaration mentioned, and the judgment is entered for 108 dollars. At a subsequent term of the court the plaintiff, upon notice to the defendant, moves the court to correct the judgment by the bond. Held, this is not a clerical error which may be mentioned under the 108th section of the statute of jeofails. 1 Rev. Code, ch. 128, p. 512; Compton v. Cline, 5 Gratt. 137.
6. Judgment — Certainty.—A judgment ought npt to be entered on a bond for a sum of money, “subject to a credit for a hogshead of tobacco,” without ascertaining its value; but the amount of such credit should, in the first place, be ascertained by a writ of enquiry, and judgment should be rendered for the balance. Early v. Moore, 4 Munf. 262.
Debt upon a bond, the penalty of which was in current money, with condition to pay so much *827 sterling- money. After verdict for the plaintiff, the judgment should "be for the current money mentioned in the penal part of the "bond, to he discharged by the sterling money in the condition; and the court ought to settle the rate of exchange, which on an appeal should appear in the record. Terrell v. Ladd, 2 Wash. 193 ¡1501.
Debt opon a bond in the penalty of £1800 Pennsylvania currency, of the value of £14-40 Virginia currency. The defendant having confessed judgment, it was entered for £1800 Pennsylvania currency, of the value of £1014 current money oí Virginia, to be discharged by the payment of £720 current money of Virginia, with interest, etc. The confession of judgment ilxed the value of the money, and furnished the clerk with a standard for ascertaining the value of the sum mentioned in the condition. Strode v. Head, 2 Wash. 192 [149].
Issue before joined on a plea that bond was obtained by fraud, a Verdict, “for the defendant, because the jury believe the bond was obtained by fraudulent means,” is sufficiently positive and certain. Chew v. Moffett, 6 Munf. 120.
In an action in a debt on a bond several issues were made up on several pleas of defendant, one of which was faulty and immaterial; verdict was given for plaintiff on the material issues, nothing being said as to the immaterial issue. On writ of error to the judgment it was held good though there was no finding on the immaterial issue. Bay v. Olemens, 6 Leigh 600.
7. Judgment — lx Generad.
Amount of Judgment. — Upon a declaration in covenant. charging in general terms the breach of contract to deliver a quantity of corn at a given time, the jury, in assessing the damages, are not restricted to the value of the corn at the time when it should have been delivered, with interest thereon until payment; but may give such damages as, upon the evidence, the plaintiff appears to have sustained. Merryman v. Griddle. 4 Munf. 542.
Form of Judgment. — A judgment on a bond, for payment of a debt by instalments, should be, “for the debt in the declaration mentioned, to be discharged by the sum due at the time of institution of the suit; reserving liberty to the plaintiff, to resort to a scire facias to recover such other damages as might thereafter arise under the condition of the bond. Thatcher v. Taylor, 3 Munf. 249.
A executes a writing obligatory to B forpayment of tobacco, under a pecuniary penalty, with a condition annexed, that it shall be void if 0 shall epay the tobacco, or its value to A. In an action brought on this writing the declaration assigns a breach of the condition, and the defendant pleads payment. The verdict and judgment ought to be for the penalty, to be discharged by payment, not oí the tobacco with interest thereupon, but of damages, for breach of the condition. Overstreet v. Marshall. 1H. & M. 581; Moore v. Fenwick, Gilmer 214.
In debt on a bond with, collateral condition, if the plaintiff, by replication to the plea of conditions performed charge the breach defectively, but fully avoid, by other replications, such otherpleas of the defendant as go to the foundation of the action ; to which replications demurrers are improperly filed ; and the court enter judgment for the defendant, generally, upon all the pleadings ; such judgment is erroneous it should only be that the faulty replication is not suiiicient inlaw, etc., and therefore that the plaintiff take nothing, etc. Lane v. Harrison, 6 Munf. 573.
Lien of Judgment-Extent. — A judgment being rendered for the penalty of a bond, to be discharged by the payment of the principal sum due and interest; and the payment of the money having been delayed by an injunction until the principal sum due and the interest exceed the penalty, the lien of the judgment only extends to the penalty, the damages upon the dissolution of the injunction, and the costs at law, without continuing interest. Michaux v. Brown, 10 Gratt. 612.
Judgment — Error—Waiver of Objection. — in debt on a bond, defendant pleads that bond was delivered as escrow upon conditions which were not performed, ei sic non estfaetim; the plea is not verified by affidavit of the party according to statute 1 Bev. Code, ch. 128 sec. 33, butplainlili' makes no objection for want of such affidavit, and the plea is received by the court, issue joined upon it, trial, verdict and judgment for defendant: the want of the affidavit to the plea, is not a good objection to the judgment in an appellate court. Hicks v. Goode, 12 Leigh 493.
Error — Judgment by Consent -Effect. — In an action of debt on two bonds the declaration contains two counts, the first on the larger bond and the second on the smaller, to which there was a special plea in bar. The plea purported to make the defence to the whole action, but the matter of defence went only to the consideration of the larger bond mentioned in the first count. In this the plea was clearly bad but judgmentwas entered, by consent of the parties, for the amount of the smaller bond on the second count. The defect in the plea above mentioned was cured by the judgment entered by consent, and this left the plea to be tested as to thematter of defence, on the sufficiency of the facts stated in it. Jarrett V. Nickell, 4 W. Va. 276, 294.
Judgment — Estoppel.—In an action of debt upon a single bill the clerk enters up the following judgment: “This day came the plaintiff by his attorney, and the defendant withdrawing the plea of payment, saith nothing in bar, whereby the plaintiff remains thereof undefended; therefore it is considered by the court that the plaintiff recover against defendant.” Held, on motion to set aside judgment, the defendant should not be allowed to contradict the record by evidence aliunde, and to prove that what is asserted was not true. Bichardson v. Jones, 12 Gratt. 53.
Judgment — Requirement of Peace Bond — Error.— Upon an indictment under part 1, § 1, ch. 71, of Acts of 1875, the court, in rendering a verdict of guilty, has no authority to add to its judgment an order requiring the defendant to give bond to keep the peace and in default thereof be imprisoned until such bond be given. And if such order be improperly added it constitutes error for which the judgment will be reversed. State v. Gould, 26 W. Va. 258.
Premature Judgment — Error. — On September 30, 1867, a summons in debt on a single bill was sued out. returnable to the succeeding October rules, to which rules it was returned executed on the 3d of October; and the plaintiff filed his declaration, and the defendant not appearing, a conditional judgment was entered against him, which was confirmed at the succeeding rules held October 28, 1867; and final judgment was entered against the defendant on the last day of the succeeding term of the circuit court, which was October 31, 1867, which was less than one month after the service of process on the *828 defendant. Meld, the entry of final judgment against the defendant within one month after he was served with process was erroneous. Code 1873, ch. 166, §6; Dillard v. Thornton, 39 Gratt. 393.
Creditor — Double Remedy — Single Satisfaction. — A creditor haying two different securities, or two sets of obligors bound for his debt, may proceed against both at the same time, although he is entitled to but one satisfaction. Carter v. Hampton, 77 Va. 631; Asberry v. ASberry, 33 Gratt. 463.
M. RELIEF IN EQUITY.
1. JURISDICTION. — Although under the Code of 1868, ch. 71, sec. 3, one, not party to a bond, may maintain an action in his own name thereon, yet this remedy is not exclusive and recourse may still be had to a court of equity where his rights can be more adequately and completely enforced than at law. Ralphsnyder v. Ralphsnyders, 17 W. Va. 28.
There is a joint covenant by four to pay to R $300 a year for her life. To secure which annual payment each was to execute his bond with surety, binding him to pay $75 a year; but this is not done; nor is the annuity paid to her. After the death of R, one of the four joint obligors qualified as her administrator with the will annexed, arid then files his bill in equity against the obligors to recover the amount due her. The administrator being one of the obli-gors could not sue the other at law, and therefore the court of equity has jurisdiction to enforce the payment of the money. Rodes v. Rodes, 24 Gratt. 256.
There is a joint covenant by four to pay to R $300 a year for her life. To secure which annual payment each was to execute his bond 'with surety, binding him to pay $75 a year; but this is not done; nor is the annuity paid to her. After the death of R, one of the four joint obligors qualified as her administrator with the will annexed, and then files his bill in equity against the obligors to recover the amount due to her. The administrator being one of the obligors could not sue the others at law, and therefore the court of equity has jurisdiction to enforce the payment of the money. Rodes v. Rodes, 24 Gratt. 256; Spooner v. Hilbish, 92 Va. 338,23 S. E. Rep. 751, citing the principal case. See -also.^ Booth v. Kinsey, 8 Gratt. 560, and Ralphsnyder v. Ralphsny-ders, 17 W. Va. 37.
Plaintiff files a bill in chancery calling on defendants to answer and say on oath whether certain bonds were delivered, and this they dia. After eliciting their answer it was held that he could not dismiss the suit; the court had jurisdiction in chancery and plaintiff could not then resort to an action at law; and still less could he litigate his rights both at law and in equity at the same time. Jones v. Bond, 86 Va. 81, 9 S. E. Rep. 503.
In an action of debt upon two bonds executed on the 29th of December 1862 and payable twelve months after date, the defendants appeared and defended the action; and the jury scaled the debt, reducing it from $5,193 to $3,000, with interest from the day the bonds fell due; and the judgment was accordingly. About a year after the judgment was rendered the defendants in the action filed their bill for an injunction to the judgment, on the ground that the debt was scaled as of its date, instead of the day of its payment. Held, the defendants having defended themselves at law, cannot afterwards come into equity for relief. Penn v. Reynolds, 23 Gratt. 518.
2. Grounds oír Equitable Rhlieip.
a. Lost Instrument. — A court of equity has jurisdiction to grant relief on a lost bond, but it generally* requires an affidavit of the loss of the bond to accompany the bill. No such affidavit, however, is required where the case stated in the bill would give a court of equity jurisdiction, independently of the loss of the bond. Dyttle v. Cozad, 21 W. Va. 183,198.
Upon a bill in equity for relief upon a lost bond, though regularly an affidavit of the loss of the bond, etc., ought to be filed with the bill, yet if such affidavit is not so filed, but is filed afterwards in the progress of the cause, this is sufficient. Thornton v. Stewart, 7 Leigh 128.
Equity will set up a lost bond against a surety, and upon satisfactory proof that the lost bond bound the heirs, against the heirs of the principal obligor also. Kerney v. Kerney, 6 Leigh 478.
i. Mistake — La. the case of Mason v. Nelson, 11 Leigh 227, defendant in an action upon one bond, believing the suit to have been instituted upon another bond thenjustly due, allowed judgment to go by default, and, upon learning the true state of affairs, sought to enjoin the judgment inacourtof equity - Itwas held, under the peculiar circumstances of the case, that defendant was entitled to relief in equity, and a perpetual 'injunction was granted accordingly.
A court of equity, at the instance of a bonajlde purchaser, will correct a defective execution of a power by a married woman, where the defect is the result of mere inadvertence or mistake. The case is unlike an application to reform a married woman’s conveyance under a statute relating to alienations by married women, in which case the statute is strictly construed because in derogation of the common law. Freeman v. Eacho, 79 Va. 43.
A sum of money is lent, to a firm, and the firm is charged with it on the partnership books, but the partner with whom the transaction occurs, executes by mistake a penal obligation, in the name of the firm, under seal, instead of giving merely a promissory note; one of the partners dying, those who survived him, and the executors of the decedent, convey all the effects belonging and debts due to the firm, in trust to pay the debts from the firm; then the creditor who lent the money files a bill in equity against the surviving partners, the executors of the decedent, and the trustee. Held, that although at law there would be no remedy on the sealed obligation, except against the partner who executed it, yet equity has jurisdiction to correct the mistake, and hold all the partners as much .bound as if there were no seal. Galt v. Galland, 7 Leigh 594.
c. Penalties — If a bond be given in the usual form with a penalty, conditioned to be discharged by thq payment of the principal at a future day “with interest from the date if not punctually paid," such back interest is to be considered an additional penalty and not recoverable. Waller v. Long, 6 Munf. 71.
A court of equity will relieve against back interest secured by way of penalty. Mosby v. Taylor, Gil-mer 172.
Relief may be given against a bond, taken to secure a title to lands, although the consideration was not expressed in the bond; indeed a court of equity will always relieve against a penalty, where compensation can be made. Hackett v. Alcock, 1 Call 463.
A stipulation, in a bond or deed of trust that, upon the debtor’s failing, at any time, to pay the annual interest, the principal sum (which otherwise would not be payable until a distant day), shall be *829 considered, due. is in the nature of a penalty, against -which it is the province of a court of equity to'relieve. Mayo v. Judah, 5 Munf. 495. But see Nickels v. People’s Bldg. Ass’n, 93 Va. 380, 25 S. E. Rep. 8.
d. Illegal Oomideration. — Where it is proved that part of a hond is on gaming consideration, and other part on lawful consideration, a court of equity will relieve against the part which is vicious, and sustain that which is good; the obligor being plaintiff in equity. Skipwith v. Strother, 3 Rand. 214.
3. Extent or Equitable Relief. — Courts of equity willdecree interest upon a bond of judgment beyond the penalty, against the principal debtor. Tazewell v. Saunders, 13 Gratt. 354.
M, a married woman, by executing certain bonds must be presumed to have intended thereby to charge her separate estate with their payment, and the separate estate is therefore liable in equity for such payment. Garland v. Pamplin, 32 Gratt. 305.
A simple contract creditor shall receive out of the real assets descended to the heirs at law as much as has been paid to bond creditors out of the personal assets, flay don v. Goode, 4 H. & M. 400.
When lands, held by several devises in the same will, are charged in equity to satisfy a bond debt of the devisor, the decree should be against the lands of all the devisees (or the money received or claimed, in lieu thereof), in ratable proportions, and not against the land of one only, with liberty to that one to sue the others for contribution. Poster v. Crenshaw, 3 Munf. 514.
In equity, whether the lands be charged by the will, or the bond, of the ancestor, creditors must exhaust the personal estate, before they can resort to the lands. Garnett v. Macon, 6 Call 308.
4. When Equitable Relief Refused.
Intention of Parties. — A executes a bond, by which he binds himself to pay a sum certain for the purpose of discharging the debts of C. College, upon condition that like pledges shall be obtained to the whole amount of the college debts; and that this fact shall be announced by a committee constituted of persons named, of whom he was one. A dies before the announcement that the pledges have been obtained; but they are obtained, and the announcement is made by the other members of the committee and another person appointed in his place; and the whole of the college debt is afterwards discharged. Held, the bond having been given for the purpose of paying the debts of the college, and they having been paid, a court of equity will not enforce the payment of the bond against A's estate. Columbian College v. Clopton, 7 Gratt. 168.
Fraud of Plaintiff in Equity. — where a party executes his bond to another for the purpose of aiding fraudulent sale he can obtain no relief against the bond in a court of equity — he being in,pari delicto with the defendant. Barnett v. Barnett, 83 Va. 504, S S. E. Rep. 733.
If an exeentrix (without being snbj ect to any compulsion, or undne influence), for the fraudulent purpose of protecting the estate of her testator from the demands of creditors, give her own bond as executrix, for a fictitious debt, and confess a judgment, she is not entitled to relief in equity ; neither will the court give its aid to the obligee, but will leave him to his remedy at law. Clay v. Williams, 2 Munf. 105.
Laches. — It is not the province of courts of equity to see that justice is done, in the abstract, in all possible cases, but only to lend its aid, when from any cause, without his own default or neglect, a party defendant at law, cannot have justice done him in the courts of law ; and this is true, where the discounts, abatements or damages, which are claimed to be set-ofi in equity, arise out of a breach of the same contract on which the judgment at law is founded. Cabell v. Roberts, 6 Rand. 580.
Equity will only relieve against a judgmentat law if the omission of the defendant to avail himself of his defence at law was unmixed with any negligence in himself or his agents. Otherwise relief will be denied ; for “it is more important that there should be an end of litigation, than that justice be done in every case.” Richmond v. Robinson, 24 Gratt. 548 ; Dey v. Martin, 78 Va. 4 ; Gentry v. Alien, 32 Gratt. 257 ; Black v. Smith, 13 W. Va. 800 ; Braden v. Reit-zenberger, 18 W. Va. 290; Crumlish v. Shen. Val. R. Co., 40 W. Va. 627, 22 S. E. Rep. 90 ; Goolsby V. St. John, 25 Gratt. 146, and note.
Equity will not extend its aid to one who has been guilty of culpable negligence. It requires that the party who asks relief on the ground of mutual mistake shall have exercised at least the degree of diligence which may be fairly expected from a reasonable person. And it has been repeatedly decided that equity will not relieve against mistake when the party complaining had within his reach the means of ascertaining the true state of facts, and, without being induced thereto by the other party, neglected to avail himself of opportunities for information. Persinger y. Chapman, 93 Va. 352, 25 S. E. Rep. 5; Poster v. Rison, 17 Gratt. 340; Towner y. Lucas, 13 Gratt. 705; Harris y. Harris, 23 Gratt. 766; White v. Campbell, 80 Va. 181; Chapman v. Per-singer, 87 Va. 581, 13 S. E. Rep. 549.
After a new trial at law, a court of equity will not grant a new trial, merely because injustice has been done; but, the party applying for a new trial, must show that he has done everything that could be reasonably expected from him, to obtain relief at law. Paulkner v. Harwood, 6 Rand. 123.
In an action at law upon the bond, after the husband’s death, by the wife, against the obligor, a plea of set-off setting forth an agreement with the husband, that his dealings with the firm of T. P. & Co., and J. K. B. & Co., of which the obligor was a member, should be set off against the bond, is waived by the defendant’s counsel, and there is a judgment for the plaintiff. Held, upon a proceeding in equity by the obligor in his own right and as the administrator of the husband, to enjoin the execution of the judgment, that off-sets, if valid, constituted a legal defence, and no sufficient excuse having been shown for failing to make the defence at law, equity will not interfere. Perkins v. Clements, 1P. & H. 141.
5. Porm of Remedy.
a. Seguir ement of Bond — A. purchaser of land, sold under a decree of a court of chancery, may be compelled to comply with the terms of sale and complete his purchase, by paying cash, if it be a cash sale, or giving bond and security if it be on time, either by process of contempt or by a rule to show cause why the land should not be resold. Gross v. Pearcy, 2 P. & H. 483.
S. B for himself and others sells part of a tract of land to J, who executes to B his bonds for the purchase money. The other parties refuse to confirm the contract, but sell their interest in the whole tract to J. B having recovered judgment upon the bonds, J is entitled to have the judgment enjoined, and to be relieved to the extent of the injury he has sustained by the failure of B to procure *830 tie others to'execute the contract. Jaynes v. Brock, 10 Gratt. 211.
W being the owner of a lot in Danville, made a verbal contract for the sale of it to S, and S sold to A, who received a conveyance for it from W with general warranty, and executed his bonds to S for a balance of the purchase money. At the time for the sale the lot was made more valuable by the change in a street, which street was afterwards returned to its original location by the town authorities. S having made no representations on the subject to A, having been guilty of no fraud, and having made no warranty of title, is not liable to A for the damage he has sustained ; and A cannot enjoin the collection of the purchase money. Price v. Ayres, 10 Gratt. 575.
A vendee who enters under a title bond from his vendor and holds the land under that title till the statute of limitations would bar a recovery against him by an adverse title, cannot set up defect of title in his vendor existing at the date of sale to him, as a ground of injunction to a judgment on his bond given for the purchase money. Amick v. Bowyer, 3 W. Va. 7; Piedmont Coal & Iron Co', v. Green, 3 W. Va. 54 ; Peers v. Barnett, 12 Gratt. 410.
In Slack v. Wood, 9 Gratt. 40, an injunction to a judgment at law was dissolved as improvidently granted, without answer, though the bill charges that the judgment was recovered without appearance or defence for the money which the plaintiff in the judgment alleged he had paid as surety, though he had not in fact paid one cent of the money, but the same had been paid by another surety, against whom there was a joint judgment with the plaintiff at law; and that of this fact the plaintiff in the bill had no knowledge until after the j udgment. Bierne v. Mann, 5 Leigh 396 [364]; Wallace v. Richmond, 26 Gratt. 67; Ayres v. Morehead, 77 Va. 586; Yuille v. Wimbish, 77 Va. 308; St. John v. Alderson, 32 Gratt. 143, and cases cited; Canada v. Barksdale, 84 Va. 742, 6 S. E. Rep. 10.
c. Substitution — Dyeing th e endorser of C on several notes discounted at bank, and it being expected that he will endorse other notes for C, the latter executes a bond binding his heirs to D, with a condition that he will, when required by the bank of D, pay off all such notes, and thus indemnify and save D harmless. C dies whilst D is his endorser on several notes, which by an arrangement with the bank, D takes up by the discount of his own note; and subsequently the administrator of C pays up the w^hole amount of the notes, principal and interest, out of the personal estate. Held, that this bond was a valid security to D, binding the heirs of C; and that the notes, to the extent of the penalty, having been paid out of the personal assets, the simple contract creditors of C are entitled to have the assets marshaled, and to be substituted to the extent of the penalty of the bond, to the rights of D upon the real estate, in the hands of the heirs of C. Cralle v. Meem, 8 Gratt. 496.
Where A gives his bond for duties on goods imported into the united States, for B the importer, and B is not bound in the bond; if A discharges the bond, it seems that he cannot be placed in the condition of the United States, as to priority, in a claim against A under the law of Congress. Enders v. Bruñe, 4 Rand. 438.
d. Cancellation. — S, under duress of an attachment sued out to enforce the performance -of an erroneous decree of the court of chancery, executes an obligation; on a bill of review, the obligation was properly directed to be given up for cancellation. Nelson v. Suddarth, 1 H. & M. 350.
If, by an agreement under seal, between the vendor and purchaser of a tract of land, it be covenanted, that if any part thereof should be recovered by law from the purchaser, the vendor will abate, or refund, in proportion; and that he will not bring suit, upon the bond for the purchase money, until the quantity of land which the purchaser is to get be ascertained, provided the purchaser prosecutes a suit for that purpose in reasonable time; a court of equity will give relief, by injunction, against a premature suit on the bond; and if it appear that the purchaser prosecuted his suit in reasonable time, and could not recover the land, the court will decree that the injunction be perpetual; that whatever money has been paid be refunded; that the bond be surrendered and cancelled, and the contract rescinded. Bullitt v. Songster, 3 Munf. 54.
e. Vendor and Vendee — Vendor's Lien — Marshaling Assets. — Where a vendor’s lien is retained to secure the payment of several bonds given for the purchase money of lands, and a judgment is obtained at law by the assignee of one of said bonds against the principal on said bond and his surety, the surety cannot come into a court of equity an(d compel such assignee to exhaust his vendor’s lien before enforcing the collection of his judgment by execution against the surety, although it is shown that the principal debtor is insolvent. Armstrong v. Poole, 30 W. Va. 666, 5 S. E. Rep. 257.
f. Bauity Treats That as Lone Which Ought to Be Lone. — In the case of Atwood v. Shenandoah V. R. Co., 85 Va. 966, 9 S. E. Rep. 748, it was held under the particular circumstances of that case that the f ail-ure of a trustee to certify bonds properly issued under first mortgage did not invalidate the bonds. “Equity regards and treats that as done, which, in good conscience, ought to be done.” Especially does this maxim apply on behalf of general mortgage bondholders who were induced to believe, and had the right to believe, that these securities, upon the faith of which they parted with their money, were in all respects regular and complete.
N. APPELLATE COURT.
1. JUBISDICTION OB APPELLATE COURT. — Debt On a. bill penal for $100, conditioned to pay $47. The defendant moved the court to stay proceedings, because the penalty was inserted for the purpose of giving the court a jurisdiction which the law withheld. Decided, that the superior court ought not to sustain the motion, but declined deciding whether-the fact- alleged would avail, if pleaded. Heath v. Blaker, 2 Va. Cas. 215.
The court of appeals has jurisdiction to revise any judgment on a bond, provided the penalty amount to the sum limited by law. Newell v. Wood, 1 Munf. 555.
How Jurisdiction Determined, Where Proceeding Is. on a Penal Bond. — Where the proceeding before a 'court or justice is on a penal bond, with condition for the payment of money, the jurisdiction shall be determined as if the undertaking to pay such money had been without a penalty. And where jurisdiction depends on the amount of a judgment, if it be on such bond, the jurisdiction shall be determined by the sum, payment whereof will discharge the judgment. Code of 1887, ch. 171, § 3494, p. 831.
In an action of debt, in a county court, on a single-bill for more than one hundred dollars, if the jury find for the plaintiff, the debt in the declaration. *831 mentioned, to be discharged by less than one hundred dollars ; and, upon a writ of supersedeas, at the instance of the defendant, the judgment be reversed ; the plaintiff cannot appeal to the court of appeals from such judgment of reversal. Lewis v. Long, 3 Munf. 136.
In an action upon a bond, with a penalty, for the payment of money, the jury may mate their verdict for the aggregate of principal and interest, and the defendant cannot appeal for that cause, since the mode of finding the verdict is for his benefit. Smith v. Harmanson, 1 Wash. 8 [7j.
2. PuestuviptioNS in Appellate Court.--On exception for refusal to grant a new trial because the verdict is contrary to the evidence, the decision of the lower conrt should be affirmed unless it plainly appear that it is wrong. Young v. Johnston, 10 Gratt. 269. See monographic note on ‘ ‘Bills of Exception,’' pt. VII. appended to Stoneman v. Com., 25 Gratt. 887.
In an action of covenant upon a lost instrument, there is a verdict and judgment for the plaintiff. On a motion by the defendant to set aside the verdict and grant him a new trial which is overruled, the exception sets ont all the evidence. If the evidence of the plaintiff is believed, the verdict is correct. If the evidence of the defendant is believed, it is erroneous. An appellate court cannot reverse the judgment. Great Palls Mfg. Co. v. Henry, 32 Gratt. 467.
A writ of error lies to the order of the circuit court reversing the judgment of a justice, and setting aside the verdict of a jury on which such judgment is founded, and directing a trial de novo. Such writ, will not be sustained by this conrt unless such circuit court has plainly erred, but the judgment will be affirmed. Cleavenger v. .Rohrbaugh, 46 W. Va. 148, 32 S. E. Rep. 1016.
In a suit on a bond against five obligors, a sixth being omitted, it appearing from the declaration that they were securities for him, but it not being alleged that he had sealed the bond; and no plea in abatement having been filed, the conrt, after verdict for the plaintiff, will presume that the obligor not named was dead (though not so stated in the declaration), and will sustain the judgment. Win-slow v. Com., 2 Hen. & M. 459.
If the bill of exceptions state, that there was no other proof, except what went to prove the bond, sued on, paid, the court will not enquire whether other evidence was improperly rejected. Smith v. Walker. 1 Call 24 [28].
In the case of Smith v. Burton, 94 Va. 158. 26 S. E. Rep. 412, the plaintiff introduced on the trial a writing obligatory by which the defendants had bound themselves to save him from all loss by reason of his liability on certain notes, and also executions issued on the judgment recovered on the notes, which executions had been paid by him. 'Che plaintiffs. in the appellate conrt, attempted to show that the evidence did not connect the executions with the notes referred to in the writing obligatory. Reid, this question should have been raised in the lower conrt by an objection to the admissibility of the executions as evidence.
3. Proceedings in Appellate Court. — A commissioner having by mistake omitted a credit in ascertaining the amount due upon a bond, the appellate court will correct the decree in this respect, and affirm it with costs. Tazewell v. Saunders, 13 Gratt. 354.
In an action of assumpsit to recover money received in payment of a bond by an attorney for the plaintiffc, if the plea of nil debet is entered, though this plea is irregular, it is cured by verdict and will be treated in the appellate court as a plea of non-assumpsit. Smith v. Townsend, 21W. Va. 486 ; Jlun-nicnttv. Carsley, 1 H. & M. 153 ; State v. Seabrishl, 15 W. Va. 595.
It seems that, where, in an action of debt on a bond, an office judgment is reversed on the ground that the declaration is radically defective, the appellate court, if the writ be correct, will not enter judg-mentfor the defendant, but send the cause back to be proceeded in from the writ. Hill v. Harvey, % Munf. 525.
Bill filed to subject heirs to the payment of the bond of their ancestor, does not allege that the heirs are bound in the bond ; but makes the bond an exhibit with the bill. The answer does not admit or deny that the heirs are bound in the bond ; and before the canse is heard the bond is lost ont oí the papers in the cause. There is proof of the existence of the bond, but no proofs on the question whether the heirs were bound by it; nor is that question made in the conrt below ; but a decree is made against the heir. Held, that though this court will reverse the decree for want of the proof that the heir is bound, the cause will be sent back to give the plaintiff an opportunity to amend his bill, and show that the heir was bound in the bond. Piper v.. Douglas, 3 Gratt. 371.